UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

MARY E. LENTZ,

        Plaintiff,

v.

                                                                          C-1-01-599

CINCINNATI INSURANCE CO., et al.,

        Defendants.

## ORDER

This matter is before the Court upon the Defendants' motion for summary judgment (Doc. 48), which Plaintiff has opposed (Doc. 72), and to which Defendants have replied. (Doc. 73). Also before the Court are the parties' respective highlighted versions of their proposed findings of fact and conclusions of law. (Docs. 76, 77). The Court has relied upon those findings of fact as submitted by the parties in conducting the following analysis.

### The Parties' Claims

Plaintiff alleges that Defendants' termination of her employment as an in-house attorney was a product of sex discrimination in violation of Title VII. (Doc. 1, Federal Cause of Action, pp. 11-12). She contends that Defendants' proffered reason for firing her – her alleged conversion for personal use of reimbursement checks for photocopying expenses charged to outside counsel – was pretextual. She also claims that Defendants defamed her by make false statements regarding her alleged misappropriation of funds to both the local bar association and the local prosecutor's office; intentionally interfered with her business relationship with her employer; and intentionally inflicted emotional distress. (Doc. 1, State Causes of Action, Counts I-III, pp. 12-15). In addition, Plaintiff alludes to a federal Equal Pay Act claim (Doc.

1

1, p. 1), although the complaint includes no count addressing that claim.

In their joint motion for judgment as a matter of law, Defendants argue that Plaintiffs' defamation claim is barred by the one year statute of limitations applicable under Ohio law[1]; that Plaintiff's emotional distress claim is a "disguised defamation" claim also time barred, as well as failing on its merits; that Plaintiff's intentional interference claim fails because a business cannot interfere with its own relationship, and individual Defendants are not liable for actions taken in their professional capacity; and that Plaintiff neither can establish a prima facie case of sex discrimination under Title VII, nor overcome Defendants' legitimate, non-discriminatory reason for her termination. (Doc. 48). In addition, Defendants urge that any purported Equal Pay Act claim is doomed by Plaintiffs' complete failure to set forth any substantive allegations in support thereof. (Doc. 48, p. 14).

## Analysis

As Plaintiff concedes that her defamation action is time barred under Ohio law ( see Doc. 72, pp. iii, 12), summary judgment is appropriate regarding that claim. See Ohio Rev. Code §§ 2305.11(A), 2305.09(D). In addition, while Plaintiff maintains that she possesses a valid Equal Pay Act claim, she also concedes that such claim "was not developed" herein, but remains preserved via a class action pending in the Southern District of Indiana. (See Doc. 72, pp. 34-35). Dismissal without prejudice of that claim before this Court thus also is warranted.

Plaintiff implicitly concedes that she has no viable claim against Defendant Cincinnati Insurance, her former employer, for intentional interference with a business relationship. (See Doc. 72, p. 31, referring to that claim against the individual Defendants only). That tort contemplates interference by a third party to the business relationship. See *Chandler & Assoc. Inc. v. America's Healthcare Alliance, Inc.*, 709 N.E.2d 190, 197 (Ohio Ct. App. 1997). A

---

[1] In light of Plaintiff's concession re this point, the Court will not address Defendants' other arguments regarding the defamation claim.

supervisor or co-worker may be liable for this tort only if he acted outside the scope of his duties, in his personal rather than professional capacity. See Anderson v. Minter, 291 N.E.2d 457, 461 (Ohio 1972).

Although Plaintiff argues that each of the individual Defendants did act outside the scope of his duties in participating in the events leading to her termination, she fails to substantiate that characterization as to Defendants Huller, Benoski, Timmel and Fisher. All of the actions Plaintiff attributes to those four men would seem to fall within the scope of their professional responsibilities, and Plaintiff offers no credible evidence suggesting that their actions were motivated by malice. Because the record reflects a factual dispute regarding Defendant Balzano's actions, however – including specifically whether Balzano was aware that Plaintiff's handling of photocopy reimbursement funds was consistent with office practice, and indeed had authorized and enjoyed the benefits of that practice, yet failed to disclose such when instigating the investigation into Plaintiff's conduct – a reasonable jury might infer that Defendant Balzano's actions reflected a personal animus outside the parameters of his job duties. For that reason, Defendants' motion for summary judgment on Plaintiff's intentional interference claims is well taken as to Defendants Cincinnati Insurance, Huller, Benoski, Timmel and Fisher, but must be denied as to Defendant Balzano.

Based on analogous reasoning, the Court reaches the same conclusion as to Plaintiff's intentional infliction of emotional distress claim, finding that it should be dismissed as against all Defendants except Balzano. See Yeager v. Local Union 20, 453 N.E.2d 666 (Ohio 1983); Godfredson v. Hess & Clark, Inc., 173 F.3d 365 (6th Cir. 1999).

In viewing all of the evidence and the inferences to be drawn therefrom in the light most favorable to Plaintiff, the Court finds that material factual disputes exist which mandate that Defendants' motion be denied as to Plaintiff's Title VII sex discrimination claim. (Doc. 1, Federal Cause of Action, pp. 11-12). Among the genuine issues of material fact which preclude summary judgment is the question of whether the reasons given for Plaintiff's

discharge were pretextual, in that the parties disagree as to the thoroughness and/or fairness of the investigation Defendants conducted into the allegations against Plaintiff. Upon consideration of the facts presented and the arguments advanced by the parties regarding that point, this Court concludes that only a jury can properly resolve the important issues of fact and make the critical credibility determinations. Therefore, as a matter of law, this Court cannot dispose of Plaintiff's Title VII claim on summary adjudication. See Fed. R. Civ. P. 56; Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248, 106 S. Ct. 2505 (1986).

### Conclusions of Law

1. Plaintiff's defamation claim is barred by the one year statute of limitations applicable under Ohio law. Ohio Rev. Code §§ 2305.11(A), 2305.09(D).

2. Plaintiff has failed to set forth a viable claim under the federal Equal Pay Act. 29 U.S.C. § 206(d).

3. Plaintiff cannot maintain a claim for intentional interference with a business relationship against her former employer itself, and also has failed to set forth a viable cause of action therefor against those individual Defendants not demonstrated to have been acting outside the scope of their duties, in a personal rather than professional capacity. See Chandler & Assoc. Inc. v. America's Healthcare Alliance, Inc., 709 N.E.2d 190 (Ohio Ct. App. 1997); Anderson v. Minter, 291 N.E.2d 457 (Ohio 1972).

4. Plaintiff has failed to set forth a viable cause of action for intentional infliction of emotional distress against her former employer and those individual Defendants whose actions as a matter of law cannot be construed to be so "extreme and outrageous" as to warrant liability. See Yeager v. Local Union 20, 453 N.E.2d 666 (Ohio 1983); Godfredson v. Hess & Clark, Inc., 173 F.3d 365 (6th Cir. 1999).

5. Plaintiff's Title VII claim implicates genuine issues of material fact, including credibility determinations, which require jury disposition. See Fed. R. Civ. P. 56; Anderson

v. *Liberty Lobby, Inc.*, 477 U.S. 242, 106 S. Ct. 2505 (1986).

IT THEREFORE IS ORDERED that Defendant's motion for summary judgment (Doc. 48) hereby is GRANTED in part and DENIED in part. The motion is GRANTED as to Plaintiff's defamation claim (Doc. 1, State Causes of Action, Count I, pp. 12-13), which claim hereby is DISMISSED with prejudice as to all Defendants; as to Plaintiff's purported Equal Pay Act claim (*see* Doc. 1, p. 1; no specific Count enumerated), which claim hereby is DISMISSED without prejudice as to all Defendants; and in part as to Plaintiff's intentional interference with a business relationship (Doc. 1, State Causes of Action, Count II, pp. 13-14) and intentional infliction of emotional distress (Doc. 1, State Causes of Action, Count III, pp. 14-15) claims, which claims hereby are DISMISSED with prejudice as against Defendants Cincinnati Insurance Company, Huller, Benoski, Timmel and Fisher only.

The motion is DENIED in all other respects. Plaintiffs' remaining claims (Doc. 1, Federal Cause of Action under Title VII, pp. 11-12, against Defendant Cincinnati Insurance Company, and State Causes of Action, Counts II and III, pp. 13-15, against Defendant Balzano only) hereafter shall proceed in accordance with the schedule established by separate order of this Court.

**IT IS SO ORDERED.**

                                                  Herman J. Weber, Senior Judge
                                                  United States District Court

J:\FERRELSR\ORDERS\01-599.sj.wpd