UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| MARY E. LENTZ, ) | |
| ) | Cause No. 1:01-cv-599-MHW |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | Judge Michael H. Watson |
| CINCINNATI INSURANCE ) | |
| COMPANY, *et al*. ) | |
| ) | |
| Defendants. ) | |

## PLAINTIFF'S RESPONSE TO DEFENDANTS' MOTION FOR LEAVE TO FILE RENEWED MOTION FOR SUMMARY JUDGMENT

Plaintiff Mary E. Lentz, by counsel, respectfully submits her response to Defendants' motion for leave to file a renewed motion for summary judgment.

### I.  INTRODUCTION

On February 22, 2005, Defendants, by counsel, submitted to the Court a motion for leave to file a renewed motion for summary judgment.  Defendants essentially contend that because new developments have occurred in the law since the time of the initial summary judgment schedule, they should be permitted to submit a renewed round of summary judgment briefings.  Defendants' arguments are completely unavailing and are simply another wasteful moment in this case's history.  Trial is scheduled for June of this year; there is no reason why, after several years of wading through procedural waters, this case should not move forward to a jury and be put to sea.

### II.  ARGUMENT

The essence of Defendants' motion appears to be a plea for a "re-do."  Dissatisfied with the previous summary judgment ruling, Defendants waited nearly six (6) months to ask this Court for an opportunity to re-brief and re-argue all the issues already addressed.  Defendants' request should be denied.

The main thrust of Defendants' request is that new law has developed since the parties last submitted their briefings on summary judgment.  Thus, the argument goes, the influx of intervening case

law is cause in itself for this Court to dive into the additional reams of summary judgment material likely to follow if Defendants' request is granted. Defendants' contentions are misplaced.

Defendants essentially raise two sets of arguments. First, they argue that new authority has arisen in the field of Title VII law, such that Plaintiff's claims should be dismissed as a matter of law. Second, they argue that Plaintiff's state law claims also fail as a matter of law now because of intervening case law. Both sets of arguments are without any merit, and Defendants' contentions should be rejected out of hand.

**A. New Law for Title VII.**

As indicated above, one of Defendants' contentions is that the field of Title VII law has changed so dramatically since the time of the previous summary judgment briefings that this Court must reconsider the whole summary judgment process. Defendants' arguments are invalid.

Defendants anchor their request for a new round of summary judgment on two cases. The first case is *Noble v. Brinker International, Inc.*, 391 F.3d 715 (6th Cir. 2004). Defendants argue that in *Noble*, "the court held that 'the factfinder must *believe* the plaintiff's explanation of intentional discrimination.'" Def. Br. in Supp. of Ren. Mot. S.J. at 4. Defendants add "[t]hat the employer's proffered reason is unpersuasive, or even obviously contrived, does not establish that the plaintiff's proffered reason of race discrimination is correct." *Id*.

It should first be noted that Defendants have either intentionally presented a falsehood to this Court, or, in their haste, have recklessly cited legal precedent. The Court in *Noble* did not hold "the factfinder must believe the plaintiff's explanation of intentional discrimination." That language—which is part of a larger quote—actually comes from *St. Mary's Honor Ctr. v. Hicks*, 509 U.S. 502, 519 (1993). This distinction is critical, because, Defendants are arguing that new law arose after the summary judgment materials were submitted in this case *vis-à-vis* the *Noble* decision. However, even a casual read of *Noble* will show that the *Noble* court was not marking out new law under Title VII. Rather, the *Noble* court was citing to U.S. Supreme Court precedent. In other words, the *Noble* court was citing to law which existed a decade before summary judgment briefing was completed in this case. The significance, then, is that this law was available to Judge Weber when he made his summary judgment ruling; it is not "new law" which casts this case in a different light. Indeed, the cited language is familiar precedent which comes from an early 1990s U.S. Supreme Court case; it is not new law from a recently decided Sixth Circuit case.

Defendants' citation is at best a reckless mistake, and at worst a dishonest attempt to have this Court believe the *Noble* court struck new law.

The second component of the *Noble*-argument made by Defendants is that the *Noble* court held that "the employer's proffered reason is unpersuasive, or even obviously contrived, does not establish that the plaintiff's proffered reason of race discrimination is correct." Def. Br. in Supp. of Ren. Mot. S.J. at 4. This argument too is incorrect. First, the language the Defendants are citing to does not occur where they suggest it does. Rather, the relevant language from the *Noble* opinion occurs at 391 F.3d at 726, not 722. Second, the language is once again from the *St. Mary's Honor Ctr. v. Hicks* case, which was decided in 1993. In other words, *Noble* broke no new ground by following this U.S. Supreme Court language. Finally, the language cited does not accurately reflect the actual language in the *St. Mary's Honor Ctr.* case. Specifically, the actual quote is, "That the employer's proffered reason is unpersuasive, or even obviously contrived, does not *necessarily* establish that the plaintiff's proffered reason of race is correct." *St. Mary's Honor Ctr. v. Hicks*, 509 U.S. 502, 524 (1993) (emphasis added). Counsel for Defendants has failed to mention the all-important "necessarily" in the aforementioned cite. This "necessarily" is important, because it strikes at the heart of Title VII-pretext analysis.

The U.S. Supreme Court in the case of *Reeves v. Sanderson Plumbing Products, Inc.*, 530 U.S. 133, 146 (2000) addressed the word-play that defendants were using in the Title VII-pretext universe and stated:

> In so reasoning, the Court of Appeals misconceived the evidentiary burden borne by plaintiffs who attempt to prove intentional discrimination through indirect evidence. This much is evident from our decision in *St. Mary's Honor Center.* There we held that the factfinder's rejection of the employer's legitimate, nondiscriminatory reason for its action does not compel judgment for the plaintiff. 509 U.S. at 511. The ultimate question is whether the employer intentionally discriminated, and proof that "the employer's proffered reason is unpersuasive, or even obviously contrived, does not necessarily establish that the plaintiff's proffered reason…is correct." *Id*. at 524. In other words, "[i]t is not enough…to *dis* believe the employer; the factfinder must *believe* the plaintiff's explanation of intentional discrimination." *Id*. at 519.
>
> In reaching this conclusion, however, we reasoned that it is *permissible* for the trier of fact to infer the ultimate fact of discrimination from the falsity of the employer's explanation. Specifically, we stated:
>
>> "The factfinder's disbelief of the reasons put forward by the defendant (particularly if disbelief is accompanied by a suspicion of mendacity) may, together with the elements of the prima facie case, suffice to show intentional discrimination. Thus, rejection of the defendant's proffered reasons will *permit* the trier of fact to infer the ultimate fact of intentional

>discrimination." *Id*. at 511.
>
>Proof that the defendant's explanation is unworthy of credence is simply one form of circumstantial evidence that is probative of intentional discrimination, and it may be quite persuasive. *See id*., at 517 ("[P]roving the employer's reason false becomes part of (and often considerably assists) the greater enterprise of proving that the real reason was intentional discrimination"). In appropriate circumstances, the trier of fact can reasonably infer from the falsity of the explanation that the employer is dissembling to cover up a discriminatory purpose. Such an inference is consistent with the general principle of evidence law that the factfinder is entitled to consider a party's dishonesty about a material fact as "affirmative evidence of guilt." *Wright v. West*, 505 U.S. 277, 296 (1992); *see also Wilson v. United States*, 162 U.S. 613, 620-21 (1896); 2 J. Wigmore, Evidence, § 278(2), p. 133 (J. Chadbourn rev. 1979). Moreover, once the employer's justification has been eliminated, discrimination may well be the most likely alternative explanation, especially since the employer is in the best position to put forth the actual reason for its decision. *Cf. Furnco Constr. Corp. v. Waters*, 438 U.S. 567, 577 (1978) ("[W]hen all legitimate reasons for rejecting an applicant have been eliminated as possible reasons for the employer's actions, it is more likely than not the employer, who we generally assume acts with *some* reason, based his decision on an impermissible consideration"). *Thus, a plaintiff's prima facie case, combined with sufficient evidence to find that the employer's asserted justification is false, may permit the trier of fact to conclude that the employer unlawfully discriminated.*
>
>*Reeves v. Sanderson Plumbing Products, Inc*., 530 U.S. 133, 146-48 (2000) (emphasis added).

Accordingly, Defendants' version of the applicable law is simply wrong. Prima facie evidence, plus pretext, can equal a finding of discrimination. The U.S. Supreme Court has held as much. And, important to the question now before this Court, the Supreme Court has held such for years *before* the summary judgment briefings occurred in this case. Thus, contrary to Defendants' contentions, there is no new law in the *Noble* case, and a renewed round of summary judgment briefing is not necessary.

The second case Defendants submit to this Court in support of the motion to file renewed summary judgment briefings is *Peltier v. United States of America*, 388 F.3d 984 (6th Cir. 2004). As with *Noble*, this case also breaks no new ground. However, more importantly, the *Peltier* case does not even seriously address substantive issues of pretext in federal anti-discrimination laws. Nearly the entire analysis on the gender discrimination claims in that case focused on whether the plaintiff could state a prima facie case. In other words, the main issue at the heart of Defendants' motion for renewed summary judgment—namely, pretext—was hardly even discussed. *See Peltier*, 388 F.3d at 987-89. Accordingly, *Peltier* does not bolster the issue Defendants want this Court to consider.[1]

---

[1] Defendants also cite to other cases, all of which are outside the Sixth Circuit and some of which are district court opinions whose precedential value is nil. For instance, Defendants cite to the case of *Christenson v. The Boeing Co*., 2004 WL 2110707 (D. Or. 2004) in support of their motion. Aside from this case being from a district court in the Ninth Circuit, the case also breaks

**B.  New Law for Plaintiff's State Law Claims.**

The second type of argument Defendants make is that the two state law tort claims Plaintiff has against Defendant Balzano are no longer valid given recent decisions.  Defendants base their argument on several contentions, none of which carry the day.

The first argument for renewing the summary judgment process is that the conduct Plaintiff complains of by the Defendants is not sufficiently "outrageous" in order to maintain a claim for intentional infliction of emotional distress under Ohio state law.  This argument is nothing short of a request for a "re-do" on this state law briefing.  Defendants presented this very argument in the past.  *See* Def. Mem. in Supp. Mot. S.J. at 7-9 [Docket #48].  Plaintiff thereafter responded to these arguments.  *See* Pl. Mem. in Opp. to Def. Mot. S.J. at 26-31 [Docket #72].  Defendant then replied to Plaintiff's arguments.  *See* Def. Reply Mem. in Supp. of Mot. S.J. at 8-11 [Docket #73].  Accordingly, these arguments have been sufficiently briefed and argued.  There is nothing to be gained, except billable hours, in further arguing these matters.

The second contention for reopening the summary judgment arguments on the state law issues is that Plaintiff failed to show that Defendant Balzano acted outside the scope of his employment.  This is, once again, another attempt to re-argue points that have already been made by the parties in this case.  Indeed, Judge Weber's ruling on summary judgment specifically addressed this issue, going into detail as to which individuals could be considered acting outside the scope of their employment.  As Judge Weber noted:

> Because the record reflects a factual dispute regarding Defendant Balzano's actions, however—including specifically whether Balzano was aware that Plaintiff's handling of photocopy reimbursement funds was consistent with office practice, and indeed had authorized and enjoyed the benefits of that practice, yet failed to disclose such when instigating the investigation into Plaintiff's conduct—a reasonable jury might infer that Defendant Balzano's actions reflected a personal animus outside the parameters of his job

---

no new legal ground, as the familiar cases of *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973) and *St. Mary's Honor Ctr. v. Hicks*, 509 U.S. 502 (1993) provide the backdrop of the decision.  *See Christenson*, 2004 WL 2110707 at *4.  Furthermore, comparison of the *Christenson* case to the case at bar is strained at best.  In *Christenson*, the Plaintiff's arguments for pretext were that "he did not steal…and that it is 'ludicrous' to think that [he] stole…"  *Id*. at *9.  In the case at bar, Plaintiff has certainly presented more than a mere argument that Defendants' bases for her termination were "ludicrous," as is evident by, *inter alia*, Judge Weber's determination that Plaintiff has presented enough evidence to get past summary judgment on the pretext issue.

>duties.  For that reason, Defendants' motion for summary judgment…must be denied as to Defendant Balzano.
>
>Court's Entry Granting in Part and Denying in Part Summary Judgment at 3 (September 21, 2004) [Docket #83].

Defendants fail to point to any significant change in the law warranting why Judge Weber's previous determination should be revisited.  Indeed, nowhere do the Defendants point to any case law inappropriately applied by Judge Weber or law followed which is now invalid based upon recent, intervening case law.  Accordingly, no basis exists as to this argument by Defendants for a renewed summary judgment round.

The final contention made by Defendants as to why the parties should engage in a second round of summary judgment briefings on the state law claims is that Plaintiff has failed to show, through evidence, the "seriousness" of the emotional distress suffered as a result of Defendants' tortious conduct.  As Defendants state:

>Lentz "must present some 'guarantee of genuineness' in support of…her clam to prevent summary judgment." *Garrett v. Fisher Titus Hosp.*, 318 F. Supp. 2d 562, 578 (N.D. Ohio 2004) (citation omitted).  Ohio law provides only two mechanisms for showing this, either by the use of expert witnesses or third party law witnesses familiar with plaintiff's emotional state and history. *Id*.
>
>Def. Br. in Supp. Ren. Mot. S.J. at 7-8.

Defendants' contentions, as their other arguments, are wrong.

The first problem with Defendants' argument is their citation.  The language quoted from the *Garrett* case is actually found at 318 F. Supp. 2d at 576, not 578.  Second, the statement that, "Ohio law provides only two mechanisms" for showing emotional suffering, is wrong as a matter of law.  The actual quote from the *Garrett* case is "Such proof *may* be made through expert testimony or lay witnesses acquainted with the plaintiff's emotional makeup and changes thereto."  *Garrett*, 318 F. Supp. 2d at 576.  Defendants leave this important "may" from their citation.

Additionally, the *Garrett* case borrowed its reasoning from an Ohio Court of Appeals case, namely, *Powell v. Grant Medical Ctr.*, 771 N.E.2d 874 (Ohio Ct. App. 2002).  That case analyzed what types of evidence would be needed to successfully argue an intentional infliction of emotional distress claim.  The case discussed the expert witness/lay witness evidentiary standards highlighted above, but also stated that, "expert medical testimony is not indispensable to a claim of serious emotional distress." *Id*. at

878 (citing *Uebelacker v. Cincom Sys., Inc.*, 549 N.E.2d 1210 (Ohio Ct. App. 1988)).  Of course, Defendants do not offer any discussion of this language from the *Powell* opinion.

Finally, Defendants fail to even mention the case of *Stockdale v. Baba*, 795 N.E.2d 727 (Ohio Ct. App. 2003).  The *Stockdale* case, decided after the *Powell* case, sought, in part, to clarify what evidence is relevant in order to state an intentional infliction of emotional distress claim.  The *Stockdale* court stated:

> This court [in *Powell*] went on to note that expert opinion is frequently helpful in proving the genuineness of a plaintiff's claim; however, this court noted that expert medical testimony was not required and that *a plaintiff could submit their own testimony* as well as the testimony of lay witnesses acquainted with plaintiff as to any marked changes in the emotional or habitual makeup of plaintiff following a defendant's allegedly culpable conduct.  Last, this court noted that the "seriousness" of the emotional distress is to be decided on a *case-by-case basis*.

*Stockdale v. Baba*, 795 N.E.2d 727, 735 (Ohio Ct. App. 2003) (emphasis added).[2]

The fact that Defendants in this case pick and choose portions of phrases from opinions, and fail to even cite to the most relevant opinions on the very issues they argue, should speak volumes to this Court.  It is clear that Plaintiff has stated enough by way of evidence to get past the summary judgment hurdle, and her trial should go forward as planned.

**C.  Intervening Case Law.**

Before concluding, a final point should be addressed.  Throughout Defendants' motion for a renewed round of summary judgment is the constant claim that "recent" or "new" case law warrants this Court to take a second look at this case.  The argument is repeatedly made that another level of summary judgment briefings is necessary because new law has developed since Defendants filed their reply brief in support of their original motion for summary judgment.  Plaintiff again asserts that the cases cited by Defendants do not change the legal landscape so much as to warrant another round of summary judgment briefs.  However, assuming *arguendo* there has been new law struck, Defendants' analysis is still off-center.  The question is not what new law has been handed down since Defendants submitted their reply brief.  The question is what new law has been handed down since this Court's Entry on Summary Judgment.  This distinction is key.  Counsel for both sides, as officers of this Court, have an obligation to submit newly developed and discovered case law that is relevant to the issues pending before this tribunal.

---

[2] The *Stockdale* opinion was written by Judge Petree of the Ohio Court of Appeals, Tenth District.  Judge Petree also participated and concurred in the *Powell* decision.

Such an obligation is concomitant with the ethical duties charged to each duly licensed attorney. As sometimes happens during a round of briefings, a new case from a higher court can be handed down, or a seminal and persuasive decision can be issued. As our ethical duties require, these decisions must be disclosed and discussed to a court in which such legal developments are relevant. Thus, if the "new" decisions and case law were really as important as counsel for Defendants wish to make them, then they had a duty, not just to this Court, but also to their profession, to highlight these cases for the Court and to opposing counsel. And, in fact, they certainly had time to do such because many of the decisions counsel for Defendants speak of in their motion for renewed summary judgment were issued before Judge Weber's Entry on Summary Judgment.[3] In other words, those decisions could have been cited to, either in briefings or through supplemental submissions of authority to the Court, before Judge Weber issued his opinion. No such efforts were made, however. This incongruity should tell the Court something about the basis for this motion for leave to file a renewed summary judgment motion.

### III.  CONCLUSION

The endgame in this case is clear: Defendants have waited until less than three (3) months before trial to call for a "re-do" as to the summary judgment process. Faced with having to look a jury in their eyes and explain why Plaintiff was terminated, counsel for Defendants has decided it more favorable to attempt to resolve this case by motion, rather than in the courtroom. The fact of the matter is, however, that Defendants should not be permitted to get two bites at the summary judgment apple. The discovery is completed, the briefs have been submitted, and the case is ready for trial. There is no reason why, after several years, this case should be relegated to another round of brief writing.

Parties across the country are finding that they no longer have a right to a trial. Indeed, only 1.8% of all federal civil cases reach a trial. *See* Marc Galanter, *The Vanishing Trial: An Examination of Trials and Related Matters in Federal and State Courts*, 1 J. Empirical Legal Stud. 459 (2004). One of the reasons for this fact is the use of summary judgment. *See, e.g.,* Stephen B. Burbank, *Vanishing Trials and Summary Judgment in Federal Civil Cases: Drifting Toward Bethlehem or Gomorrah*, 1 J. Empirical Legal Stud. 591 (2004); Arthur R. Miller, *The Pretrial Rush to Judgment: Are the "Litigation Explosion,"*

---

[3] For instance, no case cited in the portion of Defendants' Motion for Renewed Summary Judgment dealing with the state law claims was decided after Judge Weber's summary judgment entry on September 21, 2004. *See* Def. Br. in Supp. of Ren. Mot. S.J. at 6-8 [Docket #91].

*"Liability Crisis," and Efficiency Clichés Eroding Our Day in Court and Jury Trial Commitments*?, 78 N.Y.U. L. Rev. 982 (2003), Theresa M. Beiner, *The Misuse of Summary Judgment in Hostile Environment Cases*, 34 Wake Forest L. Rev. 71 (1999).

Defendants argue that it would be "manifestly clear that to force a trial in this matter would be unjust." Def. Br. in Supp. of Ren. Mot. S.J. at 8. Defendants have it completely wrong. It is manifestly clear that to prohibit (or postpone) a trial in this matter on another time-consuming, wasteful round of summary judgment briefings is where the injustice lies. Defendants have not provided a single substantive basis as to why further summary judgment briefings are necessary in this matter, or as to why Judge Weber's prior decision should be overruled. This case is charted for trial in less than three (3) months; such a course should not be disturbed.

For the foregoing reasons, Plaintiff respectfully requests this Court DENY Defendants' request for leave to file a renewed motion for summary judgment, and for all other relief just and proper in the premises.

Respectfully Submitted,

s/[Michael K. Sutherlin]
Michael K. Sutherlin
Attorney for Plaintiff
P.O. Box 441095
Indianapolis, IN 46244-1095
Phone: (317) 634-6313


s/[Lynn D. Pundzak]
Lynn D. Pundzak (0034684)
Trial Attorney for Plaintiff
Suite 999, Second National Bldg.
830 Main Street
Cincinnati, OH  45202
513/564-9999
fax:  513/345-4703
e-mail:  ldplaw@fuse.net

## **CERTIFICATE OF SERVICE**

       I hereby certify that on this 18th day of March 2005, a copy of the foregoing was filed electronically. Notice of this filing will be sent to the following parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

    Deborah S. Adams
    Jack B. Harrison
    FROST BROWN TODD, LLC
    2200 PNC Center
    201 East Fifth Street
    Cincinnati, OH 45202
    dadams@fbtlaw.com
    jharrison@fbtlaw.com

                                     s/[Michael K. Sutherlin]
                                     Michael K. Sutherlin
                                     Attorney for Plaintiff

                                     s/[Lynn D. Pundzak]
                                     Lynn D. Pundzak
                                     Attorney for Plaintiff