UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

Mary E. Lenz,

    Plaintiff,

    v.                                            Case No. 1:01cv599

Cincinnati Insurance Co. *et al*,           Judge Michael H. Watson

    Defendants.

**MEMORANDUM OPINION AND ORDER**

This matter is before the Court upon Defendants' Motion for Leave to File Renewed Motion for Summary Judgment. (Doc. 91) Plaintiff has filed a Response in Opposition (Doc. 93), and Defendants have filed a Reply. (Doc. 95) This matter is now ripe for review.

**I.    FACTUAL AND PROCEDURAL BACKGROUND**

This case arises out of Defendants' termination of Plaintiff's employment as an in-house attorney. (Doc. 83) On September 9, 2004, this Court granted in part and denied in part Defendants' Motion for Summary Judgment. (Id. at 5) Based on this Court's rulings, only three of Plaintiff's claims remain: (1) a claim under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq* against Defendant Cincinnati Insurance Company; (2) a claim for intentional infliction of emotional distress against Defendant Dave Balzano; and (3) a claim for tortious interference with a business relationship against Defendant Balzano. (Id.)

Plaintiff alleges that her termination was a product of sex discrimination in violation

of Title VII. (Id. at 1) Plaintiff argues that Defendants' proffered reason for firing her - her alleged conversion for personal use of reimbursement checks for photocopying expenses charged to outside counsel - was pretextual. (Id.) This Court found that "[a]mong the genuine issues of material fact which precluded summary judgment is the question of whether the reasons given for Plaintiff's discharge were pretextual, in that the parties disagree as to the thoroughness and/or fairness of the investigation Defendants conducted into the allegations against Plaintiff." (Id. at 3-4) This Court concluded that "only a jury can properly resolve the important issues of fact and make the critical credibility determinations." (Id. at 4)

Similarly, this Court found that fact issues precluded summary judgment on the claims against Defendant Balzano. Specifically, this Court found that there was a factual dispute as to whether Balzano was aware the Plaintiff's handling of photocopy reimbursement funds was consistent with office practice, and indeed had authorized and enjoyed the benefits of that practice, yet failed to disclose such when instigating the investigation into Plaintiff's conduct. (Id. at 3) This Court found that a reasonable jury might infer that Defendant Balzano's actions reflected a personal animus outside the parameters of his job duties. (Id.) The Court relied on analogous reasoning to reach the same conclusion as to Plaintiff's claim for intentional infliction of emotional distress. (Id.)

## II. ARGUMENTS OF THE PARTIES

Defendants argue that a number of new cases demonstrate that Plaintiff's three remaining claims fail as a matter of law, "regardless of the 'factual disputes' referenced by the Court in its Order." Defendants state that based on recent decisions, the factual dispute regarding the thoroughness and/or fairness of the investigation is not material to

Plaintiff's Title VII claim.

Defendants also argue that under recent Ohio caselaw an accusation of theft made to one's superior about a co-employee - even if knowingly false and motivated by any type of animus or malice - falls short of the standard for establishing outrage required to maintain a intentional infliction of emotional distress claim. Likewise, Defendants argue that an allegedly false and ill-motivated accusation fails as a matter of law to take Balzano outside the broad scope of his supervisory duties, and therefore precludes a tortious interference claim against him.

Plaintiff responds that the cases cited by Defendants cite to older caselaw, and therefore these decisions were not "marking out new law under Title VII." Plaintiff also accuses Defendants of misinterpreting the decisions they cite. In regards to the state law claims, Plaintiff accuses Defendants of re-arguing points made and issues already decided by this Court.

### III.  ANALYSIS

Because Defendants question the basis of the Court's decision in its September 21, 2004 Order, the Court will construe Defendants' Motion for Leave to File Renewed Motion for Summary Judgment as a motion for reconsideration.

Although a motion for reconsideration is not mentioned in the Federal Rules of Civil Procedure, it is often treated as a motion to amend judgment under Rule 59(e). *McDowell v. Dynamics Corp. of America*, 931 F.2d 380 (6th Cir.1991); *Shivers v. Grubbs*, 747 F.Supp. 434 (S.D.Ohio 1990). The grant or denial of a Rule 59(e) motion is within the informed discretion of the district court, and is reversible only for abuse. *Huff v. Metropolitan Life Insurance Co.*, 675 F.2d 119, 122 (6th Cir. 1982).

There are three grounds for amending a judgment: (1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; and (3) to correct a clear error of law or to prevent manifest injustice. *GenCorp., Inc. v. Am. Int'l Underwriters*, 178 F.3d 804, 834 (6th Cir.1999); *Berridge v. Heiser*, 993 F.Supp. 1136, 1146 -1147 (S.D.Ohio 1997).

A.     <u>Claim under Title VII against Defendant Cincinnati Insurance Company</u>.

Defendants maintain that there has been a change in controlling law under Title VII since this Court's decision. Defendant's cite the Sixth Circuit's decision in *Noble v. Brinker International, Inc.*, 391 F.3d 715 (6th Cir. 2004) as taking a new direction in the caselaw applicable to Title VII claims. However, in the process of pointing out misquotes and hurling insults at one another, it has escaped the parties notice that in *Noble* and the cases cited therein the courts were not deciding motions for summary judgment but were rendering decisions on motions under Federal Rule of Civil Procedure 50.[1] While the Court

---

[1]Fed. R. Civ. P. 50 provides in pertinent part:

(a) Judgment as a Matter of Law.

(1) If during a trial by jury a party has been fully heard on an issue and there is no legally sufficient evidentiary basis for a reasonable jury to find for that party on that issue, the court may determine the issue against that party and may grant a motion for judgment as a matter of law against that party with respect to a claim or defense that cannot under the controlling law be maintained or defeated without a favorable finding on that issue.

(2) Motions for judgment as a matter of law may be made at any time before submission of the case to the jury. Such a motion shall specify the judgment sought and the law and the facts on which the moving party is entitled to the judgment.

(b) Renewing Motion for Judgment After Trial; Alternative Motion for New Trial. If, for any reason, the court does not grant a motion for judgment as a matter of law made at the close of all the evidence, the court is considered to have submitted the action to the jury subject to the court's later deciding the legal questions raised by the motion. The movant may renew its request for judgment as a matter of law by

recognizes that motions for judgment as a matter of law under Rule 50 and motions for summary judgment under Rule 56 rest on the same theory, the Court also notes that the timing of the motions has a substantial effect on the character of the Court's deliberations. *See* 10A Charles Alan Wright & Arthur R. Miller, Federal Practice & Procedure§ 2713.1 (3d ed. 1998). Specifically, on a summary judgment motion, a court is not permitted to rule on the credibility of the material that is presented. *Id.* In contrast, a Rule 50 motion is typically made after a witness testifies, and the court can take account of the possibility that the witness could not be disbelieved or believed by the jury. *Id.* In light of this distinction, and after reviewing the decisions cited, the Court concludes that even if it were to find that *Noble* signals a change in the law, the Sixth Circuit's decision is not applicable at this stage in the proceedings.

In *Noble*, the jury returned a verdict in favor of the plaintiff. 391 F.3d at 719. The defendant filed a renewed motion for judgment as a matter or law or, in the alternative, for a new trial. *Id.* The court analyzed the motion under Federal Rule of Civil Procedure 50. *Id.* at 722. The court stated:

> When entertaining a motion for judgment as a matter of law following a trial on the merits in a Title VII case, " 'a reviewing court should not focus on the elements of the *prima facie* case but should assess the ultimate question of discrimination.' " *Gray [v. Toshiba Am. Consumer Prods., Inc.,*], 263 F.3d at 599 (quoting Kovacevich v. Kent State Univ., 224 F.3d 806, 821 (6th Cir. 2000)).

*Id.* at 720. The court noted that the district court had denied the defendant's motion for summary judgment, and held that the plaintiff had established a *prima facie* case. *Id.* at

---

filing a motion no later than 10 days after entry of judgment-- and may alternatively request a new trial or join a motion for a new trial under Rule 59.

5

721. However, the court stated that whether the plaintiff properly made out a *prima facie* case is no longer relevant:

> Stated otherwise, we are not permitted to decide whether the district court erred in holding that [the plaintiff] made out a *prima facie* case. Instead, our duty, given *Aikens*, is simply to determine whether Noble produced sufficient evidence to support the jury's finding of intentional discrimination.

*Id.*, *citing*, *U.S. Postal Serv. Bd. of Governors v. Aikens*, 460 U.S. 711, 714-15 (1983). Under this analysis, the court stated that where the plaintiff proceeds by showing intentional discrimination indirectly - that is, by showing that the employer's proffered explanation is unworthy of credence - "[i]t is not enough . . . to *dis*believe the employer; the factfinder must *believe* the plaintiff's explanation of intentional discrimination." *Id.*, *citing*, *St. Mary's Honor Ctr. v. Hicks*, 509 U.S. 502, 519 (1993). (emphasis in original). Because *Noble* is concerned with the credibility of evidence, the Court finds that its holding is not applicable to Defendants' Motion for Summary Judgment.

The same rationale applies to those decisions cited by the court in Noble, and discussed by Plaintiff in her Response. *See St. Mary's Honor Ctr. v. Hicks*, 509 U.S. 502 (1993) (decision under Rule 52(c) which provides for judgment as a matter of law in bench trial); *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 139 (2000) (decision under Rule 50(b)); *see also Barnes v. City of Cincinnati*, 401 F.3d 729, 736 (6th Cir. 2005) (deciding a motion for judgment as a matter of law under Rule 50(b) and citing *Noble* for the proposition that when the case proceeds to a full trial on the merits, the district court is "in a position to decide the ultimate factual issue in the case, that is, whether the defendant intentionally discriminated against the plaintiff").

The Court also rejects Defendants' argument that the Sixth Circuit's decision in

*Peltier v. U.S.*, 388 F.3d 984, 989 (6th Cir 2004) should cause this Court to reconsider its ruling on Defendants' earlier motion for summary judgment. In *Peltier*, the court was reviewing the district court's grant of summary judgment in favor of the government. *Id.* at 985. The plaintiff, Peltier, was an "Investigative Assistant" in an office of the Bureau of Alcohol, Tobacco and Firearms. *Id.* Peltier's claims of discrimination were based on several theories, including her claim that she was subject to an internal investigation concerning a possible leak of information which was either unwarranted or unduly severe as compared to the focus on a male agent in the same office. *Id.* at 986, 988. The court agreed with the district court's analysis and conclusion that even if Peltier had been able to show that she suffered an adverse employment action, she had not shown that the government's legitimate articulated reason for its differential treatment of her was pretextual. *Id.* at 988. The court explained:

> While the district court did find that Peltier was subject to more intense scrutiny than the male agent, the United States has established that this heightened scrutiny was justified by legitimate reasons. For example, Peltier's unique access to the sensitive information that the agency suspected was leaked--particularly the information concerning the Ramada Inn, which was noted on the napkin in the suspect's residence--clearly pointed suspicion primarily at her. Moreover, the fact that Peltier failed the polygraph test while the male agent did not further justifies the heightened scrutiny to which she was subjected.

*Id.* at 989. Therefore, the Sixth Circuit's decision was based on the facts of the case, not on a change in controlling law. As such, this Court finds no reason to reconsider its previous ruling on Defendants' motion for summary judgment. *See Sault Ste. Marie Tribe of Chippewa Indians v. Engler*, 146 F.3d 367, 374 (6th Cir. 1998) ("A motion under Rule

59(e) is not an opportunity to re-argue a case.").[2]  Therefore, Defendants' Motion as to Plaintiff's Title VII claims is denied.

  B. <u>State law claims against Defendant Dave Balzano</u>.

Defendants cite to a variety of published and unpublished decisions to support their argument that this Court should reconsider its rulings on Plaintiff's state law claims for intentional infliction of emotional distress and tortious interference.  While Defendants cite several cases for the proposition that an accusation of theft made to one's superior about a co-employee does not establish the "outrage" necessary to support a claim for intentional infliction of emotional distress, a review of those decisions shows that those decisions do not constitute a change in the law.  Likewise, Defendants quote a passage from *Garrett v. Fisher Titus Hospital*, 318 F.Supp.2d 562 (N.D. Ohio), which is in fact a quote from an earlier case: *Powell v. Grant Med. Ctr.*, 771 N.E.2d 874, 878 (2002) ("A plaintiff claiming severe and debilitating emotional distress must present some 'guarantee of genuineness' in support of his or her claim to prevent summary judgment.")  Clearly this does not demonstrate a change in the law.

In regards to the tortious interference claim, Defendants state that under recent Ohio law, false and ill-motivated accusations fail as a matter of law to take Balzano outside the scope of his supervisory duties.  Defendants cite the case *Duggan v. Orthopaedic Institute of Ohio, Inc.*, 2004 WL 951469 (N.D.Ohio 2004) (unpublished).  Again, this decision does not appear to demonstrate a change in the law, and the court discusses an element of the claim which is not at issue in the present case.  In *Duggan*, the court stated that under Ohio

---

[2]Defendants do cite additional authority, but those decisions are not binding on this Court.

law, a claim for tortious interference with contract can only be maintained against an "outsider" to the contractual relationship. *Id.* at *3. The court therefore analyzed the facts before it to determine whether one of the defendants was an outsider to the plaintiff's shareholder relationship with the individual defendants. *Id.* The question of whether Balzano was an "outsider" was not an issue in this case. Instead, the question was whether Balzano's actions were outside the scope of his duties. (Doc. 83, at 3) Therefore, this Court finds no reason to reconsider its previous ruling on Defendants' motion for summary judgment.

Accordingly, Defendants' Motion for Leave to File Renewed Motion for Summary Judgment (Doc. 91) is hereby **DENIED**.

As a final note, it has not escaped the Court's notice that the parties cancelled a Court-ordered settlement conference. (Docs. 89, 90) Since the parties do not feel it is necessary to take advantage of the alternative dispute resolution resources that the Court has made available to them, then the Court shall proceed with the trial in this matter as previously scheduled on June 6, 2005.

**IT IS SO ORDERED.**

    /s/ Michael H. Watson
Michael H. Watson, Judge
United States District Court