UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| MARY E. LENTZ, ) | |
| ) | Cause No. 1:01-cv-599-MHW |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| CINCINNATI INSURANCE ) | |
| COMPANY, *et al*. ) | |
| ) | |
| Defendants. ) | |

**PLAINTIFF'S MEMORANDUM IN SUPPORT OF
HER MOTION TO QUASH NON-PARTY SUBPOENA**

Plaintiff, by counsel, hereby respectfully submits her memorandum in support of her motion to quash non-party subpoenas recently issued by Defendants in this matter.

**I.  INTRODUCTION**

On May 6, 2005, Defendants, by counsel, issued a subpoena in the above-captioned case seeking to obtain various financial-employment records of the Plaintiff from a non-party to this case.  Specifically, Defendants requested that Ms. Lentz's current employer produce:  "Any and all documents, files and records related to wages, bonuses and benefits paid to Ms. Lentz, including, but not limited to, payroll records showing salary and bonuses, W-2 Forms, 1099 Forms, and benefits information."  *See* Ex. #1.  In short, Defendants' non-party production request is inappropriate and should be quashed by this Court.

## II.  ARGUMENT

Defendants' subpoena fails to comply with applicable rules and the law in several ways. First, Defendants' non-party request for production comes well after the discovery phase of this case ended.  This Court's Order on February 5, 2003, by Judge Weber, stated that Plaintiff's motion for discovery extension would be denied.  Defendants, in fact, opposed this motion for discovery extension.  Subsequent to that Order, this Court, by the now-presiding judge, issued a Calendar Order in which this Court stated any motions to extend discovery shall be filed by December 22, 2004.  Neither party filed any such motion.  In fact, Defendants filed a motion for renewed round of summary judgment briefing, apparently confident that the issues in this case were questions of law and required no additional fact-gathering.  It is now twenty-four (24) days before jury selection begins in this case that Defendants want to initiate additional fact-gathering. The time for such has passed by the case management deadlines and this Court's own calendar order.  As has been noted on this issue, "when a [party] is aware of the existence of documents before the discovery cutoff date and issues discovery requests including subpoenas after the discovery deadline has passed, then the subpoenas and discovery requests should be denied." *Revander v. Denman*, 2004 WL 97693, *1 (S.D.N.Y. 2004) (quoting *McNerney v. Archer Daniels Midland Co.*, 164 F.R.D. 584, 588 (W.D.N.Y. 1995)).  Because the discovery deadline has passed, Defendants' subpoena should be quashed.  *See* Baicker-McKee, Janssen & Corr, *Federal Civil Rules Handbook* (2005) at p. 773 (discovery deadline can affect validity of subpoena to non-party).

Additionally, the subpoena issued by counsel for Defendants was issued before adequate prior notice was given to Counsel for Plaintiff.  This act is in direct violation of the Federal Rules of Civil Procedure.  The Federal Rules of Civil Procedure require that prior notice must be

served on each party as prescribed by Rule 5(b) if the subpoena in question commands the production of materials before trial. *See* Fed. R. Civ. P. 45(b)(1); *see also Spencer v. Steinman*, 179 F.R.D. 484, 487-89 (E.D. Pa. 1998) (prior notice must be sent to parties before issuance of subpoena; failure to do so can be basis for sanctions). Accordingly, "[t]he purposes of this notice is to afford other parties an opportunity to object to the production or inspection, or to serve a demand for additional documents or things." Wright & Miller, 9A *Federal Practice & Procedure* § 2457 (2005). Because counsel for Plaintiff was not informed before counsel for Defendants issued this subpoena, the prior notice required under the Federal Rules of Civil Procedure was never given, and Defendants' improvidently issued subpoena should be quashed.

      Finally, it appears that Defendants have also violated the Federal Rules of Civil Procedure by not providing a reasonable amount of time in which to respond to the subpoena issued. Federal Rule of Civil Procedure 45(c)(3)(A) requires that subpoenas for non-party production permit reasonable time for compliance. Other courts that have addressed this issue have found that fourteen (14) days is a reasonable time period to respond to subpoenas. *See*, e.g., *Donahoo v. Ohio Dept of Youth Services*, 211 F.R.D. 303, 306 (N.D. Ohio 2002) (14 days reasonable time period). Defendants did not affect service on their subpoena until May 9, 2005. Thus, it is not possible for the non-party to produce the materials within the "reasonable" time frame, because the subpoena only gives eleven days to produce the materials, which must occur on May 20, 2005. Therefore, the full fourteen (14) days were not made available to the non-party. Accordingly, Defendants' conduct is further reason why their efforts are unreasonable and the subpoena should be quashed.

WHEREFORE, for the foregoing reasons, Plaintiff, by counsel, respectfully requests this Court quash Defendants' inappropriately issued subpoena and issue any other relief just and proper in the premises.

Respectfully Submitted,

s/[Michael K. Sutherlin]
Michael K. Sutherlin
Attorney for Plaintiff

s/[Lynn D. Pundzak]
Lynn D. Pundzak
Attorney for Plaintiff

**CERTIFICATE OF SERVICE**

I hereby certify that on this 13th day of May 2005, a copy of the foregoing was filed electronically. Notice of this filing will be sent to the following parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

    Deborah S. Adams
    Jack B. Harrison
    FROST BROWN TODD, LLC
    2200 PNC Center
    201 East Fifth Street
    Cincinnati, OH 45202
    dadams@fbtlaw.com
    jharrison@fbtlaw.com

    s/[Michael K. Sutherlin]
    Michael K. Sutherlin
    Attorney for Plaintiff

    s/[Lynn D. Pundzak]
    Lynn D. Pundzak
    Attorney for Plaintiff