# EXHIBIT 1

THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| MARY E. LENTZ, | : | Case No. 01-CV-599 |
| Plaintiff, | : | |
| | : | Judge Spiegel |
| v. | : | |
| | : | |
| CINCINNATI INSURANCE CO., A SUBSIDIARY OF CINCINNATI FINANCIAL CORPORATION, et al., | : | |
| | : | **DEFENDANTS' FIRST SET OF** |
| Defendant. | : | **INTERROGATORIES ADDRESSED** |
| | : | **TO PLAINTIFF** |

Defendants Cincinnati Insurance Co., Dave J. Balzano, Mark J. Huller, James Benoski, Tim Timmel and Bruce Fisher ("Defendants"), by and through counsel, request that Plaintiff Mary E. Lentz ("Plaintiff") answer the following interrogatories in writing, under oath, within thirty (30) days of service hereof, pursuant to Rule 33 of the Federal Rules of Civil Procedure. This request is continuing and must be supplemented when appropriate as required by Rule 26 of the Federal Rules of Civil Procedure.

## I. INSTRUCTIONS

In answering these interrogatories, Plaintiff should furnish all information in the possession of Plaintiff, Plaintiff's attorneys or their agents, and all other persons acting on behalf of Plaintiff and not merely information within the personal knowledge of the person answering these interrogatories. Responses to one interrogatory or part of an interrogatory may be incorporated by reference in response to other interrogatories or parts of interrogatories.

Information supplied in answer to these interrogatories shall reflect all information available to Plaintiff as described above. The interrogatories which follow are considered to be

continuing to the extent permitted by Rule 26 of the Federal Rules of Civil Procedure, and Plaintiff is requested to provide, by way of supplementary answers, such additional information as Plaintiff or any other person acting on Plaintiff's behalf may hereafter obtain which will in any way modify the answers given to the interrogatories below. Such supplementary responses should be served upon Defendants immediately after receipt of such information.

## II. DEFINITIONS

1. The term "document" or "documents" shall be construed broadly and shall mean any kind of written, handwritten, printed, typewritten, recorded or graphic matter as used in these interrogatories, including originals, copies, photocopies, confirmation copies, copies which are not exact duplicates of originals, and drafts, and the term shall include telegrams, cables, telex messages, facsimiles, memoranda, notes, notations, work papers, transcripts, exhibits, minutes, reports and recordings of telephone or other conversations or interviews or conferences or other meetings, affidavits, statements, summaries, opinions, reports, studies, analyses, evaluations, contracts, agreements, journals, statistical records, desk calendars, appointment books, diaries, logs, lists, tabulations, sound recordings, computer printouts, data processing input and output, hard or floppy disks, microfilms, all other records whether kept by graphic, electronic, photographic or mechanical means, and things similar to any of the foregoing, however denominated.

2. The term "Defendants" as used in this request shall refer to Defendants Cincinnati Insurance Co. and any of its affiliated corporate entities or divisions, and any of its agents, servants, employees, officers, directors, attorneys or other representatives, as well as Dave J. Balzano, Mark J. Huller, James Benoski, Tim Timmel and Bruce Fisher.

3.  The term "Plaintiff," "you," or "your" as used in these interrogatories shall refer to Mary Lentz, and/or anyone acting on her behalf.

## INTERROGATORIES

### INTERROGATORY NO. 1

State the name, address and telephone number of all person(s) answering these Interrogatories.

### RESPONSE TO INTERROGATORY NO. 1

### INTERROGATORY NO. 2

State the names, addresses, telephone numbers and current employers, if known, of all persons with knowledge concerning the allegations contained in the Complaint.

### RESPONSE TO INTERROGATORY NO. 2

### INTERROGATORY NO. 3

Summarize the facts or circumstances of which those individuals named in response to Interrogatory No. 2 have knowledge.

### RESPONSE TO INTERROGATORY NO. 3

## INTERROGATORY NO. 4

State the category(ies) of damages Plaintiff is claiming in this lawsuit and the total amount of damages under each category(ies).

## RESPONSE TO INTERROGATORY NO. 4

## INTERROGATORY NO. 5

State in detail and with particularity the manner in which Plaintiff intends to determine and/or calculate the amounts for any losses and damages alleged to have been suffered by Plaintiff.

## RESPONSE TO INTERROGATORY NO. 5

## INTERROGATORY NO. 6

State the names, addresses, telephone numbers, employers and occupations of all persons whom Plaintiff expects to call as witnesses at trial.

## RESPONSE TO INTERROGATORY NO. 6

INTERROGATORY NO. 7

Identify each expert Plaintiff intends to call as a witness in the trial of this action, including: the subject matter on which the expert is expected to testify; the substance of the facts and opinions to which the expert is expected to testify; and a summary of the grounds for each opinion as to which the expert is expected to testify.

RESPONSE TO INTERROGATORY NO. 7

INTERROGATORY NO. 8

State the name, address, telephone number and occupation of all persons with whom Plaintiff has communicated concerning this lawsuit and/or the allegations contained in the Complaint and, for each, state the date, place and mode of communication.

RESPONSE TO INTERROGATORY NO. 8

INTERROGATORY NO. 9

State whether Plaintiff has requested or obtained any written statements, signed or unsigned, from any current or former employee of Defendant CIC concerning Plaintiff's employment with Defendant CIC or concerning any of the allegations in the Complaint. If so, identify each such written statement, including the name, address and telephone number of the employee or former employee with whom the statement was requested or obtained and the date that it was obtained.

RESPONSE TO INTERROGATORY NO. 9

## INTERROGATORY NO. 10

Other than the instant Complaint, state whether Plaintiff has ever filed a charge, complaint, action, or lawsuit with the Equal Employment Opportunity Commission or with any other federal, state, or local government agency, department, or court regarding or relating to any employment matter. If so, for each charge, complaint, action, or lawsuit, state:

   a.   the name of the agency, department, or court in which the charge, complaint, and/or action was filed or otherwise instituted;
   b.   the case caption, including the case or docket number;
   c.   the date of filing;
   d.   the names, addresses, and telephone numbers of all parties to the charge, complaint, and/or action; and
   e.   whether the charge, complaint, or action is presently pending and, if not, describe its outcome or resolution, including any judgments entered.

## RESPONSE TO INTERROGATORY NO. 10

## INTERROGATORY NO. 11

Other than the instant Complaint and the lawsuit(s), if any, identified in response to Interrogatory No. 10, state whether Plaintiff has ever filed a complaint, action, or lawsuit with any government agency, department, or court, including any domestic relations matter and any petition for bankruptcy. If so, for each complaint, action, or lawsuit, state:

   a.   the name of the agency, department, or court in which the charge, complaint, and/or action was filed or otherwise instituted;
   b.   the case caption, including the case or docket number;
   c.   the date of filing;
   d.   the names, addresses, and telephone numbers of all parties to the charge, complaint, and/or action; and
   e.   whether the charge, complaint, or action is presently pending and, if not, describe its outcome or resolution, including any judgments entered.

## RESPONSE TO INTERROGATORY NO. 11

INTERROGATORY NO. 12

For any employment, including self-employment, from 1991 to the present (excluding your employment with Defendant CIC), state the full name and business address of each of the employers or person for whom you are or were employed or performed services, the dates of such employment or performance of services, the amount of compensation or monies received from each such employment or source and the period for which you were paid, the amount of compensation, annual salary or hourly rate received, all benefits received (vacation, insurance, etc.), the value of each benefit and the time period during which the benefit was received.

RESPONSE TO INTERROGATORY NO. 12

INTERROGATORY NO. 13

State the name, address, and phone number for each physician, counselor, therapist, psychiatrist, psychologist, or health care provider whom you have consulted within the past five years.

RESPONSE TO INTERROGATORY NO. 13

INTERROGATORY NO. 14

State whether you have attempted to find employment since your separation from Defendant CIC, and if so, recite what efforts you have made.

RESPONSE TO INTERROGATORY NO. 14

INTERROGATORY NO. 15

Recite your employment history from the time of your separation from Defendant CIC until the present.

RESPONSE TO INTERROGATORY NO. 15

Respectfully submitted,

OF COUNSEL:

FROST BROWN TODD LLC
2200 PNC Center
201 East Fifth Street
Cincinnati, OH 45202
(513) 651-6800
(513) 651-6981 (fax)

/s/ Deborah S. Adams
Deborah S. Adams (0005607)
Jack B. Harrison (0061993)
FROST BROWN TODD LLC
2200 PNC Center
201 East Fifth Street
Cincinnati, OH 45202
(513) 651-6800
(513) 651-6981 (fax)

Attorneys for Defendants Cincinnati Insurance Co., Dave J. Balzano, Mark J. Huller, James Benoski, Tim Timmel and Bruce Fisher.

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing Defendants' First Set of Interrogatories has been served upon Lynn Pundzak, 2nd National Bank Building, Suite 999, 830 Main Street, Cincinnati, OH 45202 and Michael K. Sutherlin, Sutherlin & Betz, 1300 First Indiana Plaza, 135 N. Pennsylvania Street, Indianapolis, IN 46204, via ordinary U.S. Mail, postage prepaid, this 10th day of January, 2002.

_Deborah J. Adams_

# **VERIFICATION**

STATE OF OHIO              )
                           ) SS:
COUNTY OF HAMILTON         )


I hereby certify that the foregoing Responses to Defendants' First Set of Interrogatories are true and accurate to the best of my knowledge and belief.

_____
Mary Lentz


Sworn to before me and subscribed in my presence this \_\_\_ day of _____, 2001.

_____
Notary Public

CINlibrary/1120618.1

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| MARY E. LENTZ, | Case No. 01-CV-599 |
| Plaintiff, | Judge Spiegel |
| v. | |
| CINCINNATI INSURANCE CO., A SUBSIDIARY OF CINCINNATI FINANCIAL CORPORATION, et al., | **DEFENDANTS' FIRST REQUEST FOR PRODUCTION OF DOCUMENTS** |
| Defendants. | |

Pursuant to Rule 34 of the Federal Rules of Civil Procedure, Defendants Cincinnati Insurance Co. ("CIC"), Dave J. Balzano, Mark J. Huller, James Benoski, Tim Timmel and Bruce Fisher ("Defendants") hereby request that Plaintiff Mary E. Lentz ("Plaintiff") produce and permit inspection and copying of the documents designated below which are in the possession, custody or control of, or available to Plaintiff or her employees, agents, attorneys or other representatives. Production of responsive documents is requested at the offices of Frost Brown Todd LLC, 2200 PNC Center, 201 East Fifth Street, Cincinnati, Ohio 45202 within thirty (30) days after service of this request, or at some earlier date and time by agreement between the parties. The documents produced shall be organized and labeled as required by subsection (b) of Rule 34.

This request is continuing and must be supplemented when appropriate as required by Rule 26 of the Federal Rules of Civil Procedure.

## I. INSTRUCTIONS

### A. Privileged Documents

If any document is withheld under any claim of privilege, whether attorney-client work product or other, furnish a list identifying each document for which the privilege is claimed, together with the following information: Its date, author, sender and recipient; the persons to whom copies were furnished, together with such person's occupations or job titles, the subject matter(s) of the documents; the basis on which the asserted privilege is claimed, and the paragraph(s) of this request in which production of the document is requested. The paragraph in question shall then be taken to require the production of all responsive documents which are not listed.

### B. Missing Documents

As to any document requested hereby, but which is no longer in Plaintiff's possession, custody, or control or is no longer available to them or is no longer in existence, Plaintiff shall identify the document, state whether it is missing or lost, has been destroyed, has been transferred to others, or has been otherwise disposed of. As to each such document, Plaintiff shall explain the circumstances and the authorization for such disposition and the approximate date of the disposition.

### C. Definitions

1. The term "document" as used in this request shall mean any kind of written, handwritten, printed, typewritten, recorded or graphic matter, including originals, copies, confirmation copies, copies which are not exact duplicates of originals, and drafts, and including, telegrams, cables, telex messages, facsimiles, memoranda, notes, notations, work papers, transcripts, exhibits, minutes, reports and recordings of telephone or other conversations, or of

interviews, or of conferences or other meetings, affidavits, statements, summaries, opinions, reports, studies, analyses, evaluations, contracts, agreements, journals, statistical records, desk calendars, appointment books, diaries, lists, tabulations, summaries, sound or video recordings, computer printouts, data processing input and output, microfilms, all other records kept by electronic, photographic or mechanical means, and things similar to any of the foregoing, however denominated.

2.     The term "Defendants" as used in this request shall refer to Defendants Cincinnati Insurance Co. and any of its affiliated corporate entities or divisions, and any of its agents, servants, employees, officers, directors, attorneys or other representatives, as well as Dave J. Balzano, Mark J. Huller, James Benoski, Tim Timmel and Bruce Fisher.

3.     The term "Plaintiff," "you" or "your" as used in these requests shall refer to Mary E. Lentz, and/or anyone acting on her behalf.

## II. DOCUMENTS REQUESTED

1.     Any and all documents which relate to, refer to, or were obtained in the course of, Plaintiff's employment by Defendant CIC, including any documents relating to Plaintiff's performance of her duties while so employed.

2.     Any and all documents which in any way relate or refer to Plaintiff's communications with any state or federal government agency concerning Defendants or concerning Plaintiff's employment with or separation from Defendant CIC.

3.     Any and all documents which relate or refer to Plaintiff's search for employment during or after her employment with Defendant CIC, including, but not limited to, employment inquiries, applications, offers of employment, rejections, communications with employment agencies and interviews.

4. Copies of Plaintiff's resume, including a current resume and the resume used at the time of her application(s) to the Defendant CIC.

5. Any and all documents which relate to Plaintiff's income, from whatever source, including joint income, during 1997, 1998, 1999, 2000 and continuing up to the date of the trial in this action, including, but not limited to, copies of her local, state and federal income tax returns and working papers used in preparation of such returns.

6. Any and all notes, desk calendars, appointment books, work schedules, diaries or other documents which Plaintiff prepared or referred to in connection with her employment with Defendant CIC or her pursuit of this lawsuit.

7. Any and all reports, summaries or other documents prepared by, or which have been provided to, experts who have been retained by Plaintiff in connection with this matter.

8. Any tape recordings or transcripts of recordings, notes, memoranda or other documents relating to any conversations between Plaintiff and current or former supervisors, managers or employees of Defendant CIC at any time.

9. Any and all documents which reflect, refer or in any way relate to any discussion between or among any of Defendant CIC's managers, employees or agents concerning Plaintiff or the matters contained in Plaintiff's Complaint.

10. Any and all documents and/or statements, whether signed or unsigned, which Plaintiff or her agent has obtained from any person which refer or relate in any way to Plaintiff's employment with Defendant CIC or any of the allegations in Plaintiff's complaint.

11. Any and all documents which reflect, refer, or in any way relate to Plaintiff's conviction of a crime, if any.

12. Any and all documents which reflect, refer or in any way relate to Plaintiff's allegation in paragraph 30 of the Complaint that "women employees who have been promoted to 'Officer' were employed by CIC for a greater number of years than their male counter parts before being elected 'Officer.'"

13. Any and all documents which reflect, refer or in any way relate to Plaintiff's allegation in paragraph 32 of the Complaint that she "perceived and experienced discriminatory treatment from David Balzano who appeared not to have a very high opinion of women and who was unwilling to carry his share of the workload in the Dayton Satellite Office."

14. Any and all documents which reflect, refer or in any way relate to Plaintiff's allegation in paragraph 37 of the Complaint that "Mr. Balzano indeed used the copy money he received from opposing counsel for office purposes such as office lunches."

15. Any and all documents which reflect, refer or in any way relate to Plaintiff's allegation in paragraph 55 of the Complaint that "Mr. Balzano wrongfully accused Ms. Lentz of stealing money and initiated an investigation into Ms. Lentz and the copy money the office had received."

16. Any and all documents which reflect, refer or in any way relate to Plaintiff's allegation in paragraph 64 of the Complaint that "CIC took no disciplinary action against Mr. Balzano, who initiated the practice followed by Ms. Lentz of receiving and using copy money, who initially informed Ms. Lentz of what was to be done with copy money, who had knowledge that Ms. Lentz followed this practice, and who had participated and benefited from the copy money received in Ms. Lentz's cases."

17. Any and all documents which reflect, refer or in any way relate to Plaintiff's allegation in paragraph 69 of the Complaint that Defendant has "discriminated against the Plaintiff based on her gender."

18. Any and all documents which reflect, refer or in any way relate to Plaintiff's allegations in paragraph 70 of the Complaint that Plaintiff was "as qualified or more qualified than her male counterparts."

19. Any and all documents which reflect, refer or in any way relate to Plaintiff's allegations in paragraph 72 of the Complaint that "Defendant CIC knew these allegations to be false."

20. Any and all documents which reflect, refer or in any way relate to Plaintiff's allegations in paragraph 73 of the Complaint that "Defendant CIC did not take any disciplinary action against any other male staff attorneys in the Dayton office of Berlon & Timmel, even though these attorneys were aware of the practice used by Ms. Lentz to obtain and use copy money, and participated in and benefited from the use of the copy money for office purposes."

21. Any and all documents which reflect, refer or in any way relate to Plaintiff's allegation in paragraph 74 of the Complaint that "Defendant CIC's reason for terminating the Plaintiff is pretext for discrimination."

22. Any and all documents which reflect, refer or in any way relate to Plaintiff's allegation in paragraph 76 that Defendants "knowingly made false and defamatory statements to the Dayton Bar Association Ethics Committee and Montgomery County Ohio Prosecutor's office, to various employees of CIC, and to various members of the community about the plaintiff."

23. Any and all documents which reflect, refer or in any way relate to Plaintiff's allegation in paragraph 77 that these statements "impugned her professional career."

24. Any and all documents which reflect, refer or in any way relate to Plaintiff's allegation in paragraph 82 that Defendants "terminated Plaintiff based on her gender."

25. Any and all documents which reflect, refer or in any way relate to Plaintiff's allegation in paragraph 83 that Defendants "intentionally interfered with the known business relationship between CIC and the Plaintiff."

26. Any and all documents which reflect, refer or in any way relate to Plaintiff's allegation in paragraph 90 that "Defendants' conduct was extreme, outrageous and unjustified and is the direct and proximate cause of Plaintiff's severe emotional distress."

27. Any and all documents which reflect, refer, or relate to Plaintiff's allegation that she was discriminated against because of her sex.

28. Any and all other documents not otherwise requested herein which in any way refer or relate to the allegations contained in the Complaint filed in this action or any damages that Plaintiff has allegedly suffered.

29. Any and all documents contained in Plaintiff's medical files of any doctors, medical personnel, counselors, psychologists, and medical or psychiatric facilities which may have treated Plaintiff from 1996 to the present.

|  |  |
|---|---|
| OF COUNSEL:<br><br>FROST BROWN TODD LLC<br>2200 PNC Center<br>201 East Fifth Street<br>Cincinnati, OH  45202<br>(513) 651-6800<br>(513) 651-6981 (fax) | Respectfully submitted,<br><br>*/s/ Deborah S. Adams*<br>Deborah S. Adams (0005607)<br>Jack B. Harrison (0061993)<br>FROST BROWN TODD LLC<br>2200 PNC Center<br>201 East Fifth Street<br>Cincinnati, OH  45202<br>(513) 651-6800<br>(513) 651-6981 (fax)<br><br>Attorneys for Defendants Cincinnati Insurance Co., Dave J. Balzano, Mark J. Huller, James Benoski, Tim Timmel and Bruce Fisher. |

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing Defendants' First Request for Production of Documents has been served upon Lynn Pundzak, 2nd National Bank Building, Suite 999, 830 Main Street, Cincinnati, OH 45202 and Michael K. Sutherlin, Sutherlin & Betz, 1300 First Indiana Plaza, 135 N. Pennsylvania Street, Indianapolis, IN 46204, via ordinary U.S. Mail, postage prepaid, this 10th day of January, 2002.

*[signature]*

CINlibrary/1120617.1

9