# EXHIBIT 2

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT CINCINNATI

| | | |
|---|---|---|
| MARY E. LENTZ, | ) | |
| | ) | |
| Plaintiff(s) | ) | |
| | ) | |
| v. | ) | Cause No. C1-01-599 |
| | ) | |
| CINCINNATI INSURANCE | ) | |
| COMPANY, et al. | ) | |
| | ) | |
| Defendant(s) | ) | |

**PLAINTIFF'S RESPONSE TO DEFENDANT'S FIRST SET OF
INTERROGATORIES ADDRESSED TO PLAINTIFF**

Comes now the Plaintiff, Mary E. Lentz, by counsel, Michael Sutherlin, and

makes the following Response to Defendant's First Set of Interrogatories Addressed to

Plaintiff as follows:

**INTERROGATORY NO. 1:**  State the name, address, and telephone number of

all person(s) answering these Interrogatories.

**ANSWER:**   Mary E. Lentz, 1810 Forestdale Avenue, Beavercreek, Ohio
45432; (937) 4265037

Michael Sutherlin, 1300First Indiana Plaza, 135 N. Pennsylvania
St., Indianapolis, IN 46204; (317) 6318818

**INTERROGATORY NO. 2:**  State the names, telephone numbers and current

employers, if known, of all persons with knowledge concerning the allegations contained

in the Complaint.

**ANSWER:**    Paula Ruppert, 1603 Eva Street, Dayton, OH (937) 2530264.

Courtroom deputy to Chief Judge Walter H. Rice, United States District Court
Southern District of Ohio.

1

Donald Desseyn, 2191 Aslan Drive, York Pennsylvania 17404; 717791-0500; CIC Harrisburg, PA

Fred Young, Utrecht, O'Neal & Young, Troy, Ohio

Don Kaiser, Dallas, Texas (phone number, employer, and address unknown)

Shelly Basuum, 1205 Kercher St., Miamisburg, Ohio 45342. Currently employed at CIC.

Dave Balzano, CIC Home Office

Steve Roach. Managing attorney at Toledo office of CIC

Julia Gibson 7524 Pomeranian Drive, Huber Heights, Ohio 45424. CIC.

Tim Timmel; CFO of CIC

Al Matheny; SIU at CIC

Brian McHenry, Managing attorney at Dayton office of CIC.

Mike Fitzpatrick, Managing attorney at Cleveland office of CIC.

Joe Currin, 8228 Fairway Drive, Columbus, Ohio 43235. Currently employed by Porter, Wright, Morris and Arthur, Columbus, Ohio.

Troy Reichers, claims supervisor at CIC

Sue Silberbusch, The Practice, 810 International Parkway 5th Floor, Heathrow, Florida 32746; (407) 562 1908.

Plaintiff reserves the right to name other witnesses as they may become known as discovery continues.

**INTERROGATORY NO. 3:** Summarize the facts or circumstances of which those individuals named in response to Interrogatory No. 2 have knowledge.

**ANSWER:**    Objection.  Plaintiff objects to this Interrogatory because the question asked is overly broad and vague. Also Plaintiff objects to the extent that the Interrogatory seeks privileged information protected by the work product rule.  Without

waiving the objection and expressly preserving it Plaintiff provides the following answer
as to statements not covered by the privilege. Generally, all of the people listed in
Interrogatory No. 2 will testify about their interactions with me and/or the facts and
circumstances surrounding my termination. More specifically, as to:

| | |
|---|---|
| Joe Currin: | See attached document. |
| Brian McHenry: | See attached document. |
| Julia Gibson: | See attached document. |
| Shelly Bascom: | See attached document |
| Sandra Brower (deceased): | See attached document. |
| Paula Ruppert: | See attached document. |
| Dave Balzano: | See attached document. |
| Al Matheny | See attached documents. |
| Mark Huller: | See attached documents. |
| Jim Benoski: | See attached documents |

**INTERROGATORY NO. 4:** State the category(ies) of damages Plaintiff is
claiming in this lawsuit and the total amount of damages under each category(ies).

**ANSWER:** Lost wages – at this time over $100,000. Emotional distress and
damage to reputation over $400,000.

**INTERROGATORY NO. 5:** State in detail and with particularity the manner in
which Plaintiff intends to determine and/or calculate the amounts for any losses and
damages alleged to have been suffered by Plaintiff.

**ANSWER:** Based on salary, yearly bonus, company car; participation in 401k
plan; TAP plan – medical and daycare savings plan; stock options; two weeks vacation;

3

personal days; health and life insurance; disability insurance; and other benefits provided by CIC and use of W2 and 1099 income; time spent looking through blind ads, personal contacts, Ohio State Bar Association green book ads, networking, and several interviews that were not fruitful.

**INTERROGATORY NO. 6:** State the names, addresses, telephone numbers, employers and occupations of all persons whom Plaintiff expects to call as witness at trial.

**ANSWER:** See response to Interrogatory No. 2.

**INTERROGATORY NO. 7:** Identify each expert Plaintiff intends to call as a witness in the trial of this action, including: the subject matter on which the expert is expected to testify; the substance of the facts and opinions to which the expert is expected to testify; and a summary of the grounds for each opinion as to which the expert is expected to testify.

**ANSWER:** At this time, no expert witnesses have been chosen. Plaintiff will seasonably identify experts within the time designated by the Court's Order.

**INTERROGATORY NO. 8:** State the name, address, telephone number, and occupation of all persons with whom Plaintiff's communicated concerning this lawsuit and/or the allegations contained in the Complaint and, for each, state the date, place, and mode of communication.

**ANSWER:** Objection. Plaintiff objects to this Interrogatory because the question asked is overly broad and vague. Also Plaintiff objects the extent that the Interrogatory seeks privileged information protected by the work product rule. Without

4

waiving the objection and expressly preserving it the Plaintiff provides the following

answer as to statements not covered by the privilege.

Phillip Rumme, husband, sales engineer – Greentec Precision, Inc.; talked with numerous times, however I cannot remember the exact dates or exact number of times we conversed.

Jennifer Kirkpatrick, lawyer, Freund, Freeze & Arnold, Cincinnati, Ohio, (513) 5873906 talked numerous times, however I cannot remember the exact dates or exact number of times we conversed.

Tom Lentz, accountant, brother, 590 Lake of the Woods Blvd., Akron, Ohio, (330) 8648995; talked with numerous times, however I cannot remember the exact dates or exact number of times we conversed.

Christ Lentz, lawyer, brother, Columbus, Ohio, (614) 2676565; talked with numerous times, however I cannot remember the exact dates or exact number of times we conversed.

Chitaun Nooks, Arbitration clerk,Dayton, Ohio, (937) 2256042; talked with numerous times, however I cannot remember the exact dates or exact number of times we conversed.

Stel Kirbabas, friend, Public Relations,Cincinnati Hills Christian School, (513) 7774352; talked with numerous times, however I cannot remember the exact dates or exact number of times we conversed.

Sharon Boland, friend, GM at Microsoft, Charlotte, North Carolina; talked approximately five times about the matter, however I do not remember the specific dates of those conversations.

Don Dessyn, attorney at CIC, (717) 7910500; talked with three times about the matter, however I do not remember the specific dates of two of those conversations. One conversation took place in January of 2000.

Sandy Corwin, friend, data analyst at Ohio Health,Columbus, Ohio; talked with numerous times, however I cannot remember the exact dates or exact number of times we conversed.

Marcia Dowds, friend,Dayton, Ohio, Girl Scout District Manager; talked approximately eight times about the matter, however I do not remember the specific dates.

Patty Belch, friend, Delware, Ohio; talked approximately two times about the matter, however I do no remember the specific dates of the conversations.

Kris Burkett, friend and lawyer, Newark, Ohio, (740) 3451589; talked approximately two times about the matter, however, I do not remember the specific dates of the conversations.

Susan Blasik Miller, friend and lawyer at Freund Freeze & Arnold, Dayton, Ohio; 937222-2424; talked approximately two times about the matter, one such time was in January of 2000.

Paula Ruppert, former secretary and friend, courtroom deputy for Chief Federal Judge Walter H. Rice, 1603 Eva Street, Dayton, Ohio, (937) 5121501; talked with numerous times, however I cannot remember the exact dates or exact number of times we conversed.

Joe Currin, attorney now with Columbus firm Porter and Wright; talked approximately two times about the matter, however I do not remember the specific dates.

Terry Geiger, attorney, Montgomery County Mediator (she served on the Ethics Committee that heard my claim); talked approximately three times after May of 2000, however I do not remember the specific dates of those conversations.

John Hoffman, attorney, Miami Valley Hospital, Dayton, Ohio; talked about the matter one time after May of 2000, however I do not remember the specific date of the conversation.

John Briedenbach, attorney, Dayton, Ohio; talked approximately two times about the matter, however I do not remember the specific dates. First time was in March of 2000.

Gordon Arnold, lawyer at Freund, Freeze, & Arnold, (937) 2222424; talked about the matter on two occasions, once in January of 2000 and a second time in March of 2000.

Robert Snyder, lawyer at Freund, Freeze & Arnold, (937) 2222424; talked about matter approximately two times about the matter after August of 2000, however I do not remember the specific dates.

Shawn Blatt, lawyer at Freund, Freeze & Arnold, (937) 2222424; talked approximately one time about the matter after March 10, 2000, however I do not remember the specific date of the conversation.

Kevin Connell, lawyer at Freund, Freeze & Arnold, (937) 2222424; talked about the matter on two occasions, one in January of 2000 and one after March 10, 2000, however I do not remember the specific dates of the conversations.

Karrie Stack, friend, public relations coordinator, Edward, Howard & Co., Dayton, Ohio, 2281141; talked with numerous times, however I cannot remember the exact dates or exact number of times we conversed.

Jeff Hazlett, attorney, Nick Subashi law offices, Dayton, Ohio; talked about the matter approximately two times after March 10, 2000, however I do not remember the specific dates.

Debbie Nerderman, friend and day care director of YMCA at Wilkinson Street, Dayton, Ohio, (937) 2237711; talked approximately three times about the matter after March 10, 2000, however I do not know the specific dates of those conversations.

Bill Winks, attorney inSpringfield, Ohio; talked about the matter on one occasion, however I do not remember the specific date of the conversation.

Gil Switala, attorney,Dayton, Ohio; talked about the matter one time after, however I do not remember the specific date of the conversation.

Arlene Rochin; attorney at Indianapolis office of CIC; talked about the matter on one occasion after Easter of 2000; I talked with her many times.

Carol Kelly, crew leader for the United States Census Bureau, (937) 4311034; talked about this matter on one occasion during the census job I took after April of 2000, however I do not remember the specific date of the conversation.

Carmine Garofalo, attorney for Dyer, Garofalo, Mann & Schultz, Dayton, Ohio, 223888; talked about the matter on one occasion in the Spring of 2000.

Troy Reichers, CIC Claims supervisor; talked about the matter on two occasions, both sometime after October 2001, however I do not remember the specific dates of the conversations.

Tom Glass, friend and attorney at Strauss & Troy in Cincinnati, Ohio (513)6212120; on three occasions all after March 10, 2000, however I do not remember the specific dates of those conversations.

Cinnamon Huston, lawyer at Freund, Freeze & Arnold, Dayton, Ohio (937)2222424, talked about the matter with her on one occasion in January of 2002, however I do not remember the specific date of the conversation.

Roger Makely; attorney; talked about the matter numerous times however I do not remember the specific dates of the conversations.

Jeff Silverstein, attorney, Dayton, Ohio; talked about the matter on two or three occasions all in between December 28, 1999, and January 4, 2000, however I do not remember the specific dates.

Joan Brenner, attorney at ES Gallon in Dayton, served as my Dayton Bar Association Ethics Committee Investigator; talked about the matter on three occasions after January of 2000, however I do not remember the specific dates.

Sue Silberbusch; talked once after March 2000—perhaps during summer.

One interviewer at the Ohio Insurance Commission; Columbus, Ohio; talked to on one occasion after March 10, 2000, however, I do not remember her name or the specific date of the conversation.

Two interviewers with Allstate Insurance Company; Cincinnati, Ohio, talked to on one occasion after March 10, 2000, however I do not remember their names or the specific date of the conversation.

Six members and interviewers at the law firm of Brandabur Campbell Finlay Johnson Weckstein & Beard, 260 N. Detroit Street, Xenia Ohio 45385 (937) 3724411; talked about matter with all of them on one occasion after July of 2000, however I do not remember the specific date of the conversation.

**INTERROGATORY NO. 9:**  State whether Plaintiff has requested or obtained any written statements, signed or unsigned, from any current or former employee of Defendant CIC concerning Plaintiff's employment with Defendant CIC or concerning any of the allegations in the Complaint. If so, identify each such written statement, including the name, address, and telephone number of the employee or former employee with whom the statement was requested or obtained and the date that it was obtained.

**ANSWER:**     Yes.  A letter of reference from Don Desseyn (see response to Interrogatory No. 2).

**INTERROGATORY NO. 10:**  Other than the instant Complaint, state whether Plaintiff had ever filed a charge, complaint, action, or lawsuit with the Equal Protection Opportunity Commission or with any other federal, state, or local government agency,

8

department, or court regarding or relating to any employment matter. If so, for each

charge, complaint, action, or lawsuit, state:

     a.     the name of the agency, department, or court in which the charge, complaint, and action was filed or otherwise instituted;

     b.     The case caption, including the case or docket number;

     c.     The date of filing;

     d.     The names, addresses, and telephone numbers of all parties to the charge, complaint, and/or action; and

     e.     Whether the charge, complaint, or action is presently pending, and, if not, describe its outcome or resolution, including any judgments entered.

**ANSWER:**   No.

**INTERROGATORY NO. 11:**  Other than the instant Complaint and lawsuit(s),

if any, identified in response to Interrogatory No. 10, state whether Plaintiff has ever filed

a complaint, action, or lawsuit with any government agency, department, or court,

including any domestic relations matter and any petition of bankruptcy. If so, for each

complaint, action or lawsuit, state:

     a.     the name of the agency, department, or court in which the charge, complaint, and action was filed or otherwise instituted;

     b.     The case caption, including the case or docket number;

     c.     The date of filing;

     d.     The names, addresses, and telephone numbers of all parties to the charge, complaint, and/or action; and

     e.     Whether the charge, complaint, or action is presently pending, and, if not, describe its outcome or resolution, including any judgments entered.

**ANSWER:** No.

**INTERROGATORY NO. 12:** For any employment, including self-employment, from 1991 to the present (excluding your employment with Defendant CIC), state the full name and business address of each of the employers or person for whom you are or were employed or performed services, the dates of such employment or performances of services, the amount of compensation or monies received from each such employment or source and the period for which you were paid, the amount of compensation, annual salary, or hourly rate received, all benefits received (vacation, insurance, etc.), the value of each benefit and the time period during which the benefit was received.

> **ANSWER:** Freund, Freeze & Arnold (19901997). At the time of my departure I made approximately $64,000.00 per year with health benefits, disability benefits, life insurance benefits, bar dues and CLE, and 401 K, as well as three weeks vacation, among other benefits.
>
> Ohio State University; Human Resources Department (February – June 2000). I interviewed former welfare recipients by phone and recorded their responses by computer. Wages were $12.50 per hour. No benefits.
>
> United States Census Bureau (March--August 2000). Crew leader assistant and enumerator. Received $12.75 per hour. No benefits.
>
> Unemployment benefits (began March 2000).
>
> Michael Buckwalter, Xenia, Ohio 45385. sole practitioner, (September 2000). Initially made $30.00 per hour for ten hours per week with the understanding that I would get percentage fees for cases I worked on. In the year 2000, I made $3,050.00 from this arrangement. In January 2001, the arrangement was modified. I gave up the hourly rate in order to work on more cases and receive fees. I made approximately $13,000.00 from this arrangement. In 2002, I made approximately $21,000.00 from the arrangement. There were no benefits, no insurance, and no CLE.
>
> Self-employment (2000). I represented a friend who was in an automobile accident. I made approximately $1,400.00.

Gottschlich & Portune (2001). Initially I handled a project for Gary Gottschlich and received approximately $1223.00 in payment. On December 10, 2001 I joined Gottschlich & Portune as a nonequity partner. I make forty percent of whatever in collected from what I bill clients. If I bring the client to the firm, I get twenty percent of what is billed, regardless if I do the work. In 2002, I received approximately $3,000.00. I receive life insurance, malpractice insurance, office furniture and computer, will get CLE allowance after six months, and staff is provided.

Since 1991, I also have made money as an arbitrator with the Montgomery County Common Pleas Court Arbitration Program and the Greene County Common Pleas Court Arbitration Program.

**INTERROGATORY NO. 13:** State the name, address, and phone number for each physician, counselor, therapist, psychiatrist, psychologist, or health care provider whom you have consulted within the past five years.

**ANSWER:**    Jim Horlacher, ObGyn;Dayton, Ohio

Jeff Hatcher M.D., ObGyn now in Indiana

Thomas Burwinkle, M.D., reproductive endocrinologist at Kettering Medical Center in Kettering, Ohio

Maureen Perez, M.D., Centerville, Ohio, (937) 4359013.

Nancy Romer, M.D., ObGyn Center, Miami Valley Hospital (937) 2085000.

John Jump, M.D., physiatrist, Kettering Memorial Hospital.

Daniel O'Brien, DDS, Xenia Road, Beavercreek, Ohio

Various physicians at Miami Valley Hospital for childbirth and procedures related to fertility problems.

**INTERROGATORY NO. 14:**    State whether you have attempted to find employment since your separation from Defendant CIC, and if so, recite what efforts you have made.

**ANSWER:**    Yes.  I went on several interviews and talked to countless people about the possibility of employment.  I looked at the Ohio State Bar Association green book weekly.

**INTERROGATORY NO. 15:**    Recite your employment history from the time of your separation from Defendant CIC until the present.

**ANSWER:**    See response to Interrogatory No. 12.

I affirm under penalties of perjury that the foregoing representations are true to the best of my knowledge and belief.

Mary E. Lentz
Plaintiff

As to any objections:

Michael Sutherlin,
Attorney for the Plaintiff
Attorney No. 508-49

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a copy of the foregoing has been served upon Deborah S.

Adams, Jack B. Harrison, FROST BROWN TODD LLC, 2200 PNC Center, 201 East

Fifth Street, Cincinnati, Ohio 452015715; and Lynn D. Pundzak, Second National

Building, Suite 999, 830 Main Street, Cincinnati, OH 45202, by first class, United States

mail, postage prepaid, this 27 day of February, 2002.

Michael K. Sutherlin

Michael K. Sutherlin
Attorney No. 50849
SUTHERLIN & BETZ
1300 First Indiana Plaza
135 North Pennsylvania Street
Indianapolis, IN 46204
(317)6346313
FAX (317)6318818

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION ATCINCINNATI

MARY E. LENTZ,                )
                             )
        Plaintiff(s)         )
                             )
    v.                       )      Cause No. C1-01-599
                             )
CINCINNATI INSURANCE          )
COMPANY, et al.              )
                             )
        Defendant(s)         )

**PLAINTIFF'S RESPONSE TO DEFENDANT'S**
**FIRST REQUEST FOR PRODUCTION OF DOCUMENTS**

Comes now the Plaintiff, Mary E. Lentz, by counsel, Michael Sutherlin, and

makes the following Response to Defendant's First Request for Production of Documents

dated January 10, 2002.

**REQEUST NO. 1:** Any and all documents which relate to, refer to, or were

obtained in the course of, Plaintiff's employment by Defendant CIC, including any

documents relating to Plaintiff's performance of her duties while so employed.

**RESPONSE:** Attached are the following documents:

1.      Interoffice memoranda and email.

2.      Memoranda from the CIC's home office in Cincinnati.

3.      Letters to previous counsel for the Plaintiff.

4.      Performance Reviews of Mary Lentz for the years 1997, 1998, 1999.

5.      Letters and applications concerning disability leave and benefits.

1

6.      Documents pertaining to the use of a company automobile.

**REQUEST NO. 2**: Any and all documents which in any way relate or refer to Plaintiff's communications with any state or federal government agency concerning Defendants or concerning Plaintiff's employment with or separation from Defendant CIC.

**RESPONSE:**  Attached are the following documents:

1.      Notices pertaining to unemployment rights and eligibility issues.

2.      Applications to receive unemployment benefits.

3.      Letters to the Dayton Bar Association

4.      Letters and applications to the EEOC

5.      Letters and applications to the Ohio Civil Rights Commission

**REQUEST NO. 3**:  Any and all documents which relate or refer to Plaintiff's search for employment during or after her employment with Defendant CIC, including, but not limited to, employment inquires, applications, offers of employment, rejections, communications with employment agencies and interviews.

**RESPONSE:** Attached are the following documents:

1.      Brochures and pamphlets concerning unemployment benefits.

2.      Newspaper and Internet advertisements for legal xpositions.

3.      Applications letters to various law firms.

4.      Cover letters from various law firms

2

**REQUEST NO. 4:**  Copies of Plaintiff's resume, including a current resume and the resume used at the time of her application(s) to the Defendant CIC.

**RESPONSE:**  Defendant would have original resume.  Attached is current resume.

**REQUEST NO. 5:**    Any and all documents which relate to Plaintiff's income, from whatever source, including joint income, during 1997, 1998, 1999, 2000 and continuing up to the date of the trial in this action, including, but not limited to her local, state, and federal income tax returns and working papers used in such returns.

**RESPONSE:**  See first response for information pertaining to Plaintiff's income. Also, 1998, 1999, and 2000 tax return summaries; a W2 form from 2000; a 1040 form from 2000; 1099 forms from 2000; documents pertaining to sources of income throughout 2001 and into 2002.

**REQUEST NO. 6:**  Any and all notes, desk calendars, appointment books, work schedules, diaries or other documents which Plaintiff prepared or referred to in connection with her employment with Defendant CIC or her pursuits to this lawsuit.

**RESPONSE:**  Calendars for the years 1997, 1998, 1999, 2000, 2001.

**REQUEST NO. 7:**  Any and all reports, summaries or other documents prepared by, or which have been provided to, experts who have been retained by Plaintiff in connection with this matter.

**RESPONSE:**   No experts have been selected at this time. However, if or when experts are selected, information will be provided to the Defendants pursuant to Federal Rules of Civil Procedure Rule 26.

3

**REQUEST NO. 8:** Any tape recordings or transcripts of recordings, notes, memoranda, or other documents relating to any conversation between Plaintiff and current or former supervisors, managers, or employees of Defendant CIC at any time.

**RESPONSE:**  Plaintiff has no such documents at this time. Plaintiff reserves the right to supplement discovery response given that discovery is still ongoing.

**REQUEST NO. 9:**  Any and all documents which reflect, refer or in any way relate to any discussion between or among any of Defendant CIC's managers, employees, or agents concerning Plaintiff or the matters contained in Plaintiff's Complaint.

**RESPONSE:**  Plaintiff has no such documents at this time. Plaintiff reserves the right to supplement discovery response given that discovery is still ongoing.

**REQUEST NO. 10:**    Any and all documents and/or statements, whether signed or unsigned, which Plaintiff or her agent has obtained from any person which refer or relate in any way to Plaintiff's employment with Defendant CIC or any of the allegations in Plaintiff's complaint.

**RESPONSE:**  Objection. Plaintiff objects to this request to the extent that it is overly broad and vague.  Also the Plaintiff objects to the extent that the materials requested may be privileged under the work product rule.

**REQUEST NO. 11:**  Any and all documents which reflect, refer, or in any way relate to Plaintiff's conviction or a crime, if any.

**RESPONSE:**  Plaintiff has no such documents at this time. Plaintiff reserves the right to supplement discovery response given that discovery is still ongoing.

4

**REQUEST NO. 12:**    Any and all documents which reflect, refer or in any way related to Plaintiff's allegation in paragraph 30 of the Complaint that "women employees who have been promoted to 'Officer' were employed by CIC for a greater number of years than their male counter parts before being elected 'Officer.'"

**RESPONSE:**   Plaintiff has no such documents at this time. Plaintiff reserves the right to supplement discovery response given that discovery is still ongoing.

**REQUEST NO. 13:**  Any and all documents which reflect, refer or in any way related to Plaintiff's allegation in paragraph 32 of the Complaint that she "perceived and experienced discriminatory treatment from David Balzano who appeared not to have a very high opinion of women and who was unwilling to carry his share of the workload in the Dayton Satellite Office."

**RESPONSE:**   Plaintiff has no such documents at this time. Plaintiff reserves the right to supplement discovery response given that discovery is still ongoing.

**REQUEST NO. 14:**    Any and all documents which reflect, refer or in any way related to Plaintiff's allegation in paragraph 37 of the Complaint that "Mr. Balzano indeed used the copy money he received from opposing counsel for office purposes such as office lunches."

**RESPONSE:**   Plaintiff has no such documents at this time. Plaintiff reserves the right to supplement discovery response given that discovery is still ongoing.

**REQUEST NO. 15:**    Any and all documents which reflect, refer or in any way relate to Plaintiff's allegation in paragraph 55 of the Complaint that "Mr. Balzano

wrongfully accused Ms. Lentz of stealing money and initiated an investigation into Ms. Lentz and copy money the office had received.

**RESPONSE:**  Plaintiff has no such documents at this time. Plaintiff reserves the right to supplement discovery response given that discovery is still ongoing.

**REQUEST NO. 16:**    Any and all documents which reflect, refer, or in any way relate to Plaintiff's allegation in paragraph 64 of the Complaint that "CIC took no disciplinary action against Mr. Balzano, who initiated the practice followed by Ms. Lentz of receiving and using copy money, who initially informed Ms. Lentz of what was to be done with copy money, who had knowledge that Ms. Lentz followed this practice, and who had participated and benefited from the copy money received in Ms. Lentz's cases."

**RESPONSE:**  Plaintiff has no such documents at this time.

Plaintiff reserves the right to supplement discovery response given that discovery is still ongoing.

Respectfully Submitted,

Michael Sutherlin,
Attorney for the Plaintiff

6

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing has been served upon Deborah S. Adams, Jack B. Harrison, FROST BROWN TODD LLC, 2200 PNC Center, 201 East Fifth Street, Cincinnati, Ohio 452015715; and Lynn D. Pundzak, Second National Building, Suite 999, 830 Main Street, Cincinnati, OH 45202, by first class, United States mail, postage prepaid, this 27 day of February, 2002.


Michael K. Sutherlin


Michael K. Sutherlin
Attorney No. 50849
SUTHERLIN & BETZ
1300First Indiana Plaza
135 North Pennsylvania Street
Indianapolis, IN 46204
 (317)6346313
FAX (317)6318818