# EXHIBIT 7



# Frost Brown Todd LLC
## ATTORNEYS

OHIO · KENTUCKY · INDIANA · TENNESSEE

Deborah S. Adams
(513) 651-6705
DADAMS@FBTLAW.COM

May 7, 2005

Via Facsimile and Regular Mail

Michael K. Sutherlin, Esq.
Michael K. Sutherlin & Associates
P.O. Box 441095
Indianapolis, IN 46244-1095

Re: Lentz v. Cincinnati Insurance Company

Dear Mr. Sutherlin:

This is to respond to your voicemail left on Friday afternoon, May 6, in which you informed me you were refusing to produce documents which we previously requested and which you previously agreed to produce. Your voicemail message referred to your "recollection and understanding" that Ms. Lentz did not intend to seek lost wage damages for calendar years 2002, 2003, 2004 and 2005. While we appreciate learning that, it does not remove your obligation to produce the documents. Our requests have been pending for years. Plaintiff made no objection previously and has waived the right to do so, particularly since Plaintiff and your office have repeatedly agreed to produce the documents.

The 1998 bank statements have nothing to do with Lentz's "lost wages" but go to her motive for theft. Lentz agreed to produce bank statements from that time period and did so, but failed to produce statements for July and December 1998. At her deposition, you represented the omission was inadvertent and that you would produce them.

With regard to documents concerning Lentz's income since termination, your belated (and inconsistent) objection is not valid. Lentz's income has relevance to her allegations of emotional distress and any claim she may pursue for compensatory and/or punitive damages. Moreover, you have repeatedly agreed to produce them. At her deposition, Ms. Lentz represented she would produce earnings information. Your paralegal called this office in April, asked for another copy of the March 8, 2005 letter (which she said you had lost) and made no mention of any objection to production. In fact, she apologized for the delay. Given the time constraints, we need the documents no later than May 16. If we do not have them by then, we will seek the Court's intervention.

Michael K. Sutherlin, Esq.
May 7, 2005
Page 2

    As to your response to Defendants' Motions in Limine, we accept your proposal that all Plaintiff's responses to all Motions in Limine will be filed no later than May 23, 2005.

Sincerely,

Deborah S. Adams

DSA/lm

CinLibrary 1504784v.1

