Defendant Balzano's Proposed Jury Instruction No. 6

**Ms. Lentz's Claim For Tortious Interference
With A Business Relationship Against Mr. Balzano**

Ms. Lentz claims that Mr. Balzano purposely interfered with her employment relationship with Cincinnati Insurance Company by informing his supervisor, Mark Huller, of a report by his secretary that Ms. Lentz was directing that reimbursement checks for copies made by Cincinnati Insurance Company be made out to her personally and that she was injured as a result. Ms. Lentz must show by a preponderance of the evidence:

(1) that there was an employment relationship between her and Cincinnati Insurance Company,

(2) that Mr. Balzano knew of the employment relationship,

(3) that Mr. Balzano acted intentionally with the purpose of interfering with Ms. Lentz's employment relationship by reporting to Mr. Huller his secretary's report that Ms. Lentz was directing that reimbursement checks for copies made by Cincinnati Insurance Company be made out to her personally, and

(4) that Ms. Lentz was terminated or her professional relationship interfered with as a direct and proximate result of the intentional act of Mr. Balzano. In other words, if Ms. Lentz fails to show that Balzano directly caused her termination, her claim fails.

In considering this claim, you should consider "qualified privilege." The law gives an employer and its managers a qualified privilege to discuss matters of common business interest. The qualified privilege protects managers who have such discussions from liability. In order to overcome this privilege, Ms. Lentz must prove that Mr. Balzano was not acting within the scope of his professional capacity as managing attorney when he informed Mr. Huller that Ms. Lentz was seeking that reimbursement checks from third parties be made out to her personally. Ms. Lentz must also show that Mr. Balzano made his report with knowledge that his communication

49

was false or that he acted with reckless disregard as to the truth or the falsity of his communication.

<u>Authority</u>

    *Evely v. Carlon Co.*, 4 Ohio St. 3d 163, 165, 447 N.E.2d 1290 (1983); <u>*Smith v. Klein*, 23 Ohio App.3d 146, 492 N.E.2d 852</u>; <u>*Juhasz v. Quik Shops, Inc.*, 55 Ohio App.2d 51, 9 O.O.3d 216, 379 N.E.2d 235</u>; *Anderson v. Minter*, 32 Ohio St. 2d 207, 291 N.E.2d 457 (1972); *Russell v. Northwood*, Wood App. No. WD-97-050 unreported, 1998 Ohio App. LEXIS 717 (1998); *Canderm Pharmacal, Ltd. v. Elder Pharm., Inc.*, 862 F.2d 597, 601 (6th Cir. 1998); *Contadino v. Tilow*, 68 Ohio App. 3d 463, 589 N.E.2d 48, 50 (1st Dist. 1990) ("The tort of wrongful interference with an employment relationship requires a showing of either wanton or malicious behavior."); *Dryden v. Cincinnati Bell Tel.*, 135 Ohio App. 3d 394, 734 N.E.2d 409, 415 (1st Dist. 1999) ("One who intentionally causes a third person not to perform a contract does not do so improperly by giving the third person truthful information."); *Horsley v. Wal-Mart, Inc.*, 1997 Ohio App. LEXIS 5988, at *12 (4th Dist. Dec. 23, 1997); *Carter v. Aramark Sports & Entm't Servs.*, 153 Md. App. 210, 243 (2003) (affirming summary judgment on an intentional interference claim where the employee Plaintiff, a baseball park usher, was accused of and discharged for a scheme to defraud the park concessionaire out of frozen yogurt proceeds because Plaintiff failed to prove the concessionaire or its supervisor used "the investigation as an opportunity to wreak [their] ill-will upon appellant to abuse and vilify her, and to injure her in the estimation of her neighbors," which was required in order for them to lose their qualified privilege).

Given _____

Given as Modified _____

Refused _____

50

Defendant Balzano's Proposed Jury Instruction No. 7

**Consider Damages Only If Necessary**

If Ms. Lentz has proven by a preponderance of the evidence that David Balzano is liable on her claim of intentional infliction of emotional distress and/or her claim of tortious interference with a business relationship, then you must determine the damages to which Ms. Lentz is entitled.

However, you should not infer that Ms. Lentz is entitled to recover damages merely because I am instructing you on the elements of damages. It is exclusively your function to decide upon liability, and I am instructing you on damages only so that you will have guidance should you decide that Ms. Lentz is entitled to recover damages against Mr. Balzano.

Authority:

*Modern Federal Jury Instructions* ¶ 77.01, Instruction 77-1.

Given _____

Given as Modified _____

Refused _____

51

Defendant Balzano's Proposed Jury Instruction No. 8

**Compensatory Damages**

In the event you are convinced by a preponderance of the evidence that Ms. Lentz has proven her claims of tortious interference with a business relationship or intentional infliction of emotional distress**,** then you must determine the amount of compensatory damages, if any, to which Ms. Lentz is entitled. If you find that David Balzano is not liable to Ms. Lentz, then you are not to determine the amount of these damages.

Compensatory damages may cover the mental aspects of injury, tangible or intangible. They may include personal humiliation, mental anguish and suffering and loss of reputation, if there is competent evidence concerning such injury.  Compensatory damages are intended to make a party whole for any loss they may have suffered as a result of another party's actions and are not intended as punishment.

Compensatory damages cannot be based upon speculation or possibility of injury.  You may award Ms. Lentz only such damages as will reasonably compensate for any proved injury and damage that you find, from a preponderance of the evidence in the case, she has sustained as a direct consequence of the alleged action of Mr. Balzano.

No evidence of the value of intangible things such as personal humiliation and mental anguish and suffering is necessary.  With regard to this type of damage, it is not value that you are trying to determine, but an amount that will fairly compensate for the injury, if any, that a party has suffered.  There is no exact standard for fixing the compensation to be awarded on account of such elements of damage.  Any such award should be fair and just in light of the evidence.  It is for the jury to determine what compensatory damages, if any, will be awarded.

Authority:

52

*Modern Federal Jury Instruction* ¶77.01, Instruction 77.3.

Given _____

Given as Modified _____

Refused _____

Defendant Balzano's Proposed Jury Instruction No. 9

**Punitive Damages**

If you find that Ms. Lentz has proven her claims against Mr. Balzano of intentional infliction of emotional distress or tortious interference with a business relationship, then you may, but are not required, to award her punitive damages. Punitive damages are in addition to any compensatory damages. If you award punitive damages, you must state the amount of those damages on the verdict form separately from the amount of any compensatory or lost wages damages you may award.

You may award punitive damages on Ms. Lentz's intentional infliction of emotional distress claim and/or her tortious interference with a business relationship claim only if you find that Ms. Lentz has proven by "clear and convincing evidence" that Mr. Balzano acted with "actual malice."

**Clear and Convincing Evidence**. Clear and convincing evidence means greater than a preponderance of the evidence. It requires the existence of a fact to be highly probable.

**Actual Malice.** "Actual malice" is defined as a state of mind characterized by hatred, ill will or a spirit of revenge, or conscious disregard for the rights and safety of other persons that had a great probability of causing substantial harm. Conduct sufficient to satisfy the "conscious disregard" requirement must be outrageous, flagrant and criminal. In order to prove "actual malice," Ms. Lentz must prove something more than intentional infliction of emotional distress or tortious interference with a business relationship. In other words, you should not

54

automatically award punitive damages just because you may have found that Ms. Lentz has

proven any of her claims.

Authority:

    *Virostek v. Liberty Township Police Dept.*, 2001 U.S. App. LEXIS 15909 at *33 n.7 (6th Cir. 2001) (under Ohio law, nominal damages alone do not support punitive damages award); *Turic v. Holland Hospitality, Inc.*, 85 F.3d 1211, 1215-16 (6th Cir. 1996) (actions showing mere lack of empathy do not support punitive damages); *Rice v. CertainTeed Corp.*, 84 Ohio St. 3d 417, 704 N.E. 2d 1217 (Ohio 1999); *Zoppo v. Homestead Ins. Co.*, 71 Ohio St. 3d 552, 644 N.E. 2d 397 (Ohio 1994); *Moskovitz v. Mt. Sinai Medical Center*, 69 Ohio St. 3d 638, 650, 635 N.E.2d 331 (Ohio 1994) (proof of actual damages necessary predicate for punitives); *Preston v. Murty*, 32 Ohio St. 3d 334, 512 N.E.2d 1174 (Ohio 1987) (defining "actual malice"); *Ridley v. Federal Express*, 2004 Ohio App. LEXIS 2261 at **30-31 (Cuyahoga Cty. 2004) (more than discrimination or tort must be proven for "actual malice"; standard of proof is "clear and convincing" evidence); *Pelletier v. Rumpke Container Serv.*, 142 Ohio App. 3d 54 (Hamilton Cty. 2001).

Given _____

Given as Modified _____

Refused _____

55

Defendant Balzano's Proposed Jury Instruction No. 10

**Unanimous Decision**

Your decisions must represent the considered judgment of every juror. It will be
necessary that you all agree to any decision and indicate that agreement by signing the
appropriate forms.

Given _____

Given as Modified _____

Refused _____

56

Defendant Balzano's Proposed Jury Instruction No. 11

**Special Interrogatories and Verdict Form**

Upon retiring to the jury room, you should first select one of your number to act as your foreperson who will preside over your deliberations and who will be your spokesperson here in Court. Other than the foregoing, that person will have no greater nor lesser function than any other juror.

The exhibits which have been admitted into evidence and a copy of these instructions will go to the jury room with you. Attached to these instructions is a specific set of special interrogatories and verdict forms related to Ms. Lentz's claims against David Balzano for tortious interference with a business relationship and the intentional infliction of emotional distress, which will also accompany you to the jury room. You will also complete separate sets of special interrogatories and verdict forms for Ms. Lentz's claim of gender discrimination against Cincinnati Insurance Company and for Cincinnati Insurance Company's claim against Ms. Lentz for conversion.

The special interrogatories and verdict form are made up of questions concerning the important issues in the case. Unless otherwise indicated, these questions are to be answered "yes" or "no." Your answers must be unanimous and must reflect the conscientious judgment of each juror. You should answer every question, except where the form indicates otherwise.


Authority:

*Modern Federal Jury Instructions* ¶78.01, Instructions 78-9; ¶78-19, Instruction 78-5.

Given _____

Given as Modified _____

Refused _____

57

**C.    DEFENDANT CINCINNATI INSURANCE COMPANY'S PROPOSED JURY INSTRUCTIONS RELATED TO ITS COUNTERCLAIM AGAINST MARY LENTZ**

Defendant CIC's Proposed Jury Instruction No. 1

**Equal Before The Law**

One of your jobs as jurors in this case is to determine the issues of fact presented by the counterclaim of Cincinnati Insurance Company against Mary Lentz. You are called upon to decide whether Ms. Lentz unlawfully converted funds belonging to Cincinnati Insurance Company by taking those funds and placing them in her personal bank account.

You are to perform this duty without bias or prejudice as to any party. Our system of law does not permit jurors to be governed by sympathy, prejudice, or public opinion. You must carefully and impartially consider all the evidence in the case, follow the law as stated by the Court, and reach a just verdict, regardless of the consequences. This case should be considered and decided by you as an action between persons of equal worth and equal standing in the community.

A corporation like Cincinnati Insurance Company is entitled to the same fair trial at your hands as a private individual like Ms. Lentz. Sympathy for either party, or prejudice against either party, should play no part in your deliberations or in your decision. All parties, including corporations, stand equal before the law and are to be dealt with as equals in a court of justice. Corporations only act through their officers, agents and managers, who are people like you and me.

Authority:

Devitt & Blackmar § 71.04.

58

Given _____

Given as Modified _____

Refused _____

Defendant CIC's Proposed Jury Instruction No. 2

**The Institution Of These Claims**

The mere fact that Cincinnati Insurance Company has brought a claim against Mary

Lentz is not evidence that Ms. Lentz did anything wrong or is liable in any way.

Authority:

Fed.R.Civ.P. 3.

Given _____

Given as Modified _____

Refused _____

60

Defendant CIC's Proposed Jury Instruction No. 3

**The Parties' Claims And Responses**

Cincinnati Insurance Company has brought a counterclaim against Ms. Lentz asserting that Ms. Lentz wrongfully converted funds belonging to Cincinnati Insurance Company.  Ms. Lentz denies these allegations.

Given _____

Given as Modified _____

Refused _____

61

Defendant CIC's Proposed Jury Instruction No. 4

**Burden Of Proof / Preponderance Of Evidence**

In a civil action such as this one, the burden is on the person suing to prove every single essential element of each of their claims by a preponderance of the evidence. Cincinnati Insurance Company bears the burden of proving that Ms. Lentz wrongfully converted its funds and wrongfully retained the $600.00 expense account advance.

These instructions will outline for you the essential elements that must be proven for the claim brought by Cincinnati Insurance Company. If Cincinnati Insurance Company fails to establish any essential element of its claim by a preponderance of the evidence, then you must find for Mary Lentz on that claim.

What does a "preponderance of evidence" mean? To establish a fact by a preponderance of the evidence means to prove that the fact is more likely true than not true. A preponderance of the evidence means the greater weight of the evidence.

If you find that the weight of the evidence is equally balanced on any claim – that it is equally probable that Ms. Lentz is right as it is that Cincinnati Insurance Company is right – or if you are unable to determine which side of an issue has been proven by a preponderance, then you must find against Cincinnati Insurance Company on its claim of conversion. The party making the claim bears the burden of proving all essential elements of the claim by a preponderance of the evidence. If a party does not meet that burden, the claim fails.

Authority:

Devitt & Blackmar § 2.01; Modern Federal Jury Instructions ¶ 73.01, Instruction 73-2.

Given _____

Given as Modified _____

Refused _____

62

Defendant CIC's Proposed Jury Instruction No. 5

**Unlawful Conversion of Funds Against Ms. Lentz**

Cincinnati Insurance Company claims that Ms. Lentz wrongfully converted funds belonging to it and placed those funds in her personal bank account, using those funds for her personal expenses. Cincinnati Insurance Company also claims that Ms. Lentz wrongfully retained funds provided to her as an expense account advance. In order to prevail on its claims, Cincinnati Insurance Company must prove by a preponderance of the evidence (1) that the funds received by Ms. Lentz were the property of Cincinnati Insurance Company, which Cincinnati Insurance Company had an immediate right to possess and (2) that Ms. Lentz deprived Cincinnati Insurance Company of its right to these funds by placing them in her personal bank account without permission or authority. If you find that Cincinnati Insurance Company has proven both of these elements, then you must find for Cincinnati Insurance Company on its claim for conversion.

Authority

OJI § 257.01. *Joyce v. General Motors Corp.*, 49 Ohio St. 3d 93, 96 (1990); *Bench Billboard Co. v. Columbus (1989), 63 Ohio App.3d 421, 579 N.E.2d 240*; *Ohio Tel. Equip. & Sales, Inc. v. Hadler Realty Co. (1985), 24 Ohio App.3d 91, 24 Ohio B. 160, 493 N.E.2d 289.*

Given _____

Given as Modified _____

Refused _____

63

Defendant CIC's Proposed Jury Instruction No. 6

**Consider Damages Only If Necessary**

If Cincinnati Insurance Company has proven by a preponderance of the evidence that Ms.

Lentz wrongfully converted its funds, then you must determine the damages to which Cincinnati

Insurance Company may be entitled.

However, you should not infer that any party is entitled to recover damages merely

because I am instructing you on the elements of damages. It is exclusively your function to

decide upon liability, and I am instructing you on damages only so that you will have guidance

should you decide that any party is actually entitled to recover any damages.


Authority:

    *Modern Federal Jury Instructions* ¶ 77.01, Instruction 77-1.

Given _____

Given as Modified _____

Refused _____

64

Defendant CIC's Proposed Jury Instruction No. 7

**Compensatory Damages**

In the event you are convinced by a preponderance of the evidence that Cincinnati Insurance Company has proven its claim of unlawful conversion of funds against Ms. Lentz**,** then you may determine the amount of compensatory damages, if any, to which Cincinnati Insurance Company is entitled. If you find that Ms. Lentz is not liable to Cincinnati Insurance Company, then you are not to determine the amount of these damages.

Compensatory damages are intended to make a party whole for any loss they may have suffered as a result of another party's actions and are not intended as punishment. Compensatory damages cannot be based upon speculation or possibility of injury. You may award Cincinnati Insurance Company only such damages as will reasonably compensate for any proved injury and damage that is the direct consequence of Ms. Lentz's conduct or actions.

There is no exact standard for fixing the amount of compensatory damage. Any such award should be fair and just in light of the evidence. It is for the jury to determine what compensatory damages, if any, will be awarded.

Authority:

*Modern Federal Jury Instruction* ¶77.01, Instruction 77.3.

Given _____

Given as Modified _____

Refused _____

65

Defendant CIC's Proposed Jury Instruction No. 8

## Punitive Damages

    If you find that Cincinnati Insurance Company has proven its claim of unlawful conversion of funds, then you may, but are not required, to award punitive damages. If you award punitive damages, you must state the amount of those damages on the verdict form separately from the amount of any compensatory damages you may award.

    You may award punitive damages on Cincinnati Insurance Company's claim of unlawful conversion only if you find that Cincinnati Insurance Company has proven by "clear and convincing evidence" that Ms. Lentz acted with fraud or "actual malice."

**Clear and Convincing Evidence**. "Clear and convincing" evidence is a greater burden of proof than a preponderance of the evidence. It requires the existence of a fact to be highly probable.

**Actual Malice.** Actual Malice is defined as a state of mind characterized by hatred, ill will or a spirit of revenge, or a conscious disregard for the rights and safety of other persons that has a great probability of causing substantial harm. Conduct sufficient to satisfy the "conscious disregard" requirement must be outrageous, flagrant and criminal. In order to prove "actual malice," Cincinnati Insurance must prove more than the unlawful conversion of funds belonging to it. In other words, you should not award punitive damages just because you may have found that Cincinnati Insurance Company has proven any of its claims. "Actual malice" requires the additional showing defined here.

66

Authority:

     *Virostek v. Liberty Township Police Dept.*, 2001 U.S. App. LEXIS 15909 at *33 n.7 (6th Cir. 2001) (under Ohio law, nominal damages alone do not support punitive damages award); *Turic v. Holland Hospitality, Inc.*, 85 F.3d 1211, 1215-16 (6th Cir. 1996) (actions showing mere lack of empathy do not support punitive damages); *Rice v. CertainTeed Corp.*, 84 Ohio St. 3d 417, 704 N.E. 2d 1217 (Ohio 1999); *Zoppo v. Homestead Ins. Co.*, 71 Ohio St. 3d 552, 644 N.E. 2d 397 (Ohio 1994); *Moskovitz v. Mt. Sinai Medical Center*, 69 Ohio St. 3d 638, 650, 635 N.E.2d 331 (Ohio 1994) (proof of actual damages necessary predicate for punitives); *Preston v. Murty*, 32 Ohio St. 3d 334, 512 N.E.2d 1174 (Ohio 1987) (defining "actual malice"); *Ridley v. Federal Express*, 2004 Ohio App. LEXIS 2261 at **30-31 (Cuyahoga Cty. 2004) (more than discrimination or tort must be proven for "actual malice"; standard of proof is "clear and convincing" evidence); *Pelletier v. Rumpke Container Serv.*, 142 Ohio App. 3d 54 (Hamilton Cty. 2001); *Greene v. American Bankers Ins.*, 1994 Ohio App. LEXIS 4617 (Oct. 13, 1994) ("The tort of conversion is the wrongful exercise of dominion or control over the property of another in denial of or inconsistent with his rights. As a tort, punitive damages may be recovered upon a demonstration of oppression, fraud, or actual malice on the part of the tortfeasor.").

Given _____

Given as Modified _____

Refused _____

67

Defendant CIC's Proposed Jury Instruction No. 9

**Unanimous Decision**

Your decisions must represent the considered judgment of every juror.  It will be
necessary that you all agree to any decision and indicate that agreement by signing the
appropriate forms.

Given _____

Given as Modified _____

Refused _____

68

Defendant CIC's Proposed Jury Instruction No. 10

**Special Interrogatories and Verdict Form**

Upon retiring to the jury room, you should first select one of your number to act as your foreperson who will preside over your deliberations and who will be your spokesperson here in Court.  Other than the foregoing, that person will have no greater nor lesser function than any other juror.

The exhibits which have been admitted into evidence and a copy of these instructions will go to the jury room with you.  Attached to these instructions is a specific set of special interrogatories and verdict forms related to Cincinnati Insurance Company's claim for conversion against Ms. Lentz, which will also accompany you to the jury room.  You will also complete separate sets of special interrogatories and verdict forms for Ms. Lentz's claim of gender discrimination against Cincinnati Insurance Company and for Ms. Lentz's claims for tortious interference with business relationship and intentional infliction of emotional distress against Mr. Balzano.  The special interrogatories and verdict form are made up of questions concerning the important issues in the case.

Unless otherwise indicated, these questions are to be answered "yes" or "no."  Your answers must be unanimous and must reflect the conscientious judgment of each juror.  You should answer every question, except where the form indicates otherwise.

Authority:

*Modern Federal Jury Instructions* ¶78.01, Instructions 78-9; ¶78-19, Instruction 78-5.

Given _____

Given as Modified _____

Refused _____

69

### III.    INSTRUCTIONS PROPOSED BY PLAINTIFF AND OPPOSED BY DEFENDANTS

**Plaintiff's Proposed Issue Instruction**

The Plaintiff, Mary Lentz, has sued Defendant Cincinnati Insurance Company (CIC) and Defendant David Balzano.  She complains against CIC that she was wrongfully terminated from her position of staff attorney in the Dayton office of BERLON & TIMMEL, an unincorporated association of lawyers working for CIC, based upon her gender.  She contends that CIC has a practice of discriminating against women in promotions and advancement, and a selective policy of discipline in which men are treated more leniently or their conduct is excused.

The complaint against the Defendant David Balzano is based upon an intentional infliction of emotional distress and an intentional interference with a business relationship. Plaintiff contends that Defendant Balzano deliberately misled and lied to officers of CIC about an approved practice of using recaptured expense money from cases to spend on office activities, such as lunches.  Plaintiff contends that Mr. Balzano lied when he reported Ms. Lentz's use of expense money and allowed CIC to accuse Ms. Lentz of appropriating these funds for her own personal use.   When Defendant Balzano reported these facts to CIC, he and CIC ignored testimony from all the co-workers as to the actual practice, terminated Ms. Lentz, reported her conduct to the Dayton Bar Association's Ethics Committee and the Prosecutor's office, and provided less than a complete and candid report to each of these agencies.  Ms. Lentz suffered lost wages, humiliation, emotional anguish, and embarrassment from the conduct of all the Defendants.  Defendant CIC contends that she was terminated for cause and Defendant Balzano denies that he intentionally inflicted emotional distress or intentionally caused her to lose her job. Additionally, Defendant CIC has a counterclaim for conversion seeking $3,050 in total damages.

70

_____ Accepted


_____ Rejected


_____ Modified


71

**Plaintiff's Proposed Jury Instruction No. 2**

When a corporation is involved it may act only through natural persons as its agents or employees; and, in general, any agent or employee of a corporation may bind the corporation by his acts and declarations made while acting within the scope of his authority delegated to him by the corporation, or within the scope of his duties as an employee of the corporation.

Devitt & Blackmar, § 71.09.

_____ Accepted

_____ Rejected

_____ Modified

72

**<u>Plaintiff's Proposed Jury Instruction No. 3</u>**

In a civil action such as this one, the burden is on the Plaintiff, Mary Lentz, to prove each essential element of her claim by a preponderance of the evidence. Those elements will be discussed in a moment. If the proof should fail to establish an essential element of Ms. Lentz's claims by a preponderance of the evidence, then you should find for the Defendant as to that claim.

To "establish by a preponderance of the evidence" means to prove that something is more likely so, than not. In other words, a preponderance of the evidence in this case means such evidence as, when considered and compared with that opposed to it, has more convincing force, and produces in your minds belief that what is sought be proved is more likely true than not true. This rule does not, of course, require proof to an absolute certainty, since proof to an absolute certainty is seldom possible in any case.

In determining whether any fact in issue has been proved by a preponderance of the evidence in this case, you may consider the testimony of all witnesses, regardless of who may have called them, and all exhibits received in evidence, regardless of who may have produced them.

<u>Devitt & Blackmar</u> § 72.01.


_____ Accepted


_____ Rejected


73

_____ Modified

**Plaintiff's Proposed Jury Instruction No. 4**

Generally speaking, there are two types of evidence from which you may properly find the truth as to the facts of this case. One is direct evidence—such as the testimony of an eyewitness. The other is indirect or circumstantial evidence—the proof of a chain of circumstances pointing to the existence or non-existence of certain facts.

As a general rule, the law makes no distinction between direct or circumstantial evidence, but simply requires that you find the facts in accordance with the preponderance of all the evidence in this case, both direct and circumstantial.

Devitt & Blackmar § 72.03.

_____ Accepted

_____ Rejected

_____ Modified

75

**<u>Plaintiff's Proposed Jury Instruction No. 5</u>**

At all times relevant there was in force a disciplinary rule for attorneys of Ohio which states in pertinent part as follows:

A lawyer possessing unprivileged knowledge of or evidence concerning another lawyer or judge shall reveal fully such knowledge or evidence upon proper request of tribunal or other authority empowered to investigate or act upon the conduct of lawyers or judges.

Ohio Code of Professional Responsibility, DR 1-103.

_____ Accepted

_____ Rejected

_____ Modified

**Plaintiff's Proposed Jury Instruction No. 6**

The Plaintiff, Mary Lentz, claims that her gender was a motivating factor for the Defendant, Cincinnati Insurance Company's (CIC) decision to fire her.  The Plaintiff has the burden of proving both of the following elements by a preponderance of the evidence:

1.    That she was discharged by the Defendant; and

2.    That her gender was a motivating factor in the Defendant, CIC's decision to terminate her.

If you find that Ms. Lentz has proven both of these elements, your verdict should be for her. If, on the other hand, Ms. Lentz has failed to prove either of these elements, your verdict should be for the Defendant, CIC.

Devitt & Blackmar § 104.03 (Pocket Part 1999); *Costa v. Desert Palace, Inc.*, 299 F.3d 838, 855 (9th Cir. 2002) (*en banc*), *aff'd* by 539 U.S. 90 (2003) ("It is not normally appropriate to introduce the *McDonnell Douglas* burden-shifting framework to the jury"); Devitt & Blackmar § 104.04 (Pocket Part 1999) ("The proposed instruction does not charge the jury on the complex burden shifting formula established in *McDonnell Douglas v. Green* [citation omitted] and *Texas Dept of Community Affairs v. Burdine* [citation omitted].  This proposed instruction reflects the view expressed in *Mullen v. Princess Anne Volunteer Fire Co., Inc*., 853 F.2d 1130, 1137 (4th Cir. 1988), that 'the shifting burdens of production of *Burdine* are intended to aid the judge in organizing the evidence to be presented.'  They are beyond the function and expertise of the jury, which need never hear the term '*prima facie* case.'"; *Johnson v. Kroger Co*., 319 F.3d 858, 865 (6th Cir. 2003) (concern is on "conclusion that unlawful discrimination was at least a motivating factor in the employer's actions.") (quoting *Jacklyn v. Schering-Plough Healthcare Prods. Sales*

77

*Corp*., 176 F.3d 921, 926 (6th Cir. 1999)); *Toosen v. Roadway Express, Inc*., 47 Fed. App. 370, 373 (6th Cir. 2002) (in fashioning jury instructions, "it would be better practice for the trial court to use the statutory term [motivating factor]…").

_____ Accepted

_____ Rejected

_____ Modified

78

**Plaintiff's Proposed Jury Instruction No. 7**

       If you find that Defendant CIC discriminated against Plaintiff Mary Lentz, then you must determine an amount that is fair compensation for Plaintiff's damages. You may award compensatory damages for injuries caused by Defendant CIC's wrongful conduct. In calculating damages, you should not consider the issue of lost wages and benefits, as these damages are, by law, ascertained by the judge in this case. You should, however, consider the physical, mental, and emotional pain suffered by Ms. Lentz, as well as any inconvenience Defendant CIC's actions caused her. Furthermore, you should consider any future expenses, other than lost pay, that Ms. Lentz will reasonably incur as a result of Defendant CIC's unlawful actions, including any reputational injury Defendant CIC's unlawful actions had on Ms. Lentz.

       No evidence of monetary value of such intangible things as emotional pain and suffering need be introduced into evidence at this trial. There is no exact standard for fixing the compensation to be awarded for these elements of damages.

       In determining the amount of any damages that you decide to award, you should be guided by common sense. You should use sound discretion in fixing an award of damages, drawing reasonable inference from the facts presented to you in the evidence.

Devitt & Blackmar § 104.06 (Pocket Part 1999); Seventh Circuit Proposed Pattern Jury Instructions § 3.10.


       _____ Accepted


       _____ Rejected

79

_____ Modified

80

**<u>Plaintiff's Proposed Jury Instruction No. 8</u>**

It is the duty of any person who has been injured to use reasonable diligence and reasonable means under the circumstances, in order to prevent the aggravation of such injures and to effect a recovery from such injuries.

<u>Devitt & Blackmar</u> § 85.13.


_____ Accepted


_____ Rejected


_____ Modified


81

**Plaintiff's Proposed Jury Instruction No. 9**

If you find Defendant CIC intentionally discriminated against Ms. Lentz, the law allows you to award punitive damages.

The purpose of an award of punitive damages is, first, to punish a wrongdoer for misconduct, and second, to warn others against doing the same.

In this case you may award punitive damages if you find by a preponderance of the evidence that CIC engaged in a discriminatory practice or practices with malice or reckless indifference to the rights of Ms. Lentz to be free from intentional discrimination in employment.

If you determine that CIC's conduct justifies an award of punitive damages, you may award an amount of punitive damages that you deem proper. In fixing the amount of punitive damages, you should consider the following questions: How offensive was the conduct? What is CIC's financial condition and their ability to pay punitive damages? What is the impact of CIC's unlawful conduct on Ms. Lentz? What is the likelihood that CIC would repeat the conduct if an award of punitive damages is not made? Is the amount reasonable in light of these considerations?

If you do award punitive damages, you should fix the amount using rational discretion and sound reason. You must not be influenced by sympathy for or dislike of any party in the case. Rather, you should focus on the offensiveness and reprehensibility of CIC's conduct.

Devitt & Blackmar § 104.07 (Pocket Part 1999); Seventh Circuit Proposed Pattern Jury Instructions § 3.13.

82

_____ Accepted

_____ Rejected

_____ Modified

83

**Plaintiff's Proposed Jury Instruction No. 10**

Ms. Lentz has also alleged a claim of intentional infliction of emotional distress against Defendant David Balzano.  To prove her claim of intentional infliction of emotional distress, Ms. Lentz must prove by a preponderance of the evidence:

1.  That Defendant David Balzano intended to cause Ms. Lentz serious emotional distress;

2.  That Defendant Balzano's conduct was extreme and outrageous; and

3.  That Defendant Balzano's conduct was the proximate cause of Ms. Lentz's serious emotional distress.

*Phung v. Waste Management, Inc.*, 644 N.E.2d 286, 289 (Ohio 1994); *Gnezda v. City of North Royalton*, 2004 WL 637781, *4  (Ohio Ct. App. 2004) (quoting *Phung*).

_____ Accepted

_____ Rejected

_____ Modified

84

**<u>Plaintiff's Proposed Jury Instruction No. 11</u>**

In order to show serious emotional distress, Ms. Lentz must show distress such that a reasonable person, normally constituted, would be unable to cope adequately with the mental distress caused by the circumstances in this case. Examples of serious emotional distress include, but are not limited to, traumatically induced neurosis, psychosis, chronic depression, or phobia.

*Paugh v. Hanks*, 451 N.E.2d 759, 765 (Ohio 1983); *Buckman-Peirson v. Brannon*, 822 N.E.2d 830, 836 (Ohio Ct. App. 2004) (quoting *Paugh*).

_____ Accepted

_____ Rejected

_____ Modified

**Plaintiff's Proposed Jury Instruction No. 12**

In order to show extreme and outrageous conduct, Ms. Lentz must show that Defendant Balzano's actions were beyond the bounds of decency, excessive, wanton, or gross. In short, Defendant Balzano's actions need to be intolerable in a civilized society.

2 Ohio Jury Instructions (Civil) § 219.03 (2002); *Yeager v. Local Union 20*, 453 N.E.2d 666, 671 (Ohio 1983).

_____ Accepted

_____ Rejected

_____ Modified

86

**<u>Plaintiff's Proposed Jury Instruction No. 13:</u>**

In order for Ms. Lentz to recover damages, she must show that Defendant Balzano's actions were the proximate cause of her injuries. Proximate cause is an act or failure to act which in the natural and continuous sequence directly or substantially produces an injury, and without which the injury would not have occurred.

1 Ohio Jury Instructions (Civil) § 11.10 (2002); Devitt & Blackmar § 80.18.

_____ Accepted

_____ Rejected

_____ Modified

87

**Plaintiff's Proposed Jury Instruction No. 14**

Ms. Lentz has argued that Defendant David Balzano intentionally interfered with her business relationship, namely, her employment relationship with CIC. In order to show an intentional interference with a business relationship, Ms. Lentz must show:

1. That there was an employment relationship between her and CIC;

2. That Defendant Balzano knew of this relationship;

3. That Defendant Balzano intentionally interfered with Ms. Lentz's employment relationship thereby causing a breach or termination in that relationship;

4. That Defendant Balzano acted outside the scope of his employment when he engaged in his interfering acts; and

5. That Defendant Balzano's unlawful actions proximately caused Ms. Lentz to suffer damages.

*Wauseon Plaza Limited Partnership v. Wauseon Hardware Co*., 807 N.E.2d 953, 962-63 (Ohio Ct. App. 2004); 3 Ohio Jury Instructions § 302.03 (Civil) (2002); *Anderson v. Minter*, 291 N.E.2d 457, 461 (Ohio 1972).


_____ Accepted


_____ Rejected


_____ Modified

88

**Plaintiff's Proposed Jury Instruction No. 15**

  If you find by a preponderance of the evidence that Ms. Lentz has proven either her claim for intentional infliction of emotional distress or her claim for intentional interference with a business relationship, then you must determine the amount of compensatory damages to which she is entitled.

  In determining compensatory damages, you should consider any pain, suffering, personal humiliation, loss of reputation, or other tangible or intangible losses you determine Ms. Lentz has shown.  No evidence of the value of such intangible things as mental anguish need be shown by Ms. Lentz.  A determination of the fair value of compensable damages is left to your reasoned discretion, and your analysis should be guided by fairness and justice.


Devitt & Blackmar §§ 85.01, 85.02; 1 Ohio Jury Instructions (Civil) § 23.01 (2002).



_____ Accepted


_____ Rejected


_____ Modified

89

**Plaintiff's Proposed Jury Instruction No. 16**

       In addition to compensatory damages, you are permitted to award punitive damages. Punitive damages are designed to punish a wrongdoer, and to serve as an example or warning to others not to engage in such conduct.

       To award punitive damages you must find that Defendant Balzano's actions were done with actual malice.  In other words, Defendant Balzano must have acted with ill will, a spirit of revenge, or with a conscious disregard for the rights of Ms. Lentz.  Punitive damages may be awarded upon a showing of clear and convincing evidence, which is to say they may be awarded if it is highly probable Defendant Balzano engaged in unlawful behavior.

Devitt & Blackmar § 85.19; *Fisher v. Barker*, 825 N.E.2d 244, 248 (Ohio Ct. App. 2005); *Preston v. Murty*, 512 N.E.2d 1174, 1176 (Ohio 1987).

_____ Accepted

_____ Rejected

_____ Modified

90

CinLibrary 1508659v.1