**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

| | | |
|---|---|---|
| MARY E. LENTZ, | : | Case No.: 01-CV-599 |
| | : | |
| Plaintiff, | : | (Judge Watson) |
| | : | |
| v. | : | |
| | : | |
| CINCINNATI INSURANCE CO., et al., | : | **MOTION TO STRIKE UNDISCLOSED WITNESSES** |
| | : | |
| Defendants. | : | |

Pursuant to Federal Rules of Civil Procedure 26 and 37, Defendants Cincinnati Insurance Company ("CIC") and David Balzano ("Balzano") (collectively, "Defendants") move the Court to strike Phil Rumme ("Rumme") and Roger Makley ("Makley") from Plaintiff's list of potential witnesses. Despite repeated opportunities and contrary to clear obligations, Plaintiff Mary Lentz ("Plaintiff") failed to disclose Rumme and Makley as potential witnesses. Plaintiff's repeated, unjustifiable failure to identify these witnesses has unfairly prejudiced Defendants. Accordingly, the Court is requested to strike Rumme and Makley from the list of potential witnesses. The grounds for this motion are more fully set forth in the attached Memorandum in Support of Motion to Strike.

Respectfully submitted,

s/ Deborah S. Adams
Deborah S. Adams (0005607)
Jack B. Harrison (0061993)
FROST BROWN TODD LLC
2200 PNC Center
201 East Fifth Street
Cincinnati, OH 45202
(513) 651-6705
(513) 651-6981 (fax)
dadams@fbtlaw.com
jharrison@fbtlaw.com

Trial Attorneys for Defendants

**MEMORANDUM IN SUPPORT OF MOTION TO STRIKE**

I.   **INTRODUCTION**

Plaintiff is attempting what many courts have branded trial by "surprise" with her last minute addition of witnesses Rumme and Makley. Plaintiff violates numerous rules, orders, and protocols of this Court by failing to disclose Rumme and Makley, despite an ongoing duty to do so. Plaintiff's failure to disclose is inexcusable considering the numerous opportunities for disclosure and Plaintiff's familiarity with the witnesses and the subject matter of their testimony since before her lawsuit. Because of Plaintiffs' unexplainable failure, Defendants had no opportunity to depose Rumme and Makley. Plaintiff's eleventh-hour addition of witnesses has unduly prejudiced Defendants. Accordingly, the Court is requested to strike Rumme and Makley from the list of potential witnesses.

II.   **FACTUAL BACKGROUND**

Plaintiff served her Initial Disclosures upon Defendants on January 5, 2002. In those disclosures, Plaintiff identified 17 individuals as potential witnesses. (See Pl.'s Initial Disclosures, attached as Ex. 1.) Rumme and Makley were not identified. Plaintiff stated that her disclosures were "based on information reasonably available and Plaintiff reserves the right to modify this disclosure as discovery continues." (Id. at 2.) Rumme was and is Plaintiff's husband. Makley was Plaintiff's prior counsel retained in late 1999. Any information to which they could testify was certainly "reasonably available" to Plaintiff at the time of the disclosures. (See Pl.'s List of Witnesses, excerpted from Joint Proposed Final Pretrial Order at 15-16, attached as Ex. 2.) But Plaintiff did not "modify this disclosure" by naming Rumme and Makley as witnesses at any time during discovery.

Plaintiff again omitted Rumme and Makley when she responded to Defendant's First Set of Interrogatories on February 27, 2002. She identified neither in her response to a request for all persons with knowledge concerning her allegations. She also failed to identify Rumme and Makley in her response to a request to identify her witnesses. Neither was identified as an expert witness. (See Pl.'s Resp. Def.'s First Set Interrogs., attached as Ex. 3.) Even though "Plaintiff reserve[d] the right to name other witnesses as they [became] known as discovery continue[d]," and even though Rumme and Makley were known to her at the time, Plaintiff failed to identify Rumme and Makley as persons with knowledge or as witnesses. (Id. at 2.)

Even after discovery closed and the Court denied Plaintiff's request to extend the discovery deadline, Plaintiff still did not disclose Rumme and Makley as potential witnesses. In a Status Report filed on October 21, 2004, Plaintiff reserved "the right to renew her motion to reopen discovery to depose the person who replaced Plaintiff." (See Status Report at 2, attached as Ex. 4.) No mention was made of Rumme or Makley in Plaintiff's reservation and still no disclosure of either name occurred.

The very first mention to Defendants of Rumme or Makley as potential witnesses occurred this month, on May 10, 2005. Plaintiff's counsel informed Defendant's counsel by telephone conversation of his intent to "add Mary Lentz's husband and her attorney Roger Makley [sic] as witnesses." (See Letter from Jack B. Harrison to Michael K. Sutherlin, Esq., attached as Ex. 5.) In that conversation, Plaintiff's counsel asserted that they had been identified in "previous discovery responses." (Id.) Contrary to her counsel's assertion, Makley and Rumme were not disclosed as potential witnesses prior to May 10, 2005.

Plaintiff's **four year** failure to identify the two witnesses deprived Defendants of the opportunity to depose or conduct other discovery from Rumme or Makley. The Rules of Civil

3

Procedure do not permit Plaintiff to withhold evidence in an effort to ambush Defendants on the eve of trial. Those Rules dictate that Rumme and Makley be stricken from the list of potential witnesses.

### III. ARGUMENT OF LAW

**A.    Rumme And Makley Should Be Stricken From The List of Potential Witnesses Because Plaintiff Repeatedly and Unjustifiably Failed to Disclose Their Identity As Potential Witnesses As Required By Rule 26 And This Court's Rules.**

Rule 26 requires that the parties to an action disclose the identity of witnesses whom they may call in support of their claims or defenses and to give an accurate description of the subject matter of each such witness's testimony. See Fed. R. Civ. P. 26. Rule 26(e) further requires parties to supplement their disclosures and responses to interrogatories. Additionally, Section J of this Court's Trial Procedures provides in pertinent part: "No witness may be included on a witness list if not identified in connection with initial disclosures required under Fed. R. Civ. P. 26 (or reasonably timely supplements thereto), or in response to a discovery request seeking the identity of persons with knowledge . . . ." Finally, Rule 37(c)(1) states:

> A party that without substantial justification **fails to disclose** information required by Rule 26(a) or 26(e)(1), or **to amend a prior response** to discovery as required by Rule 26(e)(2), is **not**, unless such failure is harmless, **permitted to use** as evidence at a trial, at a hearing, or on a motion **any witness** or information not disclosed.

These clear disclosure and discovery requirements were meant to prevent the exact weapon Plaintiff attempts to brandish – trial by "surprise." See Erskine v. Consolidated Rail Corp., 814 F.2d 266, 272 (6th Cir. 1987) ("One of the primary objectives of the discovery provisions embodied in the Federal Rules of Civil Procedure is elimination of surprise in civil trials.").

4

> One of the purposes of the Rules of Civil Procedure is to **eliminate surprise**. This is accomplished by way of a discovery procedure which mandates **a free flow of accessible information** between the parties upon request, and which imposes **sanctions for failure to timely respond** to reasonable inquires.

Parker v. I&F Insulation Co., 1998 Ohio App. LEXIS 1187, at *11 (1st Dist. Mar. 27, 1998), attached as Ex. 6, (citing Jones v. Murphy, 465 N.E.2d 444, 446 (1984)).

Courts have excluded the testimony of witnesses under circumstances similar to those presented here. In Parker, a potential witness was first disclosed over a month after the discovery deadline and shortly before the disclosing party was to try its case. 1998 Ohio App. LEXIS 1187, at *9-10. The appellate court concluded that exclusion of the testimony was appropriate because the disclosing party violated the discovery rules and the opposing party had no opportunity to prepare for the witness's testimony. Id. at *10-14 (stating that the failure to disclose need not even be willful to warrant sanctions).

The district court in Black v. Columbus Public Schools similarly excluded the testimony of plaintiff's co-worker in a Title VII case. 124 F. Supp. 2d 550, 561 (S.D. Ohio 2000). The co-worker was not disclosed as a witness and the defendant did not depose the co-worker because of the non-disclosure. Relying on Rule 37(c)(1), the court struck the witness's testimony because Plaintiff failed to identify her as a witness during discovery. Id.

Here, as in Parker and Black, Plaintiff never provided Defendants with any indication that Rumme and Makley would testify, despite repeated opportunities and obligations to identify them. Neither was named as a witness in Plaintiff's Initial Disclosures, or in Plaintiff's interrogatory responses, even though she reserved the right to supplement her list of witnesses and the right to reopen discovery. In addition, Plaintiff previously asserted that her testimony alone is sufficient to establish intentional infliction of emotional distress. (Pl.'s Br. Opp. Summ.

J. at 30-31; Pl.'s Resp. Renewed Mot. Summ. J. at 5-7.)  She can hardly now be heard to say that the testimony of Makley and Rumme is necessary for this claim.

Plaintiff was well aware of their existence and any potential testimony since before the lawsuit.  By failing to properly disclose Rumme and Makley as potential witnesses, Plaintiff robbed Defendants of an opportunity to investigate the limits of their knowledge.  Rule 37(c)(1) requires exclusion of a witness where a party fails to disclose the witness or fails to supplement a prior discovery response.  Plaintiff unjustifiably failed on both accounts and such failure was not harmless to Defendants.  Therefore, according to the applicable law, the exclusion of these witnesses is mandatory.  Dickenson v. Cardiac and Thoracic Surgery of E. Tenn., 388 F.3d 976, 983 (6th Cir. 2004).

In addition to the fact that Makley's potential testimony was not disclosed to Defendants, the subject matter of his testimony is wholly irrelevant.  Plaintiff has indicated that she intends for Makley to "testify about Cincinnati Insurance Company's referral to the Dayton Ethics Committee and the Prosecutor's Office."  (Ex. 2 at 15.)  Mark Huller ("Huller"), an attorney with CIC, reported Plaintiff's illegal conversion of CIC money to the appropriate ethical and criminal authorities, as required by his profession.  See Ohio Code Prof'l. Responsibility DR 1-102(A) and DR 1-103.  Huller's individual ethical obligations as an attorney to report the admitted commingling of funds by a fellow attorney says absolutely nothing about CIC's propensity to commit gender discrimination in employment.  Huller's reporting certainly has no relevance to Plaintiff's intentional infliction of emotional distress and tortious interference claims against Balzano.  To admit such evidence would greatly prejudice both Defendants.  That unfair prejudice clearly outweighs any alleged probative value.

## IV. CONCLUSION

The Rules of Civil Procedure are meant to provide an even playing field free of surprise and undue prejudice. That is exactly why parties are required to disclose the witnesses who will testify. Plaintiff has attempted to gain an unfair advantage by submitting Rumme and Makley as potential witnesses without disclosing them during discovery. Her tactics violate both the letter and spirit of this Court's Trial Procedures and the Rules of Civil Procedure and should not be countenanced by this Court. Rumme and Makley must be stricken from the list of potential witnesses.

        Respectfully submitted,

        s/ Deborah S. Adams
        Deborah S. Adams (0005607)
        Jack B. Harrison (0061993)
        FROST BROWN TODD LLC
        2200 PNC Center
        201 East Fifth Street
        Cincinnati, OH  45202
        (513) 651-6705
        (513) 651-6981 (fax)
        dadams@fbtlaw.com
        jharrison@fbtlaw.com

        Trial Attorneys for Defendants

## CERTIFICATE OF SERVICE

I hereby certify that on this 23d day of May 2005 a copy of Defendants' Motion to Strike Undisclosed Witnesses was filed electronically. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system and copies will be mailed via U.S. Mail to those parties who are not served via the Court's electronic filing system. Parties may access this filing through the Court's system.

s/Deborah S. Adams

CinLibrary 1508438v.2

8