# EXHIBIT 5

# FROST BROWN TODD LLC
2200 PNC CENTER
201 EAST FIFTH STREET
CINCINNATI, OH 45202
(513) 651-6800
FAX COVER SHEET

**Facsimile Transmission**
    **Date:** Tuesday, May 10, 2005
    **Number of pages:** 03        (Including this cover page.)

To . . . . . . . . . . . . Michael Sutherlin, Esq.
Company . . . . . . . .
Fax Number . . . . . . 2200115239131763188l8
Voice Number . . . . .

From . . . . . . . . . . . Jack B. Harrison
Voice Number . . . . .

## COMMENTS

THIS FAX IS CONFIDENTIAL AND IS FOR THE USE OF THE INDIVIDUAL OR ENTITY TO WHICH IT IS ADDRESSED. IT MAY CONTAIN INFORMATION THAT IS PRIVILEGED, ATTORNEYS' WORK PRODUCT AND/OR EXEMPT FROM DISCLOSURE UNDER APPLICABLE LAW. IF THE READER OF THIS MESSAGE IS NOT THE INTENDED RECIPIENT (OR THE EMPLOYEE OR AGENT RESPONSIBLE TO DELIVER IT TO THE INTENDED RECIPIENT), ANY DISSEMINATION, DISTRIBUTION OR COPYING OF THIS COMMUNICATION IS PROHIBITED. IF YOU HAVE RECEIVED THIS COMMUNICATION IN ERROR, PLEASE NOTIFY US BY COLLECT TELEPHONE.

**CINCINNATI FAX NUMBER: (513) 651-6981**    **OTHER OFFICES (FAX NUMBERS)**
LOUISVILLE (502) 581-1087
COLUMBUS (614) 464-1737
LEXINGTON (859) 231-0011
MIDDLETOWN (513) 422-3010
NASHVILLE (615) 251-5551
NEW ALBANY (812) 948-7994



ATTORNEYS

OHIO · KENTUCKY · INDIANA · TENNESSEE

Jack B. Harrison
513.651.6486
jharrison@fbtlaw.com

**VIA FACSIMILE &
ELECTRONIC MAIL**

Michael K. Sutherlin, Esq.
P.O. Box 441095
Indianapolis, IN 46244-1095

  Re: Lentz v. Cincinnati Insurance Company, et al.

Dear Mr. Sutherlin:

  This letter is written to confirm the telephone conversation we just completed regarding this case.

  As I informed you, I sent you today a draft proposed Joint Pretrial Statement and Proposed Jury Instructions for your review. You will need to provide the narrative for the Plaintiff's sections and let us know what revisions you would suggest to the stipulated and agreed portions. Defendants' sections will remain as drafted. As for the jury instructions, just let us know which instructions Plaintiff is able to agree to. If there is no agreement, then we will submit the instructions as drafted on behalf of Defendants. We look forward to receiving your draft Proposed Jury Instructions as well. All of this material is to be filed with the Court by May 19, 2005, one week prior to the Pretrial, so we would ask that Plaintiff respond to our proposals in writing by 5:00 p.m. on May 16, 2005.

  You stated in our conversation that Plaintiff wished to add Mary Lentz's husband and her attorney Roger Makely as witnesses. I informed you that I did not believe these individuals were identified in your initial disclosures and that we would likely object to them and the untimely identification. You represented that those names were identified somewhere in some unidentified discovery response. I have now checked the initial disclosures in this case and Plaintiff did not identify these individuals as witnesses or persons with knowledge. I also checked Plaintiff's responses to Interrogatories asking for the identity of persons with knowledge, and again, did not find either of these individuals identified. **Just to be clear, Defendants will object to any attempt to add these individuals as witnesses.**

  After representing to us in a voice mail message on Friday that Ms. Lentz would not be seeking lost wage damages after December 31, 2001, you now indicate that you wish to

Michael K. Sutherlin, Esq.
Page 2

withdraw this representation. As I understand it, you believe that Defendants should somehow be limited in their discovery of Ms. Lentz's earnings beyond December 31, 2001. As I told you, Ms. Lentz also has a claim against Mr. Balzano for intentional infliction of emotional distress, which means, under Ohio law, that she is alleged to have suffered some emotional trauma so great that an ordinary person would not be able to bear it. Given that, Defendants have a right to explore Ms. Lentz's complete work history since this alleged injury, including how she has fared financially. These are documents that were specifically requested some time ago, which you told us you would produce, and which your office recently called and apologized for not producing already. It is my understanding that you will discuss this matter with your client and may reconsider your refusal to provide these documents. If you do not reconsider, then we will raise the issue with Judge Watson.

We look forward to receiving your responses to Defendants' Proposed Joint Pretrial and Proposed Jury Instructions, as well as to receiving Plaintiff's Proposed Jury Instructions very soon.

Very truly yours,

FROST BROWN TODD LLC

By: _____
Jack B. Harrison

CinLibrary 0011523.0480059 1505672v.1

