UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| MARY E. LENTZ, | ) |
| | ) Cause No. 1:01-cv-599 MHW-TSB |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| CINCINNATI INSURANCE CO. and | ) |
| DAVID BALZANO. | ) |
| | ) |
| Defendants. | ) |

**PLAINTIFF'S TRIAL BRIEF**

Plaintiff, Mary E. Lentz, by counsel, respectfully submits this trial brief on issues related to the claims now pending before a jury in this case.

**I.  INTRODUCTION**

On June 6, 2005, this case began the process of being submitted to a jury. The parties, appearing before the Honorable Timothy S. Black, United States Magistrate Judge, conducted *voir dire* examination and selected a jury. Thereafter, on June 7, 2005, before opening statements to the jury, the parties appeared before the Honorable Michael H. Watson to conclude arguments on pending motions still before the Court. During the argument stage, a few issues arose which the Court indicated it would like to have briefed by counsel for Plaintiff by the following day. Counsel for Plaintiff has made a good-faith effort to comply with the Court's request and hereby submits its trial brief on these issues with the hope of assisting the Court's efforts to review the legal arguments pending before it.

## II.  ARGUMENT

Much of the legal argument in this case involves issues that have already been substantially briefed.  This case has a long history, which includes a lengthy summary judgment process, a renewed motion for summary judgment stage, and extensive briefing on Defendants' numerous and voluminous motions *in limine*.  As a matter of record, Plaintiff would point to these previous briefings as support for her contentions on the more general issues of law involved in this trial, as well as the basic facts of the parties' claims.[1]  To the extent more specific issues of law have arisen during the final trial process, they are addressed herein.

A. **Documents and Materials Related to Plaintiff's EEOC Charge of Discrimination Should Not Be Withheld From the Jury On the Basis of Defendants' Cited Case.**

While final arguments concerning pending motions were considered before opening statements began, Defendants indicated that they would oppose any effort to introduce or discuss evidence related to Plaintiff's charge of discrimination.  Defendants' cited to the case of *EEOC v. Ford Motor Co.*, 98 F.3d 1341 (6th Cir. 1996) in support of their argument.

It should first be noted that the *EEOC v. Ford Motor Co.* case is an unpublished decision of the Sixth Circuit Court of Appeals and therefore is generally not be used as precedent.  In fact, Sixth Circuit Rule 28(g) states, "Citation to unpublished decisions in briefs and oral arguments in this Court and in the district courts within this Circuit is disfavored, except for the purposes of establishing res judicata, estoppel, or the law of the case."  6th Cir. R. 28(g).  Accordingly, Defendants' reliance on this unpublished decision is inappropriate.

---

[1] Defendants also incorporate by reference in their trial brief portions of previously filed briefs, including the factual landscape contained in its Motions *in limine* and Reply in Support of Defendants' Motions *in limine*.  *See* Defendants' Trial Brief at 2, n.2 [Docket #128].

Sixth Circuit rules do permit citation to unpublished orders; however, certain procedures must be followed. As the Sixth Circuit rule continues: "If a party believes, nevertheless, that an unpublished disposition has precedential value in relation to a material issue in the case, and that there is no published opinion that would serve as well, such decision may be cited if that party serves a copy thereof on all parties in the case and on this Court. Such service shall be accomplished by including a copy of the decision in an addendum to the brief." 6th Cir. R. 28(g). Accordingly, a fair read of the local rules for the Sixth Circuit suggests that Defendants' counsel should have served a copy of this decision on the Court and Plaintiff's counsel, rather than bushwhacking all involved with this argument just before opening statements were to begin. Additionally, Defendants' previously filed motions *in limine* did not deal with this issue at all, and was never addressed until just before opening statements. Accordingly, any arguments Defendants might have had on this issue were waived and must be now be addressed in the specific context of the presentation of the evidence to the jury.

However, were the Court even to get past the procedural defects in Defendants' argument, the merits of the case undercut Defendants' contentions. The *EEOC v. Ford Motor Co.* case in no way unequivocally held that cause determinations[2] by the EEOC cannot be introduced by a party at trial. Rather, the Court stated: "we hold a district court does not err as a matter of law by categorically refusing to admit EEOC cause determinations in either bench or jury trials." *Id.* at *12. The Court did not say that district courts could not consider such matters,

---

[2] It is critical to point out that counsel for Defendants makes a leap in logic worth noting on the issue of Plaintiff's charging information. Counsel for Defendants contends the Ford Motor Co. case also governs EEOC charging documents, even though it only addressed EEOC cause determinations. The differences between these documents are important. Whereas a cause determination has the appearance of an adjudicated finding, it has the potential to mislead a jury. However, a charging information is relates specifically to a plaintiff's initial contentions regarding discrimination and in no way is masked with the appearance of an adjudicated finding. This distinction is critical when considering how a jury might responds to such evidence. *See EEOC v. Ford Motor Co.* at *9 (District courts do not owe deference to cause determination as they do in many statutory administrative decision review procedures).

rather the Court stated that district courts could, in their discretion, limit the introduction of such materials if they considered it wise. Whether a district court abuses its discretion boils down to an analysis focused on many issues which can only present themselves during the course of the trial, and not on the basis of some quasi-motion *in limine* never actually filed with the Court. Accordingly, Defendants' contention that the district court cannot introduce such evidence is simply incorrect and cannot stand. Plaintiff should be allowed to present her evidence, in conformance with the Federal Rules of Evidence, and any such ruling on her charging documents should be made during the course of the trial.

B. **Documents and Materials Related to Plaintiff's Unemployment Matters Should Not Be Withheld From the Jury On the Basis of Defendants' Proffered Evidentiary Privilege.**

Counsel for Defendant also argued to the Court before opening statements commenced that Plaintiff should not be allowed to discuss evidence related to her efforts to obtain unemployment following her unlawful termination. Defendants cited to Ohio Revised Code § 4141.21.

Ohio Revised Code § 4141.21, as applicable to this case, essentially states that materials maintained by the Director of Job and Family Services or Furnished to the Director by employers or employees pursuant this chapter are not be disclosed in future lawsuits. Thus, Defendants argue that whatever documents fit the Ohio statutory profile should be disallowed in this suit on the basis of this Ohio privilege. Defendants' arguments fail for a multiplicity of reasons.

First, this case is in federal court, not state court. Accordingly, the Federal Rules of Evidence apply, not the Ohio state rules of evidence. Evidentiary privileges are determined under the Federal Rules of Evidence in conformance with Federal Rule of Evidence 501, which states:

4

> Except as otherwise required by the Constitution of the United States or provided by Act of Congress or in rules prescribed by the Supreme Court pursuant to statutory authority, the privilege of a witness, person, government, State, or political subdivision thereof shall be governed by the principles of the common law as they may be interpreted by the courts of the United States in the light of reason and experience. However, in civil actions and proceedings, with respect to an element of a claim or defense as to which State law supplies the rule of decision, the privilege of a witness, person, government, State, or political subdivision thereof shall be determined in accordance with State law.

Fed. R. Evid. 501.

Critical to this issue is the fact that there is no general privilege recognized for such Ohio records under federal law. Indeed, the only provision of the federal rules of evidence which bears even slightly on this issue is the last provision which essentially maintains that in cases where State law supplies the rule of decision, then state law privileges shall govern the evidentiary considerations. While it is acknowledged that in this case there are state claims, the most complex issue before the Court is Ms. Lentz's Title VII discrimination claim, which is a federal cause of action. Accordingly, state law considerations do not even factor into the picture. And, to the extent there is a conflict (which there is not) between the state causes of action and federal cause of action, the federal issue would trump the state issue. Thus, the Ohio statutory provision simply does not apply in this case.

Other courts that have addressed this issue have found likewise. For instance, in *Freed v. Grand Court Lifestyles, Inc.*, 100 F. Supp. 2d 610 (S.D. Ohio 1998), this Court held on a motion to quash subpoenas that the state court evidentiary privilege did not prohibit the use of documents which fell under the evidentiary privilege at issue in this case. The Court noted that the state law evidentiary privilege must yield to the ability of a party to prosecute their federal discrimination case. *See Id*. at 617. The Court also noted other jurisdictions which have similarly found state law evidentiary privileges inapplicable in the federal courts. S*ee Sexton v*

*Poole Truck Lines, Inc.*, 888 F. Supp. 127 (M.D. Ala. 1994) (declining to recognize state interests in evidentiary privilege over federal interest of protecting individuals who file EEOC charges from retaliation); *Robertson v. The Neuromedical Center*, 169 F.R.D. 80, 82-83 (M.D. La. 1996) (finding a state statutory privilege for peer review committee records not sufficiently compelling to be incorporated into federal common law); *Blandin v. Marriot International, Inc.*, No. 4:96-CV-1130-DJS, 1997 WL 416465 (E.D. Mo. May 6, 1997) (declining to recognize as privilege, in an ADA discrimination case, certain state unemployment compensation benefits records). As the United States Supreme Court has noted on evidentiary privileges in the federal courts, exceptions from the general rule disfavoring testimonial privileges may be justified, but require "a public good transcending the normally predominant principle of utilizing all rational means for ascertaining the truth." *Jaffee v. Redmond*, 518 U.S. 1, 9 (1996) (quoting *Trammel v. United States*, 445 U.S. 40, 50 (1980)). Accordingly, the Ohio evidentiary privilege should not shield from this jury the evidence related to Plaintiff's efforts to obtain unemployment.

    C. **Comments and Discussion Mark Huller Had With Shelly Bascom Should Not Be Excluded.**

    Another issue raised yesterday by Counsel for Defendants' was an objection to testimony discussing a conversation Mark Huller had with Shelly Bascom after Mary Lentz had been terminated. During the conversation Shelly Bascom complained to Mark Huller about the conduct of Tom Ballato, a lawyer in the Dayton law office of Cincinnati Insurance Company. Ms. Bascom complained that Mr. Ballato's workplace conduct was inappropriate, including the fact that he had been caught viewing pornography on his computer. Ms. Bascom relayed to Mr. Huller that she was upset that Mr. Ballato was not terminated for his conduct. Mr. Huller stated to Ms. Bascom that he believed in giving people second chances, and that was the reason he did

not fire Mr. Ballato. Ms. Bascom responded to Mr. Huller by stating that Mary Lentz had not been given a second chance. Mr. Huller informed Ms. Bascom that Mary Lentz's situation was different than Mr. Ballato's.

The general objection offered by counsel for Defendant was that the comments and discussion by these two individuals occurred too far after Ms. Lentz's termination to be worthy of discussion. Plaintiff believes that this testimony is not only relevant to the general issue of whether Ms. Lentz suffered intentional discrimination, but specifically to the issue of whether the basis given for Ms. Lent's termination by Mark Huller was pretextual.

In a general sense, this discussion is relevant to Ms. Lentz's claim because it directly involves the very individual who fired her and his statements as to the basis for Ms. Lentz's termination. Whether the discussion is recalled the same way by Ms. Bascom and Mr. Huller (both of whom will testify in this trial), or when the statements occurred are considerations which address the weight to be assigned to this evidence. That is, of course, the role of a jury, and that role should be performed by a jury alone.

In a more specific sense, however, Sixth Circuit law is clear that statements relevant to employment discrimination analysis should be admissible when the facts are as they are in this case. In Ercegovich v. Goodyear Tire & Rubber Co., 154 F.3d 344 (6th Cir. 1998), the Sixth Circuit held that there were two primary considerations in whether a statement concerning a possible discriminatory motive should be admissible. First, a court considers who is the speaker. Id. at 354. In this instance, the conversation involved Mark Huller, the very individual who terminated Mary Lentz. Mr. Huller was not some low-level attorney with no managerial authority over the challenged personnel decision in this case. Rather, he was the individual who

terminated Ms. Lentz from her position with Cincinnati Insurance Co. Accordingly, this factor weighs heavily in Plaintiff's favor.

Second, a court is to consider the substance of the remarks in determining their relevancy to a plaintiff's employment discrimination claim. *Id*. at 355. In so doing, a court should bear in mind that "the absence of a direct nexus [between the remark and challenged employment action] does not necessarily render a discriminatory remark irrelevant." *Id*. Furthermore, as the court noted:

> [W]hen assessing the relevancy of an allegedly biased remark where the plaintiff presents evidence of multiple discriminatory remarks or other evidence of pretext, we do not view each discriminatory remark in isolation, but are mindful that the remarks buttress one another as well as any other pretextual evidence supporting an inference of discriminatory animus.

*Id*. at 355-56.

Accordingly, Mark Huller's statement must be read against the proper backdrop, must consider his position as the individual who terminated Ms. Lentz, and must consider the fact that the statement actually concerned Mary Lentz' termination and how it was compared to another male attorney who was not fired for engaging in inappropriate work conduct. When viewed in such a light, the statements and discussion between Mark Huller and Shelly Bascom should be considered by this jury.

### III. CONCLUSION

For the foregoing reasons, Plaintiff should be able to present her case to this jury. Ms. Lentz's EEOC charge is admissible evidence, her unemployment materials are not precluded by the Ohio state law privilege, and the conversation between Mark Huller and Shelly Bascom regarding Mary Lentz's unequal treatment in her termination should be considered. For the foregoing reasons, Plaintiff should be able to present her case to this jury.

                                                                 s/[Michael K. Sutherlin]
                                                                 Michael K. Sutherlin
                                                                 Attorney for Plaintiff


                                                                 s/[Nicholas D. Conway]
                                                                Nicholas D. Conway
                                                                Attorney for Plaintiff

MICHAEL K. SUTHERLIN & ASSOCIATES
P.O. Box 441095
Indianapolis, IN  46244-1095
Phone:  (317) 634-6313
Fax:  (317) 631-8818
Email:  msutherlin@michaelsutherlin.com

## CERTIFICATE OF SERVICE

I hereby certify that on Wednesday, June 8, 2005, a copy of the foregoing was filed electronically. Notice of this filing will be sent to the following parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

    Deborah S. Adams
    Jack B. Harrison
    Frost Brown Todd, LLC
    2200 PNC Center
    201 East Fifth Street
    Cincinnati, OH  45202
    dadams@fbtlaw.com
    jharrison@fbtlaw.com

    s/[Michael K. Sutherlin]
    Michael K. Sutherlin
    Attorney for Plaintiff

MICHAEL K. SUTHERLIN & ASSOCIATES
P.O. Box 441095
Indianapolis, IN  46244-1095
Phone:  (317) 634-6313
Fax:  (317) 631-8818
Email:  msutherlin@michaelsutherlin.com