**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

| | | |
|---|---|---|
| MARY E. LENTZ,<br><br>Plaintiff,<br><br>v.<br><br>CINCINNATI INSURANCE CO. and DAVID BALZANO,<br><br>Defendants. | : | Case No.: 01-CV-599<br><br>(Judge Watson)<br><br>**DEFENDANTS' BENCH BRIEF IN SUPPORT OF EXCLUDING REFERENCES TO TOM BALLATO** |

Defendants Cincinnati Insurance Co. ("CIC") and David Balzano (collectively, "Defendants") respectfully renew their motions to exclude from the evidence all references to Tom Ballato ("Ballato") and, as requested by the Court, submit this Bench Brief in further support of those motions.

As Defendants have previously demonstrated for the Court, Ballato is not similarly situated to Plaintiff Mary Lentz ("Plaintiff") for multiple reasons. Defendants will focus the Court's attention on one of those reasons. The Court's Order on Defendants' Motions in Limine specifically requires Plaintiff to first lay a factual foundation showing that Plaintiff and Ballato are in fact "similarly situated" as a matter of law before it will permit Plaintiff to attempt to show how Ballato, a person with an admitted addiction, whose misconduct first came to the attention of management at CIC in October 2001 (22 months after Plaintiff was terminated) and who was terminated in February 2002 (over two years after Plaintiff was terminated) for looking at suggestive websites while at work, was treated more favorably than her. (See Order, June 3, 2005, at 10.)

Plaintiff has yet to establish this foundation – despite numerous opportunities to do so. Only two witnesses who will testify in this trial have any personal knowledge of this matter –

Mark Huller, Manager of the CIC Trial Division, who addressed the two reports CIC management received about Ballato in October 2001 and February 2002, who discussed with Ballato his admitted addiction, and who terminated Ballato, and Shelly Bascom, a secretary in the Dayton office who made both reports regarding Ballato's viewing of suggestive websites while at work. Plaintiff's counsel has represented to the Court that Bascom will lay the necessary factual predicate showing that Ballato and Lentz were "similarly situated" as a matter of law. However, Ms. Bascom is not in a position to lay such a factual predicate, because she did not manage both Lentz and Ballato, she has not seen either of them try cases, she has not seen how both were evaluated, she had no personal knowledge of Ballato's admitted addiction, and, in fact, she did not even work for both of them. Huller, on the other hand, is the only person who will appear in this case who has the necessary experience of both persons to provide a factual background showing whether Lentz and Ballato were "similarly situated" in all relevant respects, as the law requires. Both Bascom and Huller were deposed in this case, and only Huller addressed this issue, explaining that, at a minimum, Ballato's admitted addiction was a mitigating circumstance that called for a response different from that employed in response to Lentz's conversion of company funds. *See Mitchell v. Toledo Hosp.*, 964 F.2d 577, 583 (6th Cir. 1992).

Plaintiff's counsel represented to the Court in oral arguments on June 7, 2005 that this issue – whether or not Ballato was similarly situated to Plaintiff – was previously resolved by the Court at the summary judgment stage. That could not be further from the truth. In fact, Ballato is not mentioned once in Judge Weber's Order denying summary judgment on Plaintiff's Title VII claim against CIC. Instead, Judge Weber denied summary judgment because "the parties disagree as to the thoroughness and/or fairness of the investigation Defendants conducted into

the allegations against Plaintiff." (Order, Sep. 22, 2004, at 4.) The issue was likewise not resolved when the parties revisited whether summary judgment was appropriate. Instead, the parties again addressed the accuracy of the investigation, and the Court's ruled accordingly in its Order, without addressing Ballato.

The Court has – for good reason – previously expressed numerous concerns over references to Ballato. Ballato is a former CIC attorney with an admitted addiction. He was terminated for looking at a suggestive website on CIC's computer over two years after Plaintiff was terminated for secretly taking CIC's money and placing it in her personal bank account. Moreover, Ballato's first instance of misconduct occurred over 18 months after Plaintiff was terminated. In a status conference in December 2004, the Court expressed skepticism about the relevance of such evidence. The Court provided Plaintiff the opportunity to file a motion articulating a rationale for discovery related to the issues surrounding Ballato's termination, but Plaintiff never filed such a motion. The Court again expressed concern in oral arguments on June 7, 2005 that the misconduct of Ballato is not similar to Plaintiff's taking of CIC's money because it occurred so long after Plaintiff was terminated. Thus, the foundation required by the Court has not been resolved before, nor has Plaintiff developed it in the existing record.

Plaintiff has stated references to Ballato are necessary to prove "companywide discrimination or wrongdoing." (Pl.'s Resp. Def.'s Mots. In Limine at 16-17.) Again, Plaintiff has failed to establish a foundation for such testimony. However, the Court, in granting Defendants' Motion in Limine to Bar Misleading Statistical Evidence, found "that Ms. Lentz has not made any allegations of company-wide discrimination." (Order, June 3, 2005, at 3.) Plaintiff seeks to offer the testimony of secretary Shelly Bascom to establish Ballato's misconduct. (See Bascom Dep. at 69-70, 92.) But Plaintiff has not established how a secretary's

recollection of dissimilar events that occurred two years after Plaintiff was terminated provides the necessary foundation for or nexus to an alleged "discriminatory atmosphere" at the time of Plaintiff's termination.

Plaintiff's attempt to establish a discriminatory nexus by relating completely dissimilar events nearly two years removed from one another is a tenuous connection at best. It is so attenuated that it causes nothing but prejudice to Defendants while offering little to no probative value of the discriminatory intent of CIC. Courts that have addressed this narrow issue have ruled accordingly. *See, e.g., Lucibello v. Yale-New Haven Hosp.*, 2005 U.S. Dist. LEXIS 3604, at *19-20 (S.D.N.Y. Mar. 10, 2005) (not similarly situated where discipline for misconduct of alleged comparable occurred "long after" the incident in question because "its probative value with regard to his state of mind when he disciplined plaintiff is weak"). *See also Bradley v. Castle Metals*, Inc., 2000 U.S. Dist. LEXIS 12469, at *23-24 (N.D. Ill. June 19, 2000) (not similarly situated where alleged comparable hired six months after plaintiff's termination and comparable didn't work under the same supervisor). As shown by these opinions, the Court is valid in its concern about the probative value of such disconnected misconduct.

The complete lack of temporal proximity between Ballato and Plaintiff is merely one of the failures in plaintiff's foundation for proof that an alleged comparable was similarly situated. The Court is no doubt aware that the Sixth Circuit requires Plaintiff to prove that Ballato was similarly situated to Plaintiff in "all respects." *Mitchell*, 964 F.2d at 583. In order to get to the jury, Plaintiff must prove Ballato engaged in the "same conduct" with "comparable seriousness" and without distinguishable "mitigating circumstances." *Id.* at 581-583. She has not done so. Plaintiff placed CIC's money in her personal bank account, while Ballato looked at suggestive websites on CIC's computer. Plaintiff has not admitted any addictive predilection to taking

money, while Ballato has admitted to an addiction. Like in *Bradley*, Plaintiff and Ballato did not have the same supervisors. And like in *Bradley* and *Lucibello*, Ballato's misconduct occurred long after Plaintiff was terminated by CIC. Simply put, Ballato is dissimilar from Plaintiff in nearly every relevant respect. Therefore, Sixth Circuit law requires the Court to exclude references to Ballato.

As Defendants have previously demonstrated in their Motions in Limine, Plaintiff has failed to establish that Plaintiff and Ballato are similarly situated. Plaintiff has failed to satisfy the Court's requirement to lay a foundation for the relevance of references to Ballato. The Court should not permit Plaintiff to present to the jury foundationless and irrelevant references to misconduct completely dissimilar to Plaintiff's covert commingling of CIC's money. Therefore, Defendants renew their request that the Court exclude from the evidence all references to Ballato.

Respectfully submitted,

_ */s/ Deborah S. Adams* ______

Deborah S. Adams (0005607)
Jack B. Harrison (0061993)
FROST BROWN TODD LLC
2200 PNC Center
201 E. Fifth Street
Cincinnati, Ohio 45202-4182
Telephone: (513) 651-6800
Telecopier: (513) 651-6981
dadams@fbtlaw.com
jharrison@fbtlaw.com

Trial Attorneys for Defendants

**CERTIFICATE OF SERVICE**

I hereby certify that on June 8, 2005, a copy of Defendants' Trial Brief was filed electronically. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system and copies will be mailed via U.S. Mail to those parties who are not served via the Court's electronic filing system, if any. Parties may access this filing through the Court's system.

_ */s/ Deborah S. Adams*______________

Deborah S. Adams (0005607)
Jack B. Harrison (0061993)
Frost Brown Todd LLC
2200 PNC Center
201 East Fifth Street
Cincinnati, OH 45202-4182
(513) 651-6800 (telephone)
dadams@fbtlaw.com
jharrison@fbtlaw.com

Trial Attorneys for Defendants

CinLibrary 1513779v.1