UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| MARY E. LENTZ, | : | Case No.: 01-CV-599 |
| | : | |
| Plaintiff, | : | (Judge Watson) |
| | : | |
| v. | : | |
| | : | |
| CINCINNATI INSURANCE CO. and | : | **DEFENDANTS' BENCH BRIEF IN** |
| DAVID BALZANO, | : | **SUPPORT OF OBJECTIONS EXCLUDING** |
| | : | **PURSUANT TO FRE 408 PORTIONS OF** |
| | : | **PLAINTIFF'S EXHIBIT 10 AND ANY** |
| | : | **REFERENCES TO COMMUNICATIONS** |
| | : | **BETWEEN MARK HULLER AND ROGER** |
| | : | **MAKLEY FOR THE PURPOSE OF** |
| | : | **SETTLEMENT OR COMPROMISE** |
| Defendants. | : | |

Defendants Cincinnati Insurance Co. ("CIC") and David Balzano (collectively, "Defendants") submit this Bench Brief in further support of oral objections that will be made during trial to the admission of portions of Plaintiff's Exhibit 10 and to testimony and any reference related to communications between Mark Huller and Roger Makley, Ms. Lentz's attorney, for the purpose of settlement or compromise.

As the Court, and presumably all counsel, well know, FRE 408 forbids the introduction into evidence of discussions, offers, acceptances, or negotiations that occur within the context of settlement negotiations.[1]  However, upon reviewing the transcript of the opening statement of

---

[1] Rule 408 provides as follows:

"Evidence of (1) furnishing or offering or promising to furnish, or (2) accepting or offering or promising to accept, a valuable consideration in compromising or attempting to compromise a claim which was disputed as to either validity or amount, is not admissible to prove liability for or invalidity of the claim or its amount . . . . This rule does not require the exclusion of any evidence otherwise discoverable merely because it is presented in the course of compromise negotiations. This rule also does not require exclusion when the evidence is offered for another purpose, such as proving bias or prejudice of a witness, negativing a contention of undue delay, or proving an effort to obstruct a criminal investigation or prosecution."

Plaintiff's counsel, Defendants noted that Plaintiff's counsel made the following statement to the jury:

> And here's what the company did. They said, while she was just out of the office, they said, if you'll sign a release not to sue us, not to do anything and accuse us of discrimination, we'll let you resign, but you not only have to pay the $600, which was never in dispute and we offered to pay them back, but you have to pay back all the money that everybody spent eating pizza, all of it.
>
> * * * * *
>
> The evidence will be that there was some back and forth negotiations between Mary Lentz's attorney, Roger Makley, and Mark Huller, who is a senior attorney for the legal department of Cincinnati Insurance, formerly called Berlon & Timmel, and that discussion talks about the $600.

Trial Transcript, pp. 106-107, 109.

Defendants file this Bench Brief to alert the Court to this issue and to the fact that Defendants' counsel will raise objections to such evidence and testimony at the time it is offered. Defendants anticipate that Plaintiff will attempt to elicit testimony regarding these settlement discussions between Mr. Huller and Mr. Makley either during the direct examination of Ms. Lentz or through the cross examination of Mr. Huller. In either context, any evidence or testimony related to these negotiations must be excluded pursuant to FRE 408.

In *Korn v. Fireman's Funds Ins. Co.*, 1994 U.S. App. LEXIS 15022 (6th Cir. June 15, 1994), the Sixth Circuit explained the law regarding Rule 408 as follows:

> The purpose of the rule recognizes that disputes are often settled for reasons having nothing to do with the merits of a claim. A potential defendant may settle from a simple desire for peace, judging that the expense and inconvenience of litigation are worth paying a certain sum to avoid. This being so, evidence of a settlement may have little relevance to the validity of the claim and may subvert the truth-finding goal of the trial. *United States v. Hays*, 872 F.2d 582, 589 (5th Cir. 1989)("It does not tax the imagination to envision the juror who retires to deliberate with the notion that if the defendants had done nothing wrong, they would not have paid the money back.").

While Defendants understand, but respectfully object to, the Court's ruling on the admissibility of communications to the Dayton Bar Association and the Montgomery County Prosecutor's Office (Plaintiff's Exhibits 5, 6, 7, 8, 9, 18, 19), this is a very different issue. Defendants continue to believe that communications to the Dayton Bar Association and the Montgomery County Prosecutor's Office by either Mr. Huller or Mr. Makley related to Ms. Lentz conduct is inadmissible, but there can be little doubt that communications **between Mr. Huller and Mr. Makley** for the purpose of resolving issues related to the end of Plaintiff's employment with CIC are inadmissible pursuant to FRE 408. Communications to the Dayton Bar Association and to the Montgomery County Prosecutor's office by Mr. Huller, to the extent permitted by the Court pursuant to its denial of Defendants' Motion *in Limine*, should be limited to the facts of those specific communications and should not include communications excluded under FRE 408. Defendants assert that, other than the brief mention in Plaintiff's opening statement, these communications should not be referred to again during this trial.

Defendants respectfully request that the Court grant objections to this evidence when Plaintiff attempts to offer it or, in the alternative, issue a ruling in advance barring any evidence related to communications that occurred between Mr. Huller and Mr. Makley.

Respectfully submitted,

*/s/ Jack B. Harrison*
Deborah S. Adams (0005607)
Jack B. Harrison (0061993)
FROST BROWN TODD LLC
2200 PNC Center
201 E. Fifth Street
Cincinnati, Ohio 45202-4182
Telephone: (513) 651-6800
Telecopier: (513) 651-6981
dadams@fbtlaw.com
jharrison@fbtlaw.com
Trial Attorneys for Defendants

## CERTIFICATE OF SERVICE

      I hereby certify that on June 12, 2005, a copy of Defendants' Trial Brief was filed electronically. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system and copies will be mailed via U.S. Mail to those parties who are not served via the Court's electronic filing system, if any. Parties may access this filing through the Court's system.

                                    */s/ Jack B. Harrison*
                                    Deborah S. Adams (0005607)
                                    Jack B. Harrison (0061993)
                                    Frost Brown Todd LLC
                                    2200 PNC Center
                                    201 East Fifth Street
                                    Cincinnati, OH 45202-4182
                                    (513) 651-6800 (telephone)
                                    dadams@fbtlaw.com
                                    jharrison@fbtlaw.com

                                    Trial Attorneys for Defendants

CinLibrary 0011523.0480059 1514632v.1