**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

| | | |
|---|---|---|
| MARY E. LENTZ, | : | Case No.: 01-CV-599 |
| Plaintiff, | : | (Judge Watson) |
| v. | : | |
| CINCINNATI INSURANCE CO. and DAVID BALZANO, | : | **DEFENDANTS' BENCH BRIEF CLARIFYING LEGAL STANDARD FOR TITLE VII CLAIMS** |
| Defendants. | | |

Defendants Cincinnati Insurance Co. ("CIC") and David Balzano (collectively "Defendants") submit this bench brief to clarify the legal standard that Plaintiff Mary E. Lentz ("Plaintiff") must satisfy to prove her claim of gender discrimination against CIC. Sixth Circuit law mandates that, despite what Plaintiff represented to the Court, this case is not governed by a "motivating factor" analysis, which requires direct evidence of discrimination. Instead, this case has always been governed by the burden shifting framework that all courts utilize when a plaintiff attempts to prove her case with indirect or circumstantial evidence of discrimination. No less than four times in the last two years the Sixth Circuit has clearly explained the difference between the methods.

This Court is no doubt aware that a plaintiff may establish a prima facie case of employment discrimination with direct or indirect evidence. *Wexler v. White's Fine Furniture*, Inc., 317 F.3d 1241, 1246 (6th Cir. 1995) (en banc); *Harris v. Giant Eagle Inc.*, 2005 U.S. App. LEXIS 9997, at *12 (6th Cir. May 27, 2005); *DePas v. Stocker & Yale, Inc.*, 94 Fed. Appx. 335, 338 (6th Cir. April 9, 2004). Direct evidence does not require any inference to conclude discrimination occurred; direct evidence, if believed, "requires the conclusion that unlawful discrimination was **at least a motivating factor** in the employer's actions." *Wexler*, 317 F.3d at

570; *Harris*, 2005 U.S. App. LEXIS 9997, at *12; *Rushton v. City of Warren*, 90 Fed. Appx. 912, 915 (6th Cir. Feb. 19 2004).  Plaintiff has concluded her case in chief and has failed to produce any direct evidence of discrimination.

In fact, the record reflects that Plaintiff has tried to prove her case with indirect evidence. Where a plaintiff lacks direct evidence of discrimination, she may prove a prima facie case of gender discrimination by showing: (1) she was a woman; (2) she was discharged; (3) she was qualified for the position, and (4) she was treated differently from a male **who was similarly situated in all respects**.  *Mitchell v. Toledo Hosp.*, 964 F.2d 577, 583 (6th Cir. 1992); *Harris*, 2005 U.S. App. LEXIS 9997, *14-15 (citing *McDonnel Douglas Corp. v. Green*, 411 U.S. 792 (1973) and *Texas Dept. Comm. Affairs v. Burdine*, 450 U.S. 248 (1981)).  Under this framework, the defendant then can rebut the prima facie case with a legitimate nondiscriminatory reason for the discharge.  The plaintiff can then respond by proving the employer's reason was pretext.  *Id.* A plaintiff can prove pretext by showing the proffered reason (1) has no basis in fact, (2) did not actually motivate the defendant's decision, or (3) other employees were not terminated for "**engage[ing] in substantially identical conduct**." *Manzer v. Diamond Shamrock Chem. Co.*, 29 F.3d 1078, 1084 (6th Cir. 1994); *Layman v. Alloway Stamping & Machine Co.*, 98 Fed. Appx. 369, 375-76 (6th Cir. Mar. 31, 2004) (refusing to adopt a "motivating factor analysis" and upholding, in part, a jury instruction on pretext).  "Regardless of which option is used, the plaintiff retains the ultimate burden of producing **sufficient evidence from which the jury could reasonably reject the defendant's explanation and infer that the defendants intentionally discriminated against [her]**." *Harris*, 2005 U.S. App. LEXIS 9997, at *18 (emphasis in original).

This case has never been about direct evidence, as the Court's rulings demonstrate. In the Court's Order of June 3, 2005, the Court analyzed Defendants' Motions in Limine using a pretext standard. (See Order at 9-10.) Likewise, in its April 29, 2005 Order, the Court analyzed Defendants' Motion For Leave to File Renewed Motion for Summary Judgment using a pretext standard. (See Order at 4-6.) Because Plaintiff has produced no direct evidence of discrimination, nor has she ever argued to this Court – before now – that a such a standard should govern, the Court should continue to apply the burden shifting framework that governs an indirect evidence case. Therefore, the Court should not apply a "motivating factor" standard to Plaintiff's Title VII claim.

Respectfully submitted,

*/s/ Deborah S. Adams*
Deborah S. Adams (0005607)
Jack B. Harrison (0061993)
FROST BROWN TODD LLC
2200 PNC Center
201 E. Fifth Street
Cincinnati, Ohio 45202-4182
Telephone: (513) 651-6800
Telecopier: (513) 651-6981
dadams@fbtlaw.com
jharrison@fbtlaw.com

Trial Attorneys for Defendants

**CERTIFICATE OF SERVICE**

      I hereby certify that on June 17, 2005, a copy of Defendants' Trial Brief was filed electronically. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system and copies will be mailed via U.S. Mail to those parties who are not served via the Court's electronic filing system, if any. Parties may access this filing through the Court's system.

                                                               */s/ Deborah S. Adams*
                                                               Deborah S. Adams (0005607)
                                                               Jack B. Harrison (0061993)
                                                               Frost Brown Todd LLC
                                                               2200 PNC Center
                                                               201 East Fifth Street
                                                               Cincinnati, OH 45202-4182
                                                               (513) 651-6800 (telephone)
                                                               dadams@fbtlaw.com
                                                               jharrison@fbtlaw.com

                                                               Trial Attorneys for Defendants

CinLibrary 1516703v.1