UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

Mary E. Lentz,

    Plaintiff,

v.                                                                                            Case No. 1:01cv599

Cincinnati Insurance Co., *et al*,                                      District Judge Michael H. Watson

    Defendants.

## JURY INSTRUCTIONS

Members of the Jury:

Now that you have heard all of the evidence and the arguments of counsel, it becomes my duty to give you the instructions concerning the law applicable to the case.

These instructions will be in four parts: first, some general rules that define and control your duties as jurors; second, the rules of law that you must apply in deciding whether the plaintiff has proved her case; third, some general rules that should govern your deliberations; and lastly, several verdict forms consisting of separate interrogatories which must be answered by you during your deliberations. A copy of these instructions will be available for you in the jury room.

## PART I - GENERAL RULES CONCERNING JURORS' DUTIES

It is your duty as jurors to apply the law to the facts as you find them from the evidence in the case. You are not to single out one instruction alone as stating the law, but you must consider the instructions as a whole. Neither are you to be concerned with the wisdom of any rule of law stated by me.

Regardless of any opinion you may have as to what the law is or ought to be, it would be a violation of your sworn duty to base your verdict upon any view of the law other than that given in the instructions of the Court, just as it would also be a violation of your sworn duty, as judges of the facts, to base a verdict upon anything other than the evidence in the case.

In deciding the facts of this case you must not be swayed by bias, prejudice, or sympathy as to any party. Our system of law does not permit jurors to be governed by prejudice, sympathy or public opinion. The parties and the public expect that you will carefully and impartially consider all of the evidence in the case, follow the law as stated by the Court, and reach a just verdict regardless of the consequences.

This case should be considered and decided by you as an action between persons of equal standing in the community, and holding the same or similar stations in life.

All parties, including corporations, stand equal before the law and are to be dealt with as equals in a court of justice. When a corporation is involved it may act only through natural persons as its agents or employees; and, in general, any agent or employee of a corporation may bind the corporation by his or her acts and declarations made while acting within the scope of his or her authority delegated to him or her by the corporation, or within the scope of his or her duties as an employee of the corporation.

In a civil action such as this, unless you are instructed differently, the burden is on the Plaintiff to prove every essential element of her case by a "preponderance" of the evidence. This case involves claims against two different Defendants. If Plaintiff fails to prove the elements of any of the claims then you must find for the Defendant on that claim. If she fails to do so then you must find for the Defendant(s). Likewise, Defendant CIC has brought a claim against Plaintiff. It is called a counterclaim. The burden is on Defendant CIC to prove its counterclaim by a preponderance of the evidence. If Defendant CIC fails to prove the elements of its counterclaim, you must find for Plaintiff.

Preponderance of the evidence is the greater weight of the evidence; that is, evidence that you believe because it outweighs or overbalances in your mind the evidence opposed to it. A preponderance means evidence that is more probable, more persuasive, or of greater probative value. It is the quality of the evidence that must be weighed. Quality may, or may not, be identical with quantity.

In determining whether an issue has been proved by a preponderance of the evidence, you should consider all of the evidence, regardless of who produced it.

To establish a fact by a preponderance of the evidence means to prove that something is more likely than not. Stated otherwise, a preponderance of the evidence means such evidence as, when considered and compared with the evidence opposed to it, has more convincing force and produces in your minds a belief that what is sought to be proved is more likely than not true. If you find that the weight of the evidence is equally balanced on any claim - that is, it is equally probable that one party is right as it is the other party is right - or if you are unable to determine which side of an issue has been proved by a preponderance, then you must find against the party bringing that claim.

The burden of proof by a preponderance does not require proof to an absolute certainty. As we all know, in human affairs absolute certainty is seldom possible.

Nor does the burden of proof by a preponderance mean that you are bound to decide an issue of fact on the basis of the number of witnesses who testify concerning that fact. The test is not which side brings the greater number of witnesses or produces the greater quantity of testimony, but which side produces the witnesses and evidence which in your minds is the more accurate and trustworthy.

The evidence in this case consists of the sworn testimony of the witnesses and all the exhibits which have been received in evidence.

The evidence does not include any statements of counsel made during the trial, unless such statement was an admission or agreement admitting certain facts. The opening statements and the closing arguments of counsel are designed to assist you. They are not evidence.

You are to consider only the evidence in the case. However, you are not limited to the mere statements of the witnesses, but you are permitted to draw, from the facts which you find have been proved, such reasonable inferences as seem justified in the light of your own experience.

That is to say, from the facts which have been proved, you may draw an inference based upon reason and common sense.

Testimony that has been stricken or excluded is not evidence and may not be considered by you in rendering your verdict. If certain testimony was received for a limited purpose, such as for the purpose of assessing a witness' credibility, you must follow that limiting instruction I have given.

There are two types of evidence from which a jury may properly find the facts. One is direct evidence. An example of direct evidence is the testimony of an eyewitness. The other type is circumstantial evidence. An example of circumstantial evidence is the proof of a chain of events or circumstances which point to the existence or non-existence of certain facts.

As a general rule, the law does not distinguish between direct and circumstantial evidence. In fact, they are of equal weight.

An important part of your job will be making judgments about the testimony of the witnesses who testified in this case. You should decide whether you believe what each person had to say, and how important that person's testimony was. In making that decision, I suggest that you ask yourself a few questions: Did the person impress you as honest? Did he or she have any particular reason not to tell the truth? Did he or she have a personal interest in the outcome of the case? Did the witness seem to have a good memory? Did the witness have the opportunity and the ability to observe accurately the things he or she testified about? Did he or she appear to understand the questions clearly and answer them directly? Did the witness's testimony differ from the testimony of other witnesses? These are a few of the considerations that will help you determine the accuracy of what each witness said. In judging the credibility of witnesses, you should apply the same tests of truthfulness that you apply in your own personal affairs.

Inconsistencies or discrepancies in the testimony of a witness, or between the testimony of different witnesses, may or may not cause the jury to discredit such testimony. Two or more persons witnessing an incident or a transaction may see or hear it differently; an innocent misrecollection, like failure of recollection, is not an uncommon experience. In weighing the effect of a discrepancy, always consider whether it pertains to a matter of importance or an unimportant detail, and whether the discrepancy results from innocent error or intentional falsehood.

You are not required to believe the testimony of any witness simply because he or she was

4

under oath. You may choose to believe all or part or none of the testimony of any witness.

A witness may be discredited or impeached by contradictory evidence; or by evidence that at some other time the witness has said or done something, or has failed to say or do something, which is inconsistent with the witness's present testimony.

If you believe that any witness has been impeached and thus discredited, it is your exclusive province to give the testimony of that witness such credibility, if any, as you may deem appropriate.

If a witness is shown knowingly to have testified falsely concerning any material matter, you have a right to distrust such witness's testimony in other particulars; and you may reject all the testimony of that witness or give it such credibility as you think it deserves.

During the trial, certain testimony has been presented by way of deposition. The deposition consisted of sworn, recorded answers to questions asked of the witness in advance of the trial by one or more of the attorneys for the parties to the case. The testimony of a witness who, for some reason is not present to testify from the witness stand may be presented in writing under oath. Such testimony is entitled to the same consideration and is to be judged as to credibility, and weighted, and otherwise considered by you, insofar as possible, in the same way as if the witness had been present and had testified from the witness stand.

It is the duty of an attorney to object when the other side offers testimony or other evidence which the attorney believes is not properly admissible. You should not hold it against an attorney or their client because the attorney has made objections.

Upon allowing testimony or other evidence to be introduced over the objection of an attorney, the Court does not, unless expressly stated, indicate any opinion as to the weight or effect of such evidence.

When the Court has sustained an objection to a question, the jury must disregard the question entirely, and may draw no inference from the wording of it, or speculate as to what the witness might have said if he or she had been permitted to answer the question.

No statement, ruling, remark, question or comment which I may have made during the course of the trial is intended to indicate my opinion as to how you should decide the case or to influence you in any way in your determination of the facts.

This case involves one claim by Plaintiff Mary Lentz against Defendant Cincinnati Insurance

Company (hereinafter "CIC") and two claims by Plaintiff against Defendant David Balzano. The elements that Plaintiff must prove to establish these claims will be described in a moment. What follows is a brief introduction to these claims.

The Plaintiff, Mary Lentz, has alleged that CIC wrongfully terminated her based upon her gender. Plaintiff contends that CIC has a selective policy of discipline.

The complaint against the Defendant David Balzano is based upon an intentional infliction of emotional distress and an intentional interference with a business relationship. Plaintiff contends that Defendant Balzano deliberately misled and lied to officers of CIC about an allegedly approved practice of using copy money for office activities, such as lunches. Plaintiff contends that Mr. Balzano lied when he reported Plaintiff and allowed CIC to accuse Plaintiff of appropriating these funds for her own personal use.

Plaintiff alleges that she suffered lost wages, humiliation, emotional anguish, and embarrassment from the conduct of all the Defendants.

Defendant CIC contends that Plaintiff was terminated because she had taken funds belonging to CIC and placed them in her personal checking account. CIC denies that Plaintiff's gender had anything to do with her termination.

Defendant Balzano denies that he intentionally inflicted emotional distress or intentionally caused her to lose her job.

Defendant CIC has brought a counterclaim against Plaintiff for conversion.

**PART II - RULES OF LAW**

**Title VII Gender Discrimination - Mary Lentz against Cincinnati Insurance Company**

It is unlawful for an employer to intentionally discharge any person because of such person's sex.

The first step in proving a gender discrimination claim is that Plaintiff must establish a *prima facie* case. To establish a *prima facie* case of gender discrimination, Plaintiff must prove each of the following elements by a preponderance of the evidence:

1. she is a female;
2. she was qualified for the position;
3. despite her qualifications and employment, she was terminated; and
4. she was treated differently from similarly situated male employees.

If Plaintiff has not established these elements by a preponderance of the evidence, then your verdict must be for Defendant CIC and you need go no further in your analysis.

If you find that Plaintiff has established a *prima facie* case, then your inquiry continues. Once Plaintiff establishes a *prima facie* case, Defendant CIC must then articulate a legitimate, non-discriminatory reason for its employment decision. The Defendant's burden is simply to state a legitimate reason, it need not prove to you that it was a good reason.

If the Defendant states such a reason, then Plaintiff may still prevail on her gender discrimination claim, however, in order to prevail, Plaintiff must prove by a preponderance of the evidence that the Defendant's stated reason is only a pretext, and that in fact her gender was a determining factor in the decision.

A "pretext" is a fictitious reason or motive advanced to conceal the real one. A plaintiff can prove pretext by showing the proffered reason (1) had no basis in fact, (2) did not actually motivate the decision to discharge Plaintiff, or (3) that the reasons were insufficient to motivate discharge.

To be deemed similarly situated, the individual with whom Plaintiff seeks to compare herself must have been subject to the same standards and have engaged in the same conduct without such differentiating or mitigating circumstances that would distinguish their conduct and the Defendant CIC's treatment of it.

Defendant CIC proffered reason for terminating Plaintiff is that based on its investigation, it believed that Plaintiff took funds belonging to Defendant CIC and deposited them in her checking

account. In order to prevail on her gender discrimination claim, Plaintiff must prove that Defendant CIC did not honestly believe this reason at the time it discharged her. The law does not require that Defendant CIC's investigation that led to Plaintiff's discharge be perfect, nor does it require that the investigation leave no stone unturned.

Plaintiff is not required to prove that Plaintiff's sex was the sole motivation or even the primary motivation for Defendant CIC's decision. Plaintiff need only prove that sex played a motivating part in Defendant CIC's decision even though other factors also may have motivated Defendant CIC.

Your task is to determine whether the Defendant CIC discriminated against the Plaintiff. You are not to substitute your judgment for the Defendant CIC's business judgment or decide this case based upon what you would have done.

An employer may exercise its own business judgment in making its own employment decisions as it sees fit, so long as it does not act from improper motives. The Defendant CIC was permitted to terminate Plaintiff for any reason, as long as that reason was not discriminatory. The Defendant CIC may be wrong in the way it treated Plaintiff so long as it did not intentionally discriminate on the basis of gender.

However, in determining whether Defendant CIC's stated reasons for its actions were a "pretext" for discrimination, you may consider the reasonableness or lack of reasonableness of Defendant's stated business judgment along with all of the other evidence in determining whether the Defendant discriminated against the Plaintiff. "Pretext" is not established merely because you disagree with the business judgment of the Defendant, unless you find that the Defendant's reasons were a pretext for discrimination.

You heard testimony that Mark Huller, the person who hired Plaintiff, was also the person who discharged her.

Where the individual who hires a person is the same person who then fires the employee, there is an inference that discrimination did not motivate the decision to discharge her. You may, but are not required to, infer from this evidence that Mr. Huller's decision to terminate Plaintiff's employment was not motivated by her gender.

**Intentional Infliction of Emotional Distress - Mary Lentz against David Balzano**

To prove her claim of intentional infliction of emotional distress against Defendant David Balzano, Plaintiff must prove by a preponderance of the evidence that:

1. Defendant Balzano acted intentionally or recklessly in an extreme and outrageous manner;
2. Defendant Balzano's actions proximately caused Plaintiff's injuries; and
3. Plaintiff's emotional distress was serious and of a nature that no reasonable person could be expected to endure.

Outrageous and extreme conduct is conduct so atrocious, so outrageous and so intolerable that it goes beyond what can be tolerated in a civilized society.

Proximate cause is that which, in a natural and continued sequence, contributes to produce the result, and without which it would not have happened.

A person acts intentionally when he or she has the purpose to produce a specific result. A person intends an act when it is done purposely, not accidentally. The intent with which a person does an act is known only to himself or herself, unless he or she expresses it to others or indicates it by his or her conduct.

A person acts recklessly when with heedless indifference to the consequences he or she perversely disregards a known risk that his or her conduct is likely to cause serious emotional distress.

Examples of serious emotional distress include, but are not limited to, traumatically induced neurosis, psychosis, chronic depression, or phobia.

Mere upset or hurt feelings, anger, grief, sadness, tearfulness, a feeling of emptiness or uncertainty, marital difficulties, nausea, loss of sleep or appetite, by way of example, do not necessarily rise to the level of severe and debilitating emotional distress.

**Intentional Interference with a Business Relationship - Mary Lentz against David Balzano**

Plaintiff claims that Defendant David Balzano intentionally interfered with her business relationship, namely, her employment relationship with Defendant CIC. To prove an intentional interference with a business relationship, Plaintiff must show:

1. That there was an employment relationship between her and CIC;

2. That Defendant Balzano knew of this relationship;

3. That Defendant Balzano intentionally interfered with Plaintiff's employment relationship thereby causing a breach or termination in that relationship;

4. That Defendant Balzano acted outside the scope of his employment when he engaged in his interfering acts; and

5. That Defendant Balzano's actions proximately caused Plaintiff to suffer damages.

Proximate cause is that which, in a natural and continued sequence, contributes to produce the result, and without which it would not have happened.

However, a qualified or conditional privilege applies to communications made in good faith between employers and their managers about matters of common business interest. To show that Defendant Balzano exceeded this privilege, Plaintiff must show by clear and convincing evidence that the communications were made with "actual malice," that is, with knowledge that the statements were false or with reckless disregard of whether they were false or not.

To be "clear and convincing" the evidence must have more than simply a greater weight than the evidence opposed to it and must produce in your minds a firm belief or conviction about the truth of the matter.

**Conversion - Cincinnati Insurance Company against Mary Lentz**

This is an action brought by Defendant CIC against the defendant for alleged conversion by Plaintiff of Defendant's property.  The action of conversion of personal property is based on the wrongful possession by one party of the property of another.  It is the wrongful taking of the property that gives the right of action to the owner of the property against the wrongdoer.  It is not necessary for the party taking wrongful possession of the property to assert absolute ownership of it in order to give the owner the right to an action for conversion.  If you find from the greater weight of the evidence that Defendant CIC was the owner of the property in question and entitled to the immediate possession thereof, and was deprived of that possession by an unauthorized act of Plaintiff, or by the exercise of dominion over the property inconsistent with the right of possession of Defendant CIC, it is a conversion of the property.  Any distinct act of dominion wrongfully exerted over one's property in denial of his right, or inconsistent with it, is a conversion.

In determining the amount of any damages that you decide to award, you should be guided by common sense. You must use sound judgment in fixing an award of damages, drawing reasonable inferences from the facts in evidence. You may not award damages based on sympathy, speculation, or guess work. On the other hand, the law does not require that Plaintiff prove the amount of Plaintiff's losses with mathematical precision, but only with as much definiteness and accuracy as circumstances permit.

If you find a Defendant liable to Plaintiff under any of these Instructions, then you must determine an amount that is fair compensation for each of Plaintiff's damages. You may award compensatory damages only for injuries that Plaintiff proves were caused by each Defendant's allegedly wrongful conduct.

The damages that you award must be fair compensation - no more and no less.

You may award damages for any pain, suffering, mental anguish, embarrassment or humiliation that Plaintiff experienced as a consequence of each Defendant's conduct. No evidence of the monetary value of such intangible things as pain and suffering, embarrassment and humiliation has been or need be introduced into evidence. There is no exact standard for fixing the compensation to be awarded for these elements of damage. Any award you make should be fair in light of the evidence presented at trial.

In determining the amount of any damages that you decide to award, you should be guided by common sense. You must use sound judgment in fixing an award of damages, drawing reasonable inferences from the facts in evidence. You may not award damages based on sympathy, speculation or guess work. On the other hand, the law does not require that Plaintiff prove the amount of her losses with mathematical precision, but only with as much definiteness and accuracy as circumstances permit.

The Court cannot embody all the law in any single part of these instructions. In considering one portion, you must consider it in the light of and in harmony with all the instructions.

Case 1:01-cv-00599-MHW    Document 159    Filed 06/23/2005    Page 14 of 18

The Court has instructed you on all the law necessary for your deliberations. Whether or not certain instructions are applicable may depend upon the conclusions you reach on the facts. If you have an impression that the Court indicated how any disputed fact should be decided, you must set aside such impression because only you determine such matters.

## PART III - GENERAL RULES CONCERNING JURY DELIBERATIONS

It is your duty, as jurors, to confer with one another, and to deliberate with a view to reaching an agreement, if you can do so without doing violence to individual judgment. Each of you must decide the case for yourself, but do so only after an impartial consideration of the evidence in the case with your fellow jurors. In the course of your deliberations, do not hesitate to re-examine your own views and change your opinion, if you are convinced it is erroneous.

However, do not surrender your honest conclusion as to the weight or effect of the evidence solely because of the opinion of your fellow jurors, or for the mere purpose of returning a verdict.

Remember always that you are not partisans. You are judges -- impartial triers of the facts. Your sole interest is to ascertain the truth from the evidence in the case. Don't take a firm position at the outset and then be too proud to change your position.

The verdict in this case must represent the considered judgment of each juror. In order to return a verdict, one way or the other, it is necessary that each juror agree thereto. Your verdict must be unanimous. It will be necessary that you all agree to any decision and indicate that agreement by signing the appropriate forms.

You will have with you in the jury room the following form of verdict. No inferences are to be drawn from the order in which the findings appear on the form.

If you find that the Plaintiff has proved all of the elements of gender discrimination, intentional interference with a business relationship, and/or the intentional infliction of emotional distress described above by a preponderance of the evidence, then you shall mark the finding on the verdict form against Defendants. If you find that the Plaintiff has failed to prove one or more of the above elements by a preponderance of the evidence, then you shall mark the finding on the verdict form for the Defendants.

When you have reached a verdict, you will mark the finding which corresponds to your decision. All members of the jury must agree upon the verdict and must sign the verdict in ink.

Circumstances in the case, as in any case, may arouse sympathy for one party or the other. Sympathy is a common human emotion. The law does not expect you to be free of such normal reactions. However, the law and your oath as jurors require you to disregard sympathy and not to permit it to influence your verdict in any degree.

It is your duty to weigh the evidence, to decide the disputed questions of fact, to apply the

instructions to your findings, and to render your verdict accordingly. In fulfilling your duty as jurors, you must strive to arrive at a fair and just verdict.

Your initial conduct upon entering the jury room is important. It is not wise to insist upon a certain verdict immediately because your sense of pride may be aroused, and you may hesitate to give up your position if it is shown that it is not correct.

You are not to discuss this case other than with other jurors or to tell anyone how you would have voted until after the jury has returned a verdict.

You will have in your possession the exhibits, the special interrogatories and the verdict forms. The foreperson will retain possession of these records and return them to the courtroom. Until your verdict is announced in open court, you are not to disclose to anyone else the status of your deliberations or the nature of your verdict.

The special interrogatories and verdict form are made up of questions concerning the important issues in the case. Unless otherwise indicated, these questions are to be answered "yes" or "no." Your answers must be unanimous and must reflect the considered judgment of each juror. You should answer every question, except where the form indicates otherwise.

Upon retiring, you should first, select a Foreperson. This person will help to guide your discussions in the jury room. Once you are there, if you need to communicate with me, the Foreperson will send a written message to me. However, do not tell me how you stand as to your verdict, for instance, if you are split 4-4 or 5-3, do not tell me that in the note. Whenever all jurors agree upon a verdict, you will sign the verdict in ink and also the questions that are required to be answered and advise the Court Security Officer that a verdict has been reached. You will then be returned to the courtroom.

Nothing said in these instructions and nothing in the verdict forms prepared for your convenience is to suggest or convey in any way the verdict I think you should return. What verdict shall be returned is your exclusive duty and responsibility as jurors.

The written form of the instructions on the law I have just given you will be available to you in the jury room.

You are invited to use these instructions in any way that will assist you in your deliberations and in arriving at your verdict.

These written instructions which are in substantially the same language as I have given

them to you verbally, represent the law that is applicable to the facts, as you find the facts to be.

If you are unable to readily locate any particular exhibit, please have the foreperson notify the Court Security Officer of exhibits in question, and the numbers of those exhibits will be given to you in order to facilitate your search for them.