UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| **MARY E. LENTZ,** | : | Case No.: 01-CV-599 |
| | : | |
| Plaintiff, | : | (Judge Watson) |
| | : | |
| v. | : | DEFENDANTS' MOTION FOR APPROVAL |
| | : | OF BILL OF COSTS |
| | : | |
| | : | |
| **CINCINNATI INSURANCE** | : | |
| **COMPANY, et al.** | : | |
| | : | |
| Defendants. | : | |

Pursuant to Fed. R. Civ. P. 54(d) and S.D. Ohio Civ. R. 54.1, Defendants Cincinnati Insurance Company ("CIC") and David Balzano move the Court for approval of the attached Bill of Costs (attached as Exh. A), totaling $13,215.23. The grounds for this Motion are set forth in the attached Memorandum in Support.

        Respectfully submitted,

        *s/ Jack B. Harrison*
        Deborah S. Adams (0005607)
        Jack B. Harrison (0061993)
        Frost Brown Todd LLC
        2200 PNC Center
        201 East Fifth Street
        Cincinnati, OH 45202-4182
        (513) 651-6800 (phone)
        dadams@fbtlaw.com
        jharrison@fbtlaw.com
        Trial Attorneys for Defendants

## MEMORANDUM IN SUPPORT

On June 23, 2005, following a full trial on the evidence, the jury in the trial of this matter found in favor of Defendant Cincinnati Insurance Company on Plaintiff's Title VII gender discrimination claim and in favor of Defendant David Balzano on Plaintiff's state law tort claim of intentional infliction of emotional distress. The jury also found in favor of Cincinnati Insurance Company on its claim for conversion against Plaintiff and awarded Cincinnati Insurance Company the sum of $1,600.00. While the jury found in favor of Plaintiff on her claim against Defendant Balzano for intentional interference with an employment relationship, the jury awarded no damages on this claim. As the prevailing parties in this litigation, Defendants' costs should be taxed against Plaintiff. *See Harlan Coal Co. v. North American Coal Corp.*, 35 F.2d 211, 213 (N.D. Ohio 1929) (Defendant is entitled to costs, even if Plaintiff prevails on a claim, where the amount awarded on Defendant's counterclaim exceeds the amount allowed on the Plaintiff's claim.)

Federal Rule of Civil Procedure 54(d) provides that ". . . costs . . . **shall** be allowed as of course to the prevailing party unless the court otherwise directs . . . " (emphasis added). *See also* S.D. Ohio Civ. R. 54.1. Rule 54(d) creates a presumption in favor of awarding costs. *White & White, Inc. v. American Hosp. Supply Co.*, 786 F.2d 728, 730 (6th Cir. 1986); *Baker v. First Tennessee Bank Nat'l Ass'n.*, 1998 U.S. App. LEXIS 5769 at *4 (6th Cir. 1998) (attached as Exhibit B). In pursuing costs under Rule 54(d)(1), the prevailing party is prima facie entitled to costs unless the unsuccessful party can successfully show circumstances sufficient to overcome the presumption. *Hall v. Ohio Educ. Ass'n*, 984 F. Supp. 1144, 1146 (S.D. Ohio 1997); *Lichter Found., Inc., v. Welch*, 269 F.2d 142, 146 (6th Cir. 1959).

In calculating costs, 28 U.S.C. § 1920 provides that "A judge or clerk of any court of the United States may tax as costs . . . (2) Fees of the court reporter for all or any part of the stenographic transcript necessarily obtained for use in the case . . . (4) Fees for exemplification and copies of papers necessarily obtained for use in the case." 28 U.S.C. § 1920 (1999). The Sixth Circuit has interpreted this statute to authorize courts to tax as costs the expenses of taking, transcribing and reproducing depositions. *Granberry v. Baptist Memorial Hospital*, 1998 U.S. App. LEXIS 10543 (6th Cir. May 21, 1998), *cert. denied,* 119 S.Ct.381 (1998) (attached as Exhibit C); *Sales v. Marshall*, 873 F.2d 115, 120 (6th Cir. 1989). The prevailing party is allowed the costs of transcribing, taking and reproducing depositions, which are reasonably necessary for the litigation. *Id*. Necessity is determined as of the time of taking the deposition; actual use at trial is not required. *Id*.; *Baker*, 1998 U.S. App. LEXIS 5769, *4; *see also* 10 Charles Alan Wright & Arthur R. Miller, *Federal Practice & Procedure*, § 2676, at 341 (2d ed. 1983) ("When a deposition is not actually used at trial or as evidence on some successful preliminary motion, whether its cost may be taxed generally is determined by deciding if the deposition reasonably seemed necessary at the time it was taken.").

Defendant seeks costs associated with depositions that were taken in this case. The costs are reasonably necessary and recoverable under the relevant statutory authority and federal rule. Defendant deposed Plaintiff Mary Lentz in preparation for all motions filed in this proceeding, as well as for use at trial. The deposition transcript of Ms. Lentz was used on multiple occasions throughout the trial. Additionally, Plaintiff deposed Don Desseyn, Shelly Bascom, Mark Huller, Al Matheny and Defendant Balzano and Defendants needed copies of these depositions in preparation for all motions filed in this proceeding, as well as for preparation for and use at trial.

The deposition of Mr. Desseyn was read at trial and the depositions of Ms. Lentz and Ms. Bascom were used for impeachment purposes throughout their testimony at trial.

"It is properly within the discretion of the trial court to tax costs for a daily transcript where the daily copies were 'necessarily obtained for use' in the case." Peters v. Delaware River Port Auth., 1995 U.S. Dist. LEXIS 1118, No. 91-6814, 1995 WL 37614, at *2 (E.D. Pa. Jan. 27, 1995)(quoting Holmes v. Cessna Aircraft Co., 11 F.3d 63, 64 (5th Cir. 1994)). *See also Radol v. Thomas*, 113 F.R.D. 172 (S.D. Ohio 1986). In the trial in this matter, daily transcripts and the transcript from the Final Pretrial were used by Defendants and by the Court almost every single day of trial as a mechanism for reviewing whether representations made to the Court and to the jury by Plaintiff's counsel had an actual basis in the record. Daily transcripts were used by Defendants in the trial of this case in the examination of witnesses, in arguments in support of objections, in arguments for Judgment as a Matter of Law, and in Closing Argument to the jury. Given the nature and length of this trial, as well as its somewhat contentious nature, there can be little question that daily transcripts were "necessarily obtained for use in the case."

For the reasons set forth above, costs associated with depositions and daily transcripts should be taxed against Plaintiff as requested in the Bill of Costs submitted by Defendants as Exh. A, along with the other items contained therein. Defendants reserve the right to submit a supplemental Bill of Costs for costs incurred during all appeals from the jury verdict and Judgment entered in this case.

Respectfully submitted,

*s/ Jack B. Harrison*
Deborah S. Adams (0005607)
Jack B. Harrison (0061993)
Frost Brown Todd LLC
2200 PNC Center
201 East Fifth Street
Cincinnati, OH 45202-4182
(513) 651-6800 (phone)
dadams@fbtlaw.com
jharrison@fbtlaw.com
Trial Attorneys for Defendants

## CERTIFICATE OF SERVICE

I hereby certify that on July 5, 2005, a copy of Defendants' Motion for Approval of Bill of Costs was filed electronically. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system and copies will be mailed via U.S. Mail to those parties who are not served via the Court's electronic filing system, if any. Parties may access this filing through the Court's system.

s/ *Jack B. Harrison*
Deborah S. Adams (0005607)
Jack B. Harrison (0061993)
Frost Brown Todd LLC
2200 PNC Center
201 East Fifth Street
Cincinnati, OH 45202-4182
(513) 651-6800 (phone)
dadams@fbtlaw.com
jharrison@fbtlaw.com
Trial Attorneys for Defendants

CinLibrary 0011523.0480059  1520595v.1