UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| MARY E. LENTZ, | ) | |
| | ) | Cause No. 1:01-cv-599 |
| Plaintiff, | ) | (J. Watson) |
| | ) | |
| v. | ) | |
| | ) | |
| CINCINNATI INSURANCE | ) | |
| COMPANY, *et al*. | ) | |
| | ) | |
| Defendants. | ) | |

**PLAINTIFF'S MOTION FOR APPROVAL OF BILL OF COSTS**

Pursuant to Fed.R.Civ.P. 54(d)(1) and S.D. Ohio Civ. R. 54.1, Plaintiff Mary Lentz moves the Court for approval of the attached Bill of Costs against Defendant David Balzano, which totals $4,852.14. The grounds for this motion are set forth in the attached Memorandum in Support.

Respectfully Submitted,

s/[Michael K. Sutherlin]
Michael K. Sutherlin
Attorney for Plaintiff

**MEMORANDUM IN SUPPORT OF
PLAINTIFF'S MOTION FOR APPROVAL OF BILL OF COSTS[1]**

Following a full trial, the jury in this matter found in favor of Plaintiff Mary Lentz against David Balzano for intentional interference with a business relationship. The jury found in favor of the defendants on other claims brought by Plaintiff.

Federal Rule of Civil Procedure 54(d) provides that costs shall be allowed as of course to the prevailing party unless the Court otherwise directs. A "prevailing party" is a term of art and is defined as a party in whose favor a judgment is rendered, regardless of the amount of damages awarded. See Buckhannon Bd. and Care Home, Inc. v. West, 532 U.S. 598, 603 (2001). As a prevailing party in litigation, Plaintiff's costs should be taxed against Defendant Balzano. Plaintiff's successful claim against Defendant Balzano entitles her to costs regardless of the outcome of her other claims. See Head v. Medford, 62 F.3d 351, 355 (11th Cir. 1995) (citations omitted) ("Cases from this and other circuits consistently support shifting costs if the prevailing party obtains judgment on even a fraction of the claims advanced.").

In calculating costs, 28 U.S.C. § 1920 provides that "A judge or clerk of any court of the United States may tax as costs… (2) Fees of the court reporter for all or any part of the stenographic transcript necessarily obtained for use in the case… (4) Fees for exemplification and copies of papers necessarily obtained for use in the case." 28 U.S.C. § 1920 (1999).[2] The Sixth Circuit has interpreted this statute to authorize courts to tax as costs the expenses of taking, transcribing, and reproducing depositions. Sales v. Marshall, 873 F.2d 115, 120 (6th Cir. 1989). The prevailing party is allowed the costs of transcribing, taking and reproducing depositions that

---

[1] Plaintiff intends to oppose Defendants' Motion for Approval of Bill of Costs by separate briefing.
[2] Where appropriate and helpful, Plaintiff recites those statutory and case citations of Defendants' that Plaintiff accepts as accurate.

are reasonably necessary for the litigation. Id. Necessity is determined at the time of taking depositions; actual use at trial is not required. Id. *See also* Wright & Miller, Federal Practice & Procedure, § 2676 at 341 (2nd ed. 1983) ("When a deposition is not actually used at trial or as evidence… whether its cost may be taxed generally is determined by deciding if the deposition reasonably seemed necessary at the time it was taken.").

Plaintiff is seeking costs associated with the depositions of Mark Huller, David Balzano, Shelly Bascom, Don Desseyn, Al Matheny, and herself. Each of these depositions was reasonably necessary for the successful litigation of her claims against Defendant Balzano. Plaintiff deposed all of these witnesses except for herself; in Plaintiff's case, she was deposed by Defendants but had to obtain a copy of that deposition for use at trial and in response to pre-trial dispositive motions by Defendants. The testimony of Don Desseyn was read into evidence via his deposition. The depositions of other testifying witnesses were necessary for impeachment purposes at trial and were also used in pre-trial dispositive motion responses. Plaintiff reasonably believed that the depositions of each of the witnesses named above was necessary in pursuing her claims, including the claim against Balzano for intentional interference with a business relationship, at the time of the taking of those depositions.

As a final note, Plaintiff has not requested costs for the daily or final transcripts of trial and pre-trial proceedings. It is improper for Defendants to do so as they did not request prior approval of the Court, nor were the transcripts "necessary" within the meaning of the law for use at trial. *See* Guidelines for Attorneys: Taxation of Costs in the Southern District of Ohio, p. 4 ("The practice of this Court is to require **prior court approval** before the costs of a transcript can be taxed by the Clerk as costs…Daily Copy [can be taxed] only if the court approves prior to trial… [w]hen there is no appeal, the transcript is rarely taxed unless necessity is shown…")

(emphasis in original). This issue, however, will be addressed in Plaintiff's Memorandum In Opposition to Defendant's Motion for Approval of Bill of Costs.

For all the reasons stated above, the costs presented in Plaintiff's Bill of Costs against Defendant David Balzano should be taxed against Balzano and in Lentz' favor.  Plaintiff reserves the right to submit a supplemental Bill of Costs should any appeal be sought in this case.

Respectfully Submitted,

s/[Michael K. Sutherlin]
Michael K. Sutherlin
Attorney for Plaintiff

## **CERTIFICATE OF SERVICE**

I hereby certify that on July 7, 2005, a copy of the foregoing was filed electronically. Notice of this filing will be sent to the following parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

    Deborah S. Adams
    Jack B. Harrison
    FROST BROWN TODD, LLC
    2200 PNC Center
    201 East Fifth Street
    Cincinnati, OH 45202
    dadams@fbtlaw.com
    jharrison@fbtlaw.com

    s/[Michael K. Sutherlin]
    Michael K. Sutherlin
    Attorney for Plaintiff

MICHAEL K. SUTHERLIN & ASSOCIATES
P.O. Box 441095
Indianapolis, IN 46244-1095
Phone: (317) 634-6313
Fax: (317) 631-8818
msutherlin@michaelsutherlin.com