UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| MARY E. LENTZ, | : | Case No.: 01-CV-599 |
| | : | |
| Plaintiff, | : | (Judge Watson) |
| | : | |
| v. | : | DEFENDANT DAVID BALZANO'S |
| | : | MEMORANDUM IN OPPOSITION TO |
| | : | PLAINTIFF'S MOTION FOR APPROVAL OF |
| | : | BILL OF COSTS |
| CINCINNATI INSURANCE | : | |
| COMPANY, et al. | : | |
| | : | |
| Defendants. | : | |

On June 23, 2005, following a full trial on the evidence, the jury in the trial of this matter found in favor of Defendant Cincinnati Insurance Company on Plaintiff's Title VII gender discrimination claim and in favor of Defendant David Balzano on Plaintiff's state law tort claim of intentional infliction of emotional distress. The jury also found in favor of Cincinnati Insurance Company on its claim for conversion against Plaintiff and awarded Cincinnati Insurance Company the sum of $1,600.00. While the jury found in favor of Plaintiff on her claim against Defendant Balzano for intentional interference with an employment relationship, the jury awarded no damages on this claim.[1]

In spite of the jury finding against her on all claims in the case, with the exception of her claim for tortious interference with employment relationship where the jury awarded no

---

[1] On July 5, 2005, Defendants submitted their Bill of Costs in the amount of $13,215.23. Since Defendant Cincinnati Insurance Company was successful in its defense of Plaintiff's Title VII gender discrimination claim and in the prosecution of its counterclaim for conversion, there can be no doubt that Cincinnati Insurance Company is a prevailing party and entitled to costs. The cost amount submitted by Defendants included the costs for the daily transcript which, contrary to Plaintiff's assertions, is an allowable cost under Rule 54. *Peters v. Delaware River Port Auth.*, 1995 U.S. Dist. LEXIS 1118, No. 91-6814, 1995 WL 37614, at *2 (E.D. Pa. Jan. 27, 1995)(quoting *Holmes v. Cessna Aircraft Co.*, 11 F.3d 63, 64 (5th Cir. 1994)). *See also Radol v. Thomas*, 113 F.R.D. 172 (S.D. Ohio 1986). As the Court well knows, daily transcripts in this case were absolutely necessary for reviewing whether representations made to the Court and to the jury by Plaintiff's counsel had an actual basis in the record.

damages, Plaintiff has filed a motion with the Court seeking to have costs awarded to her pursuant to Fed. R. Civ. P. 54(d) and S.D. Ohio Civ. R. 54.1. Plaintiff claims that because she was the "prevailing party" on her tortious interference claim, it does not matter that the jury found that she had suffered no compensable injury.[2]

As has become a recurring pattern in this litigation, Plaintiff, through her counsel, completely misrepresents the state of the law on the requirements for a "prevailing party" to be awarded costs pursuant to Fed. R. Civ. P. 54(d). For example, Plaintiff asserts that "prevailing party" is "a term of art," which is no doubt true. Plaintiff then cites *Buckhannon Bd. And Care Home, Inc. v. West*, 532 U.S. 598 (2001), for the proposition that "the amount of damages awarded" does not matter in the determination of whether a party is the "prevailing party" for the purposes of Rule 54 – which is undoubtedly not true. *Buckhannon* actually says, following an overwhelming body of authority:

> In designating those parties eligible for an award of litigation costs, Congress employed the term "prevailing party," a legal term of art. Black's Law Dictionary 1145 (7th ed. 1999) defines "prevailing party" as "[a] party in whose favor a judgment is rendered, regardless of the amount of damages awarded (in certain cases, the court will award attorney's fees to the prevailing party). -- Also termed successful party." **This view that a "prevailing party" is one who has been awarded some relief by the court can be distilled from our prior cases.**

532 U.S. at 603. In this case, Plaintiff clearly was not "awarded some relief by the court," and therefore, cannot be considered the "prevailing party."

In reviewing Supreme Court decisions analyzing "prevailing party" status for the purposes of an award of costs under Rule 54 or an award of attorneys' fees, the United States Court of Appeals for the D.C. Circuit stated:

---

[2] Defendant David Balzano has filed a Motion for Judgment as a Matter of Law asking the Court to set aside the jury's verdict on this claim, because no reasonable jury could have reached such a verdict on the evidence presented at trial, even when that evidence was construed most strongly in favor of Plaintiff. If the Court grants this motion, Plaintiff's request for costs will be moot.

2

The Supreme Court has consistently required that to be considered a prevailing party under § 1988, a party must receive some affirmative relief. In *Hewitt v. Helms*, 482 U.S. 755, 760, 96 L. Ed. 2d 654, 107 S. Ct. 2672 (1987), the Court observed that "respect for ordinary language requires that a plaintiff receive at least some relief on the merits of his claim before he can be said to prevail." In *Rhodes v. Stewart*, 488 U.S. 1, 4, 102 L. Ed. 2d 1, 109 S. Ct. 202 (1988), the Court refused to award prisoners attorneys' fees even though the prisoners obtained a declaratory judgment against prison officials, noting that a declaratory judgment will only constitute relief for the purposes of § 1988 where it "affects the behavior of the defendant toward the plaintiff." In *Texas State Teachers Association v. Garland Independent School District*, 489 U.S. 782, 792, 103 L. Ed. 2d 866, 109 S. Ct. 1486 (1989), the Court concluded that to be considered the prevailing party under § 1988, the plaintiff "must be able to point to a resolution of the dispute which changes the legal relationship between itself and the defendant."

The decision in *Farrar v. Hobby*, 506 U.S. 103, 121 L. Ed. 2d 494, 113 S. Ct. 566 (1992), is particularly instructive. In that case, the Court considered whether a civil rights plaintiff who receives nominal damages is a prevailing party eligible to receive attorneys' fees under 42 U.S.C. § 1988. The Court concluded that while such a party was "prevailing," the attorneys' fee award could appropriately be quite low, based on the degree of the plaintiff's overall success. The Court held that to qualify as a prevailing party under § 1988, a plaintiff "must obtain an enforceable judgment against the defendant from whom fees are sought." *Id.* at 111. The award of nominal damages, the Court concluded, was such an enforceable judgment, because "[a] plaintiff may demand payment for nominal damages no less than he may demand payment for millions of dollars." *Id.* at 113. The Court made clear, however, that "'the moral satisfaction [that] results from any favorable statement of law' cannot bestow prevailing party status." *Id.* at 112 (quoting *Hewitt*, 482 U.S. at 762).

**Unlike the award of nominal damages at issue in *Farrar*, a judgment with no damages at all is not an "enforceable judgment"--there is simply nothing to enforce. While an empty judgment may provide some moral satisfaction, such a judgment carries no real relief and thus does not entitle the judgment winner to be treated as a prevailing party.** See *Robinson v. City of St. Charles*, 972 F.2d 974, 976 (8th Cir. 1992) (holding that unlike a civil rights plaintiff receiving nominal damages, a plaintiff receiving no damages is not a prevailing party simply because a violation was demonstrated); *Nissim v. McNeil Consumer Prod. Co.*, 957 F. Supp. 604, 607 (E.D. Pa. 1997) (holding that where the jury found in favor of plaintiff on Title VII discrimination and retaliatory discharge claims but awarded no back pay or compensatory damages, plaintiff was not prevailing). *Cf. Johnson v. Eaton*, 80 F.3d 148, 150 (5th Cir. 1996) (where plaintiff demonstrated a violation of the Fair Debt Collection Practices Act but did not prove damages, she was not entitled to attorneys' fees under the statute which required a "successful action to enforce the [claimed] liability"); *PH Group Ltd. v. Birch*, 985 F.2d 649, 652 (1st Cir. 1993) (where jury found that defendant breached implied covenant of good faith and fair dealing but awarded plaintiff

zero damages, plaintiff was not a "prevailing party" entitled to attorneys' fees under agreement between licensor and licensee).

*Tunison v. Continental Airlines Corp.*, 162 F.3d 1187, 1190 (D.C. Cir. 1998). *See also Farrar, et al. v. Hobby*, 506 U.S. 103 (1992), *Lintz, et al. v. American General Finance, et al.*, 203 F.R.D. 486 (D. Kan. 2001); *Centennial Management Servs., Inc. v. Axa Re Vie*, 2001 U.S. Dist. LEXIS 1610, 2001 WL 123871, *2-3 (D. Kan. Feb. 5, 2001).

In this case, the jury found that Plaintiff had suffered no compensable injury and awarded her no damages. Thus, like the plaintiff in *Tunison*, Plaintiff had "no enforceable judgment," a requirement for "prevailing party" status pursuant to Rule 54. While Plaintiff may have some moral satisfaction from her success on one of the claims she brought against Defendants in this case, courts, including the U.S. Supreme Court in *Farrar*, have made it clear that 'the moral satisfaction [that] results from any favorable statement of law' cannot bestow prevailing party status." 506 U.S. at 112 (quoting *Hewitt*, 482 U.S. at 762). Therefore, Plaintiff is not entitled to any award of costs in this matter pursuant to Rule 54.

For these reasons, Defendant David Balzano requests that the Court find that Plaintiff was not a "prevailing party" as the law recognizes that term of art and deny Plaintiff's request for costs.

Respectfully submitted,

*s/ Jack B. Harrison*
Deborah S. Adams (0005607)
Jack B. Harrison (0061993)
Frost Brown Todd LLC
2200 PNC Center
201 East Fifth Street
Cincinnati, OH 45202-4182
(513) 651-6800 (phone)
dadams@fbtlaw.com
jharrison@fbtlaw.com
Trial Attorneys for Defendants

5

## CERTIFICATE OF SERVICE

I hereby certify that on July 10, 2005, a copy of Defendant David Balzano's Memorandum in Opposition to Plaintiff's Motion for Approval of Bill of Costs was filed electronically. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system and copies will be mailed via U.S. Mail to those parties who are not served via the Court's electronic filing system, if any. Parties may access this filing through the Court's system.

s/ *Jack B. Harrison*
Deborah S. Adams (0005607)
Jack B. Harrison (0061993)
Frost Brown Todd LLC
2200 PNC Center
201 East Fifth Street
Cincinnati, OH 45202-4182
(513) 651-6800 (phone)
dadams@fbtlaw.com
jharrison@fbtlaw.com
Trial Attorneys for Defendants

CinLibrary 0011523.0480059 1522714v.1