UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| MARY E. LENTZ, | : | Case No.: 01-CV-599 |
| | : | |
| Plaintiff, | : | (Judge Watson) |
| | : | |
| v. | : | DEFENDANT DAVID BALZANO'S |
| | : | MEMORANDUM IN OPPOSITION TO |
| | : | PLAINTIFF'S MOTION FOR HEARING ON |
| | : | BACK PAY AND FRONT PAY |
| | : | |
| | : | |
| | : | |
| | : | |
| CINCINNATI INSURANCE | : | |
| COMPANY, et al. | : | |
| | : | |
| Defendants. | : | |

MEMORANDUM IN OPPOSITION TO PLAINTIFF'S MOTION
FOR HEARING ON BACK PAY AND FRONT PAY

On June 23, 2005, following a full trial on the evidence, the jury in the trial of this matter found in favor of Defendant Cincinnati Insurance Company on Plaintiff's Title VII gender discrimination claim and in favor of Defendant David Balzano on Plaintiff's state law tort claim of intentional infliction of emotional distress. The jury also found in favor of Cincinnati Insurance Company on its claim for conversion against Plaintiff and awarded Cincinnati Insurance Company the sum of $1,600.00. While the jury found in favor of Plaintiff on her claim against Defendant Balzano for intentional interference with an employment relationship, the jury awarded no damages on this claim.

In spite of the jury's finding against her on all claims in the case, with the exception of her claim for tortious interference with employment relationship where the jury awarded no damages, Plaintiff has filed a motion with the Court seeking to have a hearing to determine what,

if any, front and back pay she is entitled to on a claim where the jury found she had suffered no compensable injury. [1]

There is simply no basis for holding the hearing that Plaintiff desires. A judgment reflecting the jury's verdict was entered in this case on June 23, 2005. Now Plaintiff argues that the Court must hold a hearing to determine what, if any, front and back pay Plaintiff is entitled to on a state law tort claim where the jury found she had suffered no compensable injury. Plaintiff has offered absolutely no authority for the proposition that front and back pay are elements of damages, separate and apart from the jury's consideration of compensatory damages, in an Ohio state law tort claim such as intentional interference with an employment relationship. Such an assertion is made even more absurd in the context of an employment at will relationship where the Plaintiff could be fired at any point for no reason.

Plaintiff claims that the "[t]he jury instructions very clearly do not discuss the issue of back pay and front pay. *See* Jury Instructions at 13 (discussing compensatory damages) [Docket #159, p. 13]. This is certainly true, in that the parties discussed, and the Court determined that it would decide any issue of back pay that might be owed to Plaintiff under her Title VII gender discrimination claim against her employer, Cincinnati Insurance Company, should she be successful on that claim, which she was not.

The parties never discussed the issue of back or front pay as it related to Plaintiff's intentional interference with an employment relations claim. There is a simple reason for that, namely that on a tort claim under Ohio law, the purpose of compensatory damages, on which the jury was fully instructed, is "to compensate and make the plaintiff whole." *Pryor v. Weber*, 23

---

[1] Defendant David Balzano has filed a Motion for Judgment as a Matter of Law asking the Court to set aside the jury's verdict on this claim, because no reasonable jury could have reached such a verdict on the evidence presented at trial, even when that evidence was construed most strongly in favor of Plaintiff. If the Court grants this motion, Plaintiff's motion will be moot.

Ohio St. 2d 104, 107 (1970). Plaintiff simply provides no authority for the proposition that front and back pay are something to be considered separate and apart from compensatory damage in any tort claim under Ohio law, much less a claim for intentional interference with an employment relationship. Defendant David Balzano was not Plaintiff's employer, and therefore, he never had an obligation to pay Plaintiff wages. Any claim that Plaintiff may have had for any injury or loss as a result of Mr. Balzano's conduct was included within the compensatory damage that the jury would have considered in considering the intentional interference tort claim. In consideration of that claim and consistent with the Court's instructions and the Special Interrogatories, the jury concluded that Plaintiff had no compensable injury as a result of Mr. Balzano's conduct.

Plaintiff simply misrepresents the record of this proceeding, something which has become a consistent pattern. For example, Plaintiff states in her Motion for Hearing that:

> During the Charging Conference, and at a sidebar between the parties before the case was submitted to the jury, the Plaintiff and Defendants, by counsel, agreed that the issue of back pay and front pay would be an issue submitted to the Court was liability found by the jury.

This statement is simply untrue. During the Charging Conference, the parties discussed whether the issue of back pay under Plaintiff's Title VII gender discrimination claim would be submitted to the jury or would be determined by the Court. The fact that this discussion took place in the context of Plaintiff's Title VII claim and not her tort claim is evidenced throughout the record, but, by way of example, Defendant offers the following exchange:

> Mr. Sutherlin:  Your Honor, is it the Court's position that it's the jury's function to determine back pay as opposed to the Court itself determining back pay?
>
> The Court:  I haven't thought about it.
>           * * * * *
>           I'm trying to remember, did it come up in <u>Bahar</u>?

* * * * *

| | |
|---|---|
| Ms. Adams: | We've looked into that, Judge. And I think, I think in the Seventh Circuit it is for the Court. In the Sixth Circuit it's all over the map and it appears to be either whatever the Court wishes to do. It's gone to the jury without the Court of Appeals frowning on it, and it's gone to the Court without the Court of Appeals frowning on it. |

* * * * *

| | |
|---|---|
| Ms. Pundzak: | From our [Plaintiff's] position, Judge, we would prefer that the Court take up the issue of back pay if there is a jury award in Plaintiff's favor. |
| The Court: | Yes. |
| Mr. Conway: | Just for the record, refer to the <u>Moore versus Sun Oil</u> case. |
| The Court: | Cite? |
| Mr. Conway: | 636 F. 2d 154. I agree with what Miss Adams suggested is the Sixth Circuit is all over the place in terms of this issue. **That was a 1981, Section 1981 action which shares remedies and provisions with Title VII, and that case said that it is an equitable issue decided by the Court.** |

Tr. 1323-24.

The focus of the entire discussion by counsel and the Court of whether the determination of back pay was to be made by the jury or the Court was limited to the statutory discrimination context, as is evidenced by the reliance of Plaintiff's counsel, Mr. Conway, on the *Moore v. Sun Oil* case, a case addressing pay under a federal discrimination statute. At no point did the parties discuss the issue of back pay as it related to Plaintiff's claim for intentional interference with an employment relationship against the individual defendant, David Balzano, because there was simply no reason to discuss this as separate damage, apart from compensatory damages, under a state law tort claim.

Plaintiff also again misrepresents the record to the Court by claiming that there was any discussion of the issue of front pay at all. Examining the transcript citations provided by Plaintiff in support of this spurious claim, as well as a multitude of other references in the record,

4

it is clear that neither the parties nor the Court ever discussed or considered the issue of front pay in the discussions of the jury instructions. *See* Tr. 1323, 1324, 1325, 1335, 1400. Plaintiff's assertion that the issue of front pay was discussed at all in the context of jury instructions on damages under Title VII, much less that there was any agreement on it, is simply false. Again, discussion of the issue of front pay in the context of a state law tort claim for intentional interference with an at will employment relationship would simply be contrary to logic and make no sense, in that any alleged front pay claim would simply be speculative and contrary to the principle of compensatory damages in tort claims.

Because Plaintiff's counsel made no objection to the jury instructions as read, pursuant to Rule 51, Plaintiff has waived any objections that she may have to the jury instructions given by the Court on the issue of compensatory damages as related to the single state law tort claim on which the jury found in her favor. Plaintiff should not now be allowed to attempt to solve the problem created by her waiver by pretending that the parties and the Court agreed that she would be entitled to seek back and front pay on her state law tort claim -- separate and apart from compensatory damages recognized under Ohio tort law -- from an individual defendant who was not her employer – particularly when Plaintiff can point to no Ohio authority for such a position.

Before the jury during its deliberation was evidence showing Ms. Lentz's income prior to the time of her termination for converting funds belonging to Cincinnati Insurance Company to her own use, as well as her income for the years following that termination. *See* Exs. DX-A (Lentz CIC Service Record), DX-F (Lentz 2000-2004 Wage/Earnings and Tax Returns), JX-V (November 17, 1997 salary increase letter for Lentz), JX-XIV (November 15, 1999 salary increase letter for Lentz), JX-XVI (November 1998 salary increase letter for Lentz), PX-1 (Lentz performance evaluations for 1997, 1998, and 1999, including salary information, PX-23 (2000

salary increase letter for Lentz). Plaintiff is simply incorrect in its assertion that the jury did not have adequate evidence before it to determine whether there should be a wage component to any compensatory damages related to their finding in Plaintiff's favor on her claim for intentional interference with employment relationship and the amount to be included, if any. With regard to damages on this claim, the jury was asked the following question in the Special Interrogatories: "If you answered "Yes" to Interrogatory No. 2, please indicate the amount of compensatory damages, **if any**, to which Plaintiff is entitled." In response to this question, the jury determined that Plaintiff was entitled to no damages.

Based on the Court's instructions and the evidence before it, the jury determined that Plaintiff had no compensable injury as a result of whatever intentional interference with her employment relationship may have occurred. One can assume that the jury concluded, based on its verdict, that while the jury believed Mr. Balzano improperly interfered with Plaintiff's employment relationship with Cincinnati Insurance Company, it was her own conduct – converting funds belonging to Cincinnati Insurance Company, rather than any conduct of Mr. Balzano, that led to her termination.

Additionally, at no point did Plaintiff's counsel raise the fact that he believed Plaintiff was entitled to a hearing on these issues after the jury returned a verdict, the Court stated that the case was concluded (Tr. at 1458), or before judgment was entered in the case. This motion is clearly a *post hoc* attempt to create an issue for appeal or to provide Plaintiff one more bite at the apple in a case where the jury weighed all her evidence and found it deficient.

Finally, "Federal courts are prohibited by the Seventh Amendment from granting additur, which would increase the amount of the jury's award. *Tezak v. Montgomery Ward & Company, Inc.,* 33 Fed. Appx. 172, 177-78; 2002 U.S. App. LEXIS 6010 (6th Cir. 2002). *See also Dimick*

*v. Schiedt*, 293 U.S. 474, 79 L. Ed. 603, 55 S. Ct. 296 (1955).  In this case, it was reasonable for the jury to conclude that any injury Plaintiff may have suffered – injuries that were certainly disputed in the evidence, including Plaintiff's own evidence (compare testimony of Mary Lentz with testimony of Paula Ruppert on Plaintiff's alleged emotional injury) – were as a result of her own conduct, rather than Mr. Balzano.

    For all these reasons, the Court should deny Plaintiff's motion and refuse to set the hearing requested by Plaintiff.

    Respectfully submitted,

*s/ Jack B. Harrison*
Deborah S. Adams (0005607)
Jack B. Harrison (0061993)
Frost Brown Todd LLC
2200 PNC Center
201 East Fifth Street
Cincinnati, OH 45202-4182
(513) 651-6800 (phone)
dadams@fbtlaw.com
jharrison@fbtlaw.com
Trial Attorneys for Defendants

## CERTIFICATE OF SERVICE

I hereby certify that on July 13, 2005, a copy of Defendant David Balzano's Memorandum in Opposition was filed electronically. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system and copies will be mailed via U.S. Mail to those parties who are not served via the Court's electronic filing system, if any. Parties may access this filing through the Court's system.

                                                s/ *Jack B. Harrison*
                                                Deborah S. Adams (0005607)
                                                Jack B. Harrison (0061993)
                                                Frost Brown Todd LLC
                                                2200 PNC Center
                                                201 East Fifth Street
                                                Cincinnati, OH 45202-4182
                                                (513) 651-6800 (phone)
                                                dadams@fbtlaw.com
                                                jharrison@fbtlaw.com
                                                Trial Attorneys for Defendants

CinLibrary 0011523.0480059 1522874v.1