UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| MARY E. LENTZ, | ) |
|       Plaintiff, | ) Cause No. 1:01-cv-599 |
| | ) (J. Watson) |
| v. | ) |
| | ) |
| CINCINNATI INSURANCE | ) |
| COMPANY, *et al*. | ) |
| | ) |
|       Defendants. | ) |

**MEMORANDUM IN OPPOSITION TO
DEFENDANTS' MOTION FOR APPROVAL OF BILL OF COSTS**

Following a full trial, the jury in this matter found in favor of Plaintiff Mary Lentz against David Balzano for intentional interference with a business relationship. The jury found in favor of the defendants on other claims brought by Plaintiff. Because Plaintiff prevailed on her state law claim against Balzano, Plaintiff is to be considered a prevailing party.[1] Defendants, nonetheless, claim to be 'the' prevailing parties. While the exclusivity of Defendants' claim has been refuted in Plaintiff's other filings, it is entirely possible that Defendants will not be considered a prevailing party at all. Furthermore, several of Defendants' costs claimed are unsupportable under the law and in light of the facts of this case. As is explained below, Defendants' motion for costs should be denied in part or in full.

---

[1] Plaintiff also refers the Court to the arguments and citations contained in Plaintiff's Motion for Approval of Bill of Costs, with attached memorandum, as well as her Reply in Support of that motion.

**1. If Plaintiff is entitled to lost wages from her Intentional Interference with a Business Relationship claim, Defendants are not prevailing parties at all.**

Because Plaintiff prevailed on her state law claim against Balzano, Plaintiff is to be considered a prevailing party. *See, e.g.* Head v. Medford, 62 F.3d 351, 355 (11th Cir. 1995) (citations omitted) ("Cases from this and other circuits consistently support shifting costs if the prevailing party obtains judgment on even a fraction of the claims advanced."). Although the jury awarded no compensatory damages, relying as they did on an instruction which did not include reference to lost wages, Plaintiff should be entitled to lost wages as a result of her successful claim based on the Court's promise to calculate lost wages upon any finding of liability in her favor. *See* Plaintiff's Motion for Hearing on Back Pay and Front Pay Damages.

Because of Plaintiff's success on her state law claim, Defendants must base their motion for costs solely on the fact that the jury found in their favor on a counterclaim brought against Plaintiff, because case law (cited to by Defendants themselves) shows that even if a plaintiff proves a defendant liable for unlawful conduct but is entitled to no damages, neither party will be considered a prevailing party. Tunison v. Continental Airlines Corp., Inc., 162 F.3d 1187, 1187-1188 (D.C. Cir. 1998) ("We hold that because [plaintiff] obtained no relief under the judgment, and [defendant] was found to have violated the Act, neither party should be considered a prevailing party presumptively entitled to costs under Rule 54(d)(1)"). Designation as a prevailing party in such circumstances, however, is bounded by limitations.

Generally, when both parties 'prevail' in a claims/counterclaim situation, the defendant must receive a monetary amount greater than the plaintiff to be considered a prevailing party. If the defendant does not, the plaintiff alone will be considered the prevailing party. *See, e.g.*, Nordin Const. Co. v. City of Nome, 489 P.2d 455 (Alaska 1971); Trollope v. Koerner, 515 P.2d 340 (Div. 1 1973); Cheatham v. Harmon, 206 S.W. 16 (1918); Wise v. DeWerd, 373 F.2d 306

(3d Cir. 1967) (applying Virgin Islands law); State Trust & Savings Bank v. Hermosa Land & Cattle Co., 240 P. 469 (1925); Dawson v. Shearer, 337 P.2d 46 (1959).

Here, however, the judgment on Defendants' counterclaim was a mere $1,600. *See* Verdict Form. If the Court finds that Plaintiff is entitled to any lost wages at all, it cannot be doubted that those damages will be far above and beyond the amount of Defendants' damages. If this is the case, Defendants should not be considered 'prevailing parties' at all.

Of course, it is legally permissible for this Court to decide that both parties are prevailing parties, or neither. *See, e.g.* . Lovejoy v. O'Berto, 1987 WL 27415 (N.D. Ill. 1987) (where recovery on plaintiff's claim partially offset by recovery against him on counterclaim, court finds no prevailing party); All West Pet Supply v. Hill's Pet Products, 153 F.R.D. 667 (D. Kan. 1994) (awarding no costs where each party prevailed on some claims); Moran v. Lewis, 131 Conn. 680, 41 A.2d 905 (1945) (both parties held to be prevailing parties); Moritz v. Hoyt Enterprises, Inc., 604 So. 2d 807, 17 (Fla. 1992); Ramco v. H-K Contractors, 794 P.2d 1381 (1990) (plaintiff entitled to costs on claim on which it recovered and defendant entitled to costs on its successful counterclaim). Nonetheless, here Plaintiff asserts that she is entitled to lost wages damages on her successful claim, that those damages will be greater than the damages awarded to Defendants on their counterclaim, and that Plaintiff alone will therefore be the prevailing party in this action.

For these reasons, the Court should deny Defendants' motion for costs in its entirety.

2.     **Defendants are not entitled to costs for daily transcripts.**

Defendants have sought costs for, among other things, daily transcripts from trial and from pre-trial conference. The cost of the transcripts exceeds $9,300 and is therefore more than seventy percent (70%) of the total cost sought here. Defendants' request for costs in this regard

3

is willfully improper, and this portion of their Bill of Costs should be denied regardless of the Court's determination on the 'prevailing party' issue.

Documents provided by this Court provide no doubt that for Defendants to claim costs for daily transcripts, they should have sought permission from the Court to do so prior to trial. *See* Guidelines for Attorneys: Taxation of Costs in the Southern District of Ohio, p. 4 ("The practice of this Court is to require **prior court approval** before the costs of a transcript can be taxed by the Clerk as costs…Daily Copy [can be taxed] only if the court approves prior to trial…" (emphasis in original). Defendants have not alleged that they sought such permission, nor can they. Defendants did not seek permission from the Court to acquire daily transcript copies, and they therefore cannot tax those costs against Plaintiff.

Defendants cite to an unreported Pennsylvania district court decision, Peters v. Deleware River Port Auth., 1995 WL 37614 (E.D. Pa. 1995) in support of this cost. Peters is inapplicable because it fails to take into account this District's guidelines as to costs. Furthermore, Defendants' citation to Radol v. Thomas, 113 F.R.D. 172 (S.D. Ohio 1986) is also not helpful. In Radol, the Court there did allow the taxing of two daily transcript copies, but only after halving the costs allowed to Defendants and finding that the transcripts had been necessary in *that* case. Again, however, there is no mention of a court rule requiring prior permission, nor is it likely that Defendants can say if there was one since that ruling is almost twenty years old.

In fact, the Radol decision itself recognized: "The United States Court of Appeals for the Sixth Circuit holds that costs of a daily transcript can be denied where the transcript is "helpful but not necessary for defense of the case." 113 F.R.D. at 174 (citing to White & White, Inc. v. American Hosp. Supply Corp., 786 F.2d 728 (6th Cir. 1986)). The case to which Radol cites remains good law today. Even the U.S. Supreme Court has put in a word on this matter, holding:

4

"In denying the allowance for daily transcripts, Judge Weinfeld pointed out that while these might have added to the convenience of counsel for the company, and perhaps even have made the task of the trial judges easier, the transcripts were by no means indispensable." <u>Farmer v. Arabian Am. Oil Co.</u>, 379 U.S. 227, 233-34 (1964), partially disapproved of on other grounds by <u>Crawford Fitting Co. v. J. T. Gibbons, Inc</u>., 482 U.S. 437, 443 (1987).

Here, Defendants only argue that the daily transcripts were 'necessary' because they were sometimes used in examining witnesses, in arguing objections, in arguments for their Rule 50 motions, in closing arguments, and because of the trial's 'somewhat contentious nature.' This is ridiculous; each of these arguments could be made in regards to any trial, and they completely fail to show why the transcripts were 'necessary' for use at trial, particularly in light of their high cost. This Court has felt free to deny costs for daily transcripts when they are not necessary, *see generally* <u>U.S. ex rel. Pickens v. GLR Constructors, Inc</u>., 196 F.R.D. 69, (S.D. Ohio 2000), and the Court should do the same here.

Because Defendants failed to request permission from the Court prior to trial for daily transcript costs despite an express Court guideline requiring them to do so, and because the daily transcripts were furthermore not necessary, the Court should deny this portion of Defendants' motion for costs. Furthermore, as shown above, this point should be mooted as Defendants' are not a prevailing party, and Defendants' motion should be denied in its entirety.

### 3.    The witness fee for Paula Ruppert is outdated, unexplained, and should be disallowed.

Finally, Defendants request reimbursement of an alleged witness fee paid to Paula Ruppert in the amount of $58.20. *See* Defendants' Bill of Costs, Docket #164, p. 3. However, the check stub for this payment is dated October 8, *2002*, and it is not apparent to Plaintiff that

5

this check had anything to do with her case, nor why Ruppert would have been issued a fee over two and a half years before the parties went to trial in this case.  In any event, Defendants did not address Ruppert's fee at any point in their memorandum, and Plaintiff objects to paying this fee absent a clear explanation from Defendants.

**4. Conclusion.**

For all the reasons stated above, Defendants' Motion for Approval of Bill of Costs should be denied in part or in full.  Plaintiff further respectfully requests a ruling in her favor on her own <u>Plaintiff's Motion for Approval of Bill of Costs</u>.

    Respectfully Submitted,

    <u>s/[Michael K. Sutherlin]</u>
    Michael K. Sutherlin
    Attorney for Plaintiff

**CERTIFICATE OF SERVICE**

I hereby certify that on July 22, 2005, a copy of the foregoing was filed electronically. Notice of this filing will be sent to the following parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

    Deborah S. Adams
    Jack B. Harrison
    FROST BROWN TODD, LLC
    2200 PNC Center
    201 East Fifth Street
    Cincinnati, OH 45202
    dadams@fbtlaw.com
    jharrison@fbtlaw.com

                                          s/[Michael K. Sutherlin]
                                          Michael K. Sutherlin
                                          Attorney for Plaintiff

MICHAEL K. SUTHERLIN & ASSOCIATES
P.O. Box 441095
Indianapolis, IN 46244-1095
Phone: (317) 634-6313
Fax: (317) 631-8818
msutherlin@michaelsutherlin.com