UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| MARY E. LENTZ, | ) |
|         Plaintiff, | )   Cause No. 1:01-cv-599 |
| | )          (J. Watson) |
| v. | ) |
| CINCINNATI INSURANCE COMPANY, *et al*. | ) |
|         Defendants. | ) |

**REPLY IN SUPPORT OF
PLAINTIFF'S MOTION FOR APPROVAL OF BILL OF COSTS**

Plaintiff, by counsel, hereby submits her Reply in Support of her Motion for Approval of Bill of Costs. Because Plaintiff is a "prevailing party" for purposes of Fed. R. Civ. P. 54(d), Plaintiff is entitled to her costs in this matter, and her motion should be therefore be granted.

Defendants oppose none of Plaintiff's specific requests for costs. Instead, Defendants' entire brief attacks Plaintiff's status as a "prevailing party" under Fed. R. Civ. P. 54(d). Defendants claim that because the jury found Defendant Balzano liable as to Plaintiff's state law claim of Intentional Interference with a Business Relationship but awarded no damages, Plaintiff is entitled to no costs. Defendants are wrong.

First and foremost, Defendants cite to 42 U.S.C. § 1988 for their proposition that Plaintiff is not entitled to *costs*. However, 42 U.S.C. § 1988 has nothing to do with *costs*; it deals exclusively with *attorney's fees*[1], and attorney's fees have nothing to do with Plaintiff's

---

[1] The only possibly relevant language in § 1988, which is entitled 'Proceedings in vindication of civil rights,' is found at subsection (b), labeled 'Attorney's Fees,' which states in full, "In any action or proceeding to enforce a provision of sections 1981, 1981a, 1982, 1983, 1985, and 1986

1

successful claim against Balzano, nor has Plaintiff sought such fees here.  Regardless, Defendants, through their argument and citations, refer to '§ 1988' or 'attorney's fees' no fewer than ten times throughout their four-page memorandum.  See <u>Defendant David Balzano's Memorandum in Opposition to Plaintiff's Motion for Approval of Bill of Costs</u>.

 Furthermore, Defendants' argument (even if it were supported by the cases cited) is grounded exclusively and narrowly on the jury's decision not to award compensatory damages to Plaintiff for her successful claim against Balzano.  This argument has no weight for several reasons.  First, Plaintiff stands by her statements on the law inasmuch as she already has prevailing party status, regardless of the jury's determination of those damages upon which it was instructed.  Second, this Court has promised to determine lost wages in relation to Plaintiff's claim, and such a calculation has been requested in <u>Plaintiff's Motion For Hearing on Back Pay and Front Pay</u>.[2]  Therefore, even if Plaintiff were not a prevailing party based solely on the jury's finding on damages, the jury was not instructed on lost wages, something both Plaintiff and Defendants agreed to.  Accordingly, if the Court finds that Plaintiff is entitled to any lost wages, Defendants' argument again fails.

---

of this title, title IX of Public Law 92-318 [20 U.S.C.A. § 1681 et seq.], the Religious Freedom Restoration Act of 1993 [42 U.S.C.A. § 2000bb et seq.], the Religious Land Use and Institutionalized Persons Act of 2000 [42 U.S.C.A. § 2000cc et seq.], title VI of the Civil Rights Act of 1964 [42 U.S.C.A. § 2000d et seq.], or section 13981 of this title, the court, in its discretion, may allow the prevailing party, other than the United States, a reasonable attorney's fee as part of the costs, except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity such officer shall not be held liable for any costs, including attorney's fees, unless such action was clearly in excess of such officer's jurisdiction."
While this statute would have been relevant if the jury had found in Plaintiff's favor on her Title VII claim, it is not relevant here, when discussing her successful state law claim against Balzano.
[2] Defendants have also filed <u>Defendant David Balzano's Renewed Motion for Judgment as a Matter of Law as to Claim for Intentional Interference With Employment Relationship</u>, against which Plaintiff will file a Response in Opposition.  This motion is therefore not ripe for ruling by the Court, but Plaintiff asserts that the motion should be denied.

Plaintiff is a prevailing party, and Defendants' arguments to the contrary are unavailing. As a prevailing party, Plaintiff would be entitled to her costs for witness fees, filing fees, depositions, and those other costs which she listed in her Bill of Costs, and Defendants have not argued otherwise.

In the alternative, it is completely possible that this Court may decide that both parties are prevailing parties, or neither. *See, e.g.* . Lovejoy v. O'Berto, 1987 WL 27415 (N.D. Ill. 1987) (where recovery on plaintiff's claim partially offset by recovery against him on counterclaim, court finds no prevailing party); All West Pet Supply v. Hill's Pet Products, 153 F.R.D. 667 (D. Kan. 1994) (awarding no costs where each party prevailed on some claims); Moran v. Lewis, 131 Conn. 680, 41 A.2d 905 (1945) (both parties held to be prevailing parties); Moritz v. Hoyt Enterprises, Inc., 604 So. 2d 807, 17 (Fla. 1992); Ramco v. H-K Contractors, 794 P.2d 1381 (1990) (plaintiff entitled to costs on claim on which it recovered and defendant entitled to costs on its successful counterclaim).

For all of the reasons discussed above, the Court should find that Plaintiff is a prevailing party, and grant Plaintiff's Motion for Approval of Bill of Costs.

                                              Respectfully Submitted,

                                              s/[Michael K. Sutherlin]
                                              Michael K. Sutherlin
                                              Attorney for Plaintiff

**CERTIFICATE OF SERVICE**

I hereby certify that on July 22, 2005, a copy of the foregoing was filed electronically. Notice of this filing will be sent to the following parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

Deborah S. Adams
Jack B. Harrison
FROST BROWN TODD, LLC
2200 PNC Center
201 East Fifth Street
Cincinnati, OH 45202
dadams@fbtlaw.com
jharrison@fbtlaw.com

                                      s/[Michael K. Sutherlin]
                                      Michael K. Sutherlin
                                      Attorney for Plaintiff

MICHAEL K. SUTHERLIN & ASSOCIATES
P.O. Box 441095
Indianapolis, IN 46244-1095
Phone: (317) 634-6313
Fax: (317) 631-8818
msutherlin@michaelsutherlin.com