**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

| | | |
|---|---|---|
| MARY E. LENTZ, | ) | |
| | ) | Cause No. 1:01-cv-599 |
| Plaintiff, | ) | (J. Watson) |
| | ) | |
| v. | ) | |
| | ) | |
| CINCINNATI INSURANCE | ) | |
| COMPANY, *et al*. | ) | |
| | ) | |
| Defendants. | ) | |

**REPLY IN SUPPORT OF PLAINTIFF'S MOTION**
**FOR HEARING ON BACK PAY AND FRONT PAY DAMAGES**

Plaintiff, by counsel, hereby submits her Reply in Support of her Motion for Hearing on

Back Pay and Front Pay Damages.  Because under Ohio law back and front pay are included

under compensatory damages for Plaintiff's successful tort claim against Defendant Balzano, and

because the Court properly agreed to compute lost wages outside of the jury's consideration (to

which Defendants agreed), Plaintiff's motion is proper and the Court should grant a hearing on

this matter.

**1.      Under Ohio law, back pay and front pay are part of compensatory damages**
**under a claim for intentional interference with a business relationship.**

Defendant Balzano complains that Plaintiff has provided "no authority for the proposition

that front pay and back pay are something to be considered separate and apart from

compensatory damage in any tort claim under Ohio law, much less a claim for intentional

interference with an employment relationship."  First of all, Defendant deliberately distorts

Plaintiff's motion inasmuch as the lost wages issue is not "separate and apart" from

compensatory damages at all.  Indeed, lost wages *are* a part of compensatory damages, which is

exactly what Plaintiff has argued.  Plaintiff did not need to 'object' to the instruction given on

compensatory damages because it was clearly and openly stated that the Court had agreed to

calculate lost wages outside of the jury's consideration. *See, e.g.*, Transcript of Trial at 1335

("The Court:  'The Court is going to determine back pay.'") [Docket #161-2, p. 2]; Transcript of

Trial at 1398 ("The Court:  'We're striking a reference to lost wages because the Court's going

to determine that after the trial if there is a finding for the plaintiff.'") [Docket #161-3, p. 20).  In

fact, it is Defendants who did not object:  neither Defendant objected to the Court's promise to

calculate lost wages, nor did Defendants attempt to confine that promise to Title VII only, and

thus it is Defendants who have waived any argument to the contrary.  Defendant Balzano himself

states, "At no point did the parties discuss the issue of back pay as it related to Plaintiff's claim

for intentional interference with an employment relationship against… Balzano, because there

was simply no reason to discuss this as a separate damage, apart from compensatory damages,

under a state law tort claim." <u>Memorandum in Opposition to Plaintiff's Motion for Hearing on

Back Pay and Front Pay</u>.  Plaintiff agrees.

Additionally, there seemed little reason to cite case law for a proposition as basic as lost

wages (including both back pay and front pay) being included in compensatory damages for the

tort of intentional interference with a business relationship under Ohio law, but Plaintiff replies

to Defendant's request now:

> The Supreme Court has noted that damages attributable to mental anguish and
> humiliation are available under compensatory damages; however, value of
> such damages are notoriously difficult to prove. <u>Columbus Finance, Inc. v.
> Howard</u> (1975), 42 Ohio St.2d 178, 184, 327 N.E.2d 654. Also, courts have
> stated that "loss of future profits may be recovered as part of a claim of
> compensatory damages in an action for tortious interference with contract."
> <u>UZ Engineered Products Co. v. Midwest Motor Supply Co., Inc.</u>, 147 Ohio
> App.3d 382, 401, 770 N.E.2d 1068, 2001-Ohio-8779, citing <u>Premix, Inc. v.
> Zappitelli</u> (N.D.Ohio, 1983), 561 F.Supp. 269, 278. This proposition of law
> should equally apply to intentional interference with business relations, as

both causes of action are similar. See RESTATEMENT OF THE LAW 2D, TORTS (1977), Sections 766, 766A, 766B (dealing with both causes of action). See, also, <u>Kenneth J. Majcen & Associates, Inc. v. Phoenix Associates, Inc.</u>, 8th Dist. No. 76454, 2001-Ohio-4121 (discussing intentional interference with contact and intentional interference with business relations as in the Restatement). Thus, lost future wages and damages for mental anguish are available under compensatory damages. Consequently, appellants' argument that the compensatory damages are to be confined only to wages lost during the alleged one-year contract period fails.

<u>Julian v. Creekside Health Center</u>, 2004 WL 1376214 (Ohio App. 2004) (Slip Copy), appeal denied, 816 N.E.2d 1080 (Ohio 2004).

Because back pay and front pay are damages awardable under Ohio law for Plaintiff's successful claim against Defendant Balzano, the Court should grant Plaintiff's motion for a hearing to determine such damages. Defendants have waived any argument to the contrary.[1]

**2.    The Court's agreement to compute lost wages damages outside of the jury's consideration encompassed all of Plaintiff's claims, including the one at issue here.**

Defendant Balzano already agrees that "[a]t no point did the parties discuss the issue of back pay as it related to Plaintiff's claim for intentional interference with an employment relationship against… Balzano, because there was simply no reason to discuss this as a separate damage, apart from compensatory damages, under a state law tort claim." Both parties subject to the present motion, then, agree that there was no reason to differentiate between instructions on compensatory damages for any of Plaintiff's claims.

---

[1] Defendant's further argument regarding 'additur' is simply inapplicable here, which is probably why he devotes only one sentence to the idea. Plaintiff is not asking to increase the jury's award. Instead, she only requests that the Court fulfill its agreement to compute lost wages damages outside of the jury's consideration, a proposition to which all parties agreed prior to the charging of the jury.

There was, however, *good* reason for the Court to *not* submit a lost wages instruction to the jury on any claim. If the jury had been charged with an instruction on back and/or front pay on any or all of the claims, and Plaintiff had prevailed on more than one claim, the Court would have faced the real possibility of being able to unable to determine if the jury's compensatory damage awards as to *each* claim included lost wages; i.e., Plaintiff might have received double or even triple compensation for lost wages. Since this would have been impermissible, the Court's action of withdrawing the issue from the jury's consideration altogether ensured that this problem would not arise.

In this case, as to damages, the Court instructed the jury:

> In determining the amount of any damages that you decide to award, you should be guided by common sense. You must use sound judgment in fixing an award of damages, drawing reasonable inferences from the facts in evidence. You may not award damages based on sympathy, speculation, or guess work. On the other hand, the law does not require that Plaintiff prove the amount of Plaintiff's losses with mathematical precision, but only with as much definiteness and accuracy as circumstances permit. <u>Jury Instructions</u>, p. 12.

This Court further instructed;

> If you find a Defendant liable to Plaintiff under any of these instructions, then you must determine an amount that is fair compensation for each of Plaintiff's damages. You may award compensatory damages only for injuries that Plaintiff proves were caused by each Defendant's allegedly wrongful conduct. The damages that you award must be fair compensation – no more and no less. You may award damages for any pain, suffering, mental anguish, embarrassment or humiliation that Plaintiff experienced as a consequence of each Defendant's conduct. No evidence of the monetary value of such intangible things as pain and suffering, embarrassment and humiliation has been or need be introduced into evidence. There is no exact standard for fixing the compensation to be awarded for these elements of damage. Any award you make should be fair in light of the evidence presented at trial.
> In determining the amount of any damages that you decide to award, you should be guided by common sense. You must use sound judgment in fixing an award of damages, drawing reasonable inferences from the facts in evidence. You may not award damages based on sympathy, speculation or guesswork. On the other hand, the law does not require that Plaintiff prove the amount of her losses with mathematical precision, but only with as much definiteness and accuracy

as circumstances permit.  <u>Jury Instructions</u>, p. 13.

The Court will immediately note, of course, that the instructions say nothing about 'back pay,' 'front pay,' or 'lost wages.'  As has already been discussed, this was because the Court determined that it would calculate lost wages if the jury found in favor of Plaintiff – which, as to this claim, it did.

Defendant cites to one portion of the trial transcript, at which counsel for Plaintiff gives one case citation regarding back pay and equitable remedies by a court.  Transcript of Trial at 1323-24.  Defendant makes no attempt to respond to the two portions of the transcript to which Plaintiff cites in her motion, and has waived the opportunity.  Defendant's lone cite does not support his contention, nor can he distort the record to support his argument.  The parties never made a distinction between compensatory damage instructions for any of Plaintiff's three claims, as Defendant himself points out, and there was no reason to.  Because of this, Plaintiff's motion for a hearing on the issue of determining back pay and front pay should be granted.

**3.    Conclusion.**

For all the reasons discussed above, Plaintiff Mary Lentz respectfully requests that the Court grant Plaintiff's Motion for Hearing on Back Pay and Front Pay Damages.

Respectfully Submitted,

<u>s/[Michael K. Sutherlin]</u>
Michael K. Sutherlin
Attorney for Plaintiff

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on July 22, 2005, a copy of the foregoing was filed electronically.

Notice of this filing will be sent to the following parties by operation of the Court's electronic

filing system.  Parties may access this filing through the Court's system.

Deborah S. Adams
Jack B. Harrison
FROST BROWN TODD, LLC
2200 PNC Center
201 East Fifth Street
Cincinnati, OH 45202
dadams@fbtlaw.com
jharrison@fbtlaw.com

<u>s/[Michael K. Sutherlin]</u>
Michael K. Sutherlin
Attorney for Plaintiff

MICHAEL K. SUTHERLIN & ASSOCIATES
P.O. Box 441095
Indianapolis, IN 46244-1095
Phone: (317) 634-6313
Fax: (317) 631-8818
msutherlin@michaelsutherlin.com