**Exhibit A**
**Title VII Gender Discrimination Jury Instruction**

It is unlawful for an employer to intentionally discharge any person because of such person's sex.

The first step in proving a gender discrimination claim is that Plaintiff must establish a *prima facie* case. To establish a *prima facie* case of gender discrimination, Plaintiff must prove each of the following elements by a preponderance of the evidence:

1. she is a female;
2. she was qualified for the position;
3. despite her qualifications and employment, she was terminated; and
4. she was treated differently from similarly situated male employees.

If Plaintiff has not established these elements by a preponderance of the evidence, then your verdict must be for Defendant CIC and you need go no further in your analysis.

If you find that Plaintiff has established a *prima facie* case, then your inquiry continues. Once Plaintiff establishes a *prima facie* case, Defendant CIC must then articulate a legitimate, nondiscriminatory reason for its employment decision. The Defendant's burden is simply to state a legitimate reason, it need not prove to you that it was a good reason.

If the Defendant states such a reason, then Plaintiff may still prevail on her gender discrimination claim, however, in order to prevail, Plaintiff must prove by a preponderance of the evidence that the Defendant's stated reason is only a pretext, and that in fact her gender was a determining factor in the decision.

A "pretext" is a fictitious reason or motive advanced to conceal the real one. A plaintiff can prove pretext by showing the proffered reason (1) had no basis in fact, (2) did not actually motivate the decision to discharge Plaintiff, or (3) that the reasons were insufficient to motivate discharge.

To be deemed similarly situated, the individual with whom Plaintiff seeks to compare herself must have been subject to the same standards and have engaged in the same conduct without such differentiating or mitigating circumstances that would distinguish their conduct and the Defendant CIC's treatment of it.

Defendant CIC proffered reason for terminating Plaintiff is that based on its investigation, it believed that Plaintiff took funds belonging to Defendant CIC and deposited them in her checking account. In order to prevail on her gender discrimination claim, Plaintiff must prove that Defendant CIC did not honestly believe this reason at the time it discharged her. The law does not require

that Defendant CIC's investigation that led to Plaintiff's discharge be perfect, nor does it require that the investigation leave no stone unturned.

Plaintiff is not required to prove that Plaintiff's sex was the sole motivation or even the primary motivation for Defendant CIC's decision. Plaintiff need only prove that sex played a motivating part in Defendant CIC's decision even though other factors also may have motivated Defendant CIC.

Your task is to determine whether the Defendant CIC discriminated against the Plaintiff. You are not to substitute your judgment for the Defendant CIC's business judgment or decide this case based upon what you would have done.

An employer may exercise its own business judgment in making its own employment decisions as it sees fit, so long as it does not act from improper motives. The Defendant CIC was permitted to terminate Plaintiff for any reason, as long as that reason was not discriminatory. The Defendant CIC may be wrong in the way it treated Plaintiff so long as it did not intentionally discriminate on the basis of gender.

However, in determining whether Defendant CIC's stated reasons for its actions were a "pretext" for discrimination, you may consider the reasonableness or lack of reasonableness of Defendant's stated business judgment along with all of the other evidence in determining whether the Defendant discriminated against the Plaintiff. "Pretext" is not established merely because you disagree with the business judgment of the Defendant, unless you find that the Defendant's reasons were a pretext for discrimination.

You heard testimony that Mark Huller, the person who hired Plaintiff, was also the person who discharged her.

Where the individual who hires a person is the same person who then fires the employee, there is an inference that discrimination did not motivate the decision to discharge her. You may, but are not required to, infer from this evidence that Mr. Huller's decision to terminate Plaintiff's employment was not motivated by her gender.