UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

Mary E. Lentz,

    Plaintiff,

v.                                   Case No. 1:01cv599

Cincinnati Ins. Co., et al.,        Judge Michael H. Watson

    Defendants.

## OPINION AND ORDER

This matter is before the Court upon Plaintiff's Motion for Hearing on Back Pay and Front Pay Damages. (Doc. 167) Defendant David Balzano has filed a Response in Opposition (Doc. 170) and Plaintiff filed a Reply (Doc. 173).

The trial of this matter began on June 6, 2005 and concluded on June 23, 2005. The jury returned a verdict for Plaintiff on her claim of intentional interference against Balzano, but awarded $0 in damages. Plaintiff argues that at trial, counsel agreed that the issue of back pay and front pay would be an issue submitted to the Court.

Upon reviewing the trial transcript, the Court finds that the Court's references to the determination of the issue of back pay and front pay were related to Plaintiff's Title VII claim against Defendant Cincinnati Insurance Company ("CIC"). (Tr. 1323-24, 1328-29) During the discussion of the issue at the charge conference, counsel for Plaintiff suggested that the case *Moore v. Sun Oil Co. of Pennsylvania*, 636 F.2d 154 (6th Cir. 1980) stands for the proposition that it would be for the Court to determine whether Plaintiff was entitled to back pay. (Tr. 1324) The Court notes that this case

does so hold, but the Court also notes that the plaintiff's claim in *Moore* was one of employment discrimination under 42 U.S.C. § 1981. Therefore, it was clear to Plaintiff's counsel that the issue of back and front pay related solely to Plaintiff's discrimination claim against CIC.

Moreover, the Court finds the Plaintiff's claim that the Court agreed to determine back pay and front pay damages on Plaintiff's intentional interference claim particularly especially disingenuous in light of Plaintiff's proposed instructions. Plaintiff's Proposed Jury Instruction No. 7 stated:

> If you find that Defendant CIC discriminated against Plaintiff Mary Lentz, then you must determine an amount that is fair compensation for Plaintiff's damages. You may award compensatory damages for injuries caused by Defendant CIC's wrongful conduct. In calculating damages, you should not consider the issue of lost wages and benefits, as these damages are, by law, ascertained by the judge in this case.

In contrast, Plaintiff's Proposed Jury Instruction No. 15 stated:

> If you find by a preponderance of the evidence that Ms. Lenz has proven . . . her claim for intentional interference with a business relationship, then you must determine the amount of compensatory damages to which she is entitled.
>
> In determining compensatory damages, you should consider any pain, suffering, personal humiliation, loss of reputation, or other tangible or intangible losses you determine Ms. Lenz has shown. . . .

Again, based on Plaintiff's proposed instructions, it is clear that back and front pay were a part of the calculation of damages under Plaintiff's Title VII claim, not Plaintiff's intentional interference claim.

In addition, Plaintiff did not object to the Court's instructions on damages, which did not make a specific reference to back or front pay.[1] The law of the Sixth Circuit generally requires a formal objection, which should in most circumstances be made both before and after the jury instructions are read to the jury. *Woodbridge v. Dahlberg*, 954 F.2d 1231, 1237 (6th Cir. 1992).

Moreover, the Court is unable to locate, and Plaintiff does not cite, any caselaw standing for the proposition that back pay and front pay could be properly awarded under the circumstances of this case. Back pay and front pay are equitable remedies available under Title VII which have the goal of making persons whole for injuries suffered on account of unlawful employment discrimination. *Gutzwiller v. Fenik*, 860 F.2d 1317, 1333 (6th Cir. 1988). Courts generally award front pay when reinstatement is inappropriate or infeasible. *Schwartz v. Gregori*, 45 F.3d 1017, 1022 (6th Cir.), *cert. denied*, 516 U.S. 819 (1995). Therefore, the issue of front pay is distinguishable from the issue of lost future wages discussed in the case cited by Plaintiff, *Julian v.*

---

[1]The Court's instruction on damages, in pertinent part, was as follows:

If you find a Defendant liable to Plaintiff under any of these Instructions, then you must determine an amount that is fair compensation for each of Plaintiff's damages. You may award compensatory damages only for injuries that Plaintiff proves were caused by each Defendant's allegedly wrongful conduct.

The damages that you award must be fair compensation - no more and no less.

You may award damages for any pain, suffering, mental anguish, embarrassment or humiliation that Plaintiff experienced as a consequence of each Defendant's conduct. No evidence of the monetary value of such intangible things as pain and suffering, embarrassment and humiliation has been or need be introduced into evidence. There is no exact standard for fixing the compensation to be awarded for these elements of damage. Any award you make should be fair in light of the evidence presented at trial.

(Doc. 159, at 13) The Court rejects Plaintiff's argument that the Court did not did not charge on back and front pay to eliminate any confusion in allocating damages if Plaintiff prevailed on more than one claim. The form of the Special Interrogatories would have prevented this from occuring.

*Creekside Health Center*, 2004 WL 1376214 (Ohio Ct. App. 2004) (unpublished).[2]

Accordingly, the Court finds that these remedies would not have been available against Defendant's Balzano, who was nominally a supervisor but not Plantiff's employer.

Based on the foregoing, Plaintiff's Motion for Hearing on Back Pay and Front Pay Damages (Doc. 167) is hereby **DENIED**.

**IT IS SO ORDERED.**

_____
Michael H. Watson, Judge
United States District Court

---

[2] The Court notes that this case involved an employment contract and a claim for intentional interference with a contact. In contrast, Plaintiff was an at-will employee and has brought a claim for intentional interference with a business relationship.